Exhibit 4.2

## RESTRUCTURING TRANSACTIONS

1. Immediately following Confirmation, 145 acres of real property located in Louisiana and the rights as a lessor under a lease agreement pursuant to which such real property is leased to the Defense National Stockpile Center for the storage of bauxite in return for $50,800 per year will be transferred by KACC to Kaiser Trading. On the Effective Date, KACC will transfer the shares of Reorganized Kaiser Trading to the PI Trusts as provided in the Plan.

2. On the Effective Date, the following inactive Debtor subsidiaries will be consolidated as follows:

    (a) Kaiser Sierra Micromills, LLC and Kaiser Texas Sierra Micromills, LLC will be merged with and into Kaiser Micromill Holdings, LLC ("KMH"); and

    (b) Kaiser Texas Micromill Holdings, LLC will be merged with and into KMH.

3. On the Effective Date, the inactive Debtor subsidiaries listed below will be merged with and into Kaiser Aluminum Properties, Inc., a Delaware corporation ("KAPI"):

    | Subsidiary: | Jurisdiction: |
    | --- | --- |
    | Kaiser Export Company | California |
    | Oxnard Forge Die Company, Inc. | California |
    | Kaiser Center, Inc. | California |
    | Akron Holding Corporation | Ohio |
    | Alwis Leasing, LLC | Texas |
    | Kaiser Aluminum Technical Services, Inc. | California |
    | KMH | Delaware |

    On the Effective Date, following the merger described immediately above, (a) Kaiser Aluminum Russia, Inc., a Delaware corporation which will become a subsidiary of KAPI after Kaiser Aluminum Technical Services, Inc. is merged into KAPI, will be merged with and into KAPI, (b) Kaiser Center Properties, a California general partnership, will be dissolved in accordance with California law, and (c) KAPI will be merged with and into KACC pursuant to a short-form merger in accordance with Delaware law.

4. The following entities will be formed effective as of the Effective Date:

    | Subsidiary: | Jurisdiction: | Sole Member/Stockholder: |
    | --- | --- | --- |
    | New Kaiser Intermediate Holdco* | Delaware | KAC |
    | New Kaiser FP LLC* | Delaware | KACC |
    | New Kaiser Remainder LLC* | Delaware | New Kaiser Intermediate Holdco |

    *This is a description rather than the legal name of the entity, which has yet to be determined.

5. On the Effective Date, in exchange for the sole member interest in New Kaiser FP LLC, KACC will contribute the following assets to New Kaiser FP LLC:

    (a) 100% of the shares of Kaiser Bellwood Corporation;

    (b) All assets related to plants in the following locations:

    (i) Spokane, Washington (including Mead Parcel 6);
    (ii) Chandler, Arizona;
    (iii) Greenwood, South Carolina (two plants);
    (iv) Jackson, Tennessee;

Exhibit 4.2 - Page 1 of 32

        (v)      Los Angeles, California;
        (vi)     Newark, Ohio;
        (vii)    Richland, Washington;
        (viii)   Sherman, Texas (data facility);
        (ix)     Tulsa, Oklahoma;
        (x)      Kaiser Alutek, Spokane, Washington; and
        (xi)     Bridgeview, Illinois (warehouse and distribution facility); and

    (c)    All assets relating to corporate and sales offices located in Atlanta, Georgia; Foothill Ranch, California; San Ramon, California; Southfield, Michigan; Baton Rouge, Louisiana; and other locations.

6.     On the Effective Date, Kaiser Bellwood Corporation will be merged with and into New Kaiser FP LLC.

7.     Prior to the Effective Date, Texada Mines Ltd. ("Texada") and Refractories Engineering & Supplies Limited ("RE") will emigrate to Ontario. Effective as of the Effective Date, the following Canadian subsidiaries will be consolidated as follows:

    (a)    Kaiser Aluminum & Chemical Investment, Inc. will transfer to KACC (i) its 17.4% interest in KACOCL and (ii) its 86.95% preferred interest in Kaiser Aluminum & Chemical Canada Investment Limited ("KACCIL");

    (b)    Kaiser Aluminum & Chemical Investment, Inc. will dissolve;

    (c)    KACC will transfer to Texada (i) its 17.4% interest in KACOCL, (ii) its 86.95% preferred interest in KACCIL, (iii) its 100% common interest in KACCIL, and (iv) its 100% interest in RE;

    (d)    Texada will transfer to KACCIL (i) its 17.4% interest in KACOCL and (ii) 100% interest in RE;

    (e)    KACCIL will transfer to KACOCL its 100% interest in RE;

    (f)    As a result of the transactions contemplated in clauses (a) – (e) above, RE will be wholly-owned by KACOCL, KACOCL will be wholly-owned by KACCIL, KACCIL will be wholly-owned by Texada and Texada will be wholly-owned by KACC; and

    (g)    Texada, KACCIL, KACOCL and RE will be amalgamated, forming New Kaiser Canada.*

*This is a description rather than the legal name of the entity, which has yet to be determined.

8.     On the Effective Date, KACC will transfer all equity interests in the following entities to New Kaiser Intermediate Holdco:

    (a)    New Kaiser FP LLC;

    (b)    Anglesey Aluminium Limited;

    (c)    Trochus Insurance Company;

    (d)    Kaiser Aluminium International, Inc.; and

    (e)    New Kaiser Canada.

9.     On the Effective Date, KACC will merge with and into New Kaiser Remainder LLC, with New Kaiser Remainder LLC emerging as the surviving entity, and Reorganized KAC and New Kaiser Remainder LLC will enter into a funding agreement pursuant to which Reorganized KAC will, upon New Kaiser Remainder

Exhibit 4.2 - Page 2 of 32

~~LLC's request, advance cash to New Kaiser Remainder LLC; *provided, however*, that (1) New Kaiser Remainder LLC will only be entitled to advances of cash if such cash is to be used to satisfy environmental and maintenance costs incurred in connection with (a) the properties expected to be owned by New Kaiser Remainder LLC and located at Baltimore, Maryland; Cantrell, Illinois; Cranbury, Illinois; Heglar Kronquist, Washington; Oconee, Illinois; Ohiopyle, Pennsylvania; Prior, Oklahoma; Ravenswood, West Virginia; Sydney, Nova Scotia; Timmonsville, South Carolina; and Tulsa, Oklahoma or (b) the properties previously owned by KACC and located at Anderson, South Carolina; and Erie, Pennsylvania and (2) Reorganized KAC will not be required to make advances in excess of an amount (the "Funding Amount") equal to the sum of (a) 125% of (i) the net present value as of the Effective Date (calculated using a 7% discount rate) of such environmental and maintenance costs for the 30-year period commencing on the Effective Date (as reasonably estimated and determined by the Debtors in good faith), minus (ii) the net present value as of the Effective Date (calculated using a 7% discount rate) of rental and other income and sale proceeds to be received by New Kaiser Remainder LLC during the same period (as reasonably estimated and determined by the Debtors in good faith) and (b) any rental and other income or sale proceeds transferred by New Kaiser Remainder LLC to Reorganized KAC following the Effective Date. It is the intent of the Debtors that New Kaiser Remainder LLC not be required to incur legal fees and or other expenses associated with the interpretation, enforcement or defense of New Kaiser Remainder LLC's rights under the funding agreement by litigation or otherwise because the cost and expense thereof would substantially detract from the benefits intended to be extended to New Kaiser Remainder LLC thereunder; accordingly, if it should appear to New Kaiser Remainder LLC that Reorganized KAC has failed to comply with any of its obligations under the funding agreement or in the event that the Reorganized KAC or any other person takes or threatens to take any action to declare the funding agreement void or unenforceable, or institutes any litigation or other action or proceeding designed to deny, or to recover from, New Kaiser Remainder LLC the benefits provided or intended to be provided to New Kaiser Remainder LLC thereunder, New Kaiser Remainder LLC will be authorized from time to time to retain counsel of New Kaiser Remainder LLC's choice, at the expense of Reorganized KAC (with Reorganized KAC's obligation in respect of such legal costs being separate and distinct from its funding obligations described above), to advise and represent New Kaiser Remainder LLC in connection with any such interpretation, enforcement or defense, including without limitation the initiation or defense of any litigation or other legal action in any jurisdiction. The Funding Amount as of the Effective Date will be set forth in a filing with the Bankruptcy Court at least 15 days prior to the deadline for filing objections to Confirmation of the Plan.~~

10.

Exhibit 4.2 - Page 3 of ~~3~~2