IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>KAISER ALUMINUM CORP., et al.<br><br>Debtors. | Bankruptcy Case 02-10429 (JKF) |
| IN RE:<br><br>KAISER ALUMINUM CORP., et al.<br><br>Debtors. | Misc. Case No. 06-041 JJF |

**JOINT REPLY OF DEBTORS AND DEBTORS IN POSSESSION AND
THEIR PRINCIPAL CREDITOR CONSTITUENCIES TO JOINT RESPONSE OF
CERTAIN INSURERS TO JOINT MOTION FOR CONSOLIDATION OF APPEALS,
FOR WAIVER OF MEDIATION REQUIREMENT AND FOR AN EXPEDITED
HEARING ON CONFIRMATION FINDINGS AND CONFIRMATION ORDER**

The Reorganizing Debtors,[1] the Creditors' Committee, the Asbestos Committee, the Retirees' Committee, and the Legal Representatives hereby reply to the Joint Response of Certain Insurers to the Joint Motion of Debtors and Debtors in Possession and their Principal Creditor Constituencies for Consolidation of Appeals, for Waiver of Mediation Requirement and for an Expedited Hearing on Confirmation Findings and Confirmation Order (the "Joint Response"). In support hereof, the Reorganizing Debtors, the Creditors' Committee, the Retirees' Committee, the Asbestos Committee and the Legal Representatives (collectively, the "Plan Proponents") respectfully represent as follows:

### The Insurers' Joint Response Should Be Overruled

In the Joint Response, the Insurers assert that the Appeals and the Requests "can and should be addressed expeditiously and efficiently" and that they "are willing to agree to a

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan Proponents' Joint Motion for Consolidation of Appeals, for Waiver of Mediation

reasonable shortening" of the normal 40-day schedule for briefing. (Joint Response at 9, 13-14.) Yet the Insurers propose no expedited briefing schedule in the Joint Response nor do they even set forth any parameters for a schedule they would deem reasonable. In addition, the Insurers have failed to respond to requests by the Reorganizing Debtors' counsel that the Insurers propose an expedited briefing schedule for consideration by the Plan Proponents.

        Prior to filing the Joint Motion, counsel for the Reorganizing Debtors, as required by D. Del. LR. 7.1.1, conferred with counsel for the Columbia Insurers regarding the relief requested in the Joint Motion. Following a group conference call among the Insurers that afternoon, the Insurers informed the Reorganizing Debtors that the Insurers did not oppose consolidation of the Appeals but opposed foregoing further briefing. Although counsel for the Columbia Insurers indicated a willingness to agree to an expedited briefing schedule, he advised he was not authorized to make a proposal on behalf of the Insurers. After the Joint Motion was filed, counsel for the Reorganizing Debtors followed up with counsel for the Columbia Insurers again about an expedited briefing schedule. Counsel for the Columbia Insurers indicated that all the Insurers were having a group conference call later in the day and would respond thereafter to the Reorganizing Debtors. The Reorganizing Debtors heard nothing from the Insurers until the Joint Response was filed. The day after the Joint Response was filed, the Reorganizing Debtors again reached out to the Insurers regarding what the Insurers would deem to be a "reasonable" briefing schedule. The Insurers have yet to respond. The Insurers' failure to offer any schedule at all to permit the single legal issue that is before this Court to be addressed "expeditiously and

---

(continued...)
    Requirement and for an Expedited Hearing on Confirmation Findings and Confirmation Order (the "Joint Motion").

efficiently" belies their assertions that they are interested in having the Court rule on the matter "in a relatively short period of time." (Joint Response at 13.)

Furthermore, the Insurers' argument that further briefing is critical because the one legal issue before the Court "raises a matter of first impression in this Circuit" and the Insurers need to address the undisclosed "important colloquy" between the Bankruptcy Court and the Insurers at the confirmation hearing is baseless. (Joint Response at 11, 12.) First, contrary to the Insurers' contentions, the Third Circuit in Combustion Engineering, 391 F.3d 190 (3d Cir. 2005), answered the very question now before the Court.[2] Although the Insurers argue that the Third Circuit in Combustion Engineering merely "affirmed the settled principle that an interest of the debtor in property (namely, a debtor's interest in the proceeds of its insurance policies) is property of the debtor's estate within the meaning of Section 541(c)(1), regardless of any contractual anti-assignment provision," (Joint Response at 11), the Insurers' proposed reading of the opinion is absurd.[3] The issue before the Third Circuit in Combustion Engineering was not

---

[2] In Combustion Engineering, certain of the debtor's insurers appealed the order confirming the plan on the basis that the transfer under the plan impaired the insurers' rights under the anti-assignment provisions of their policies. 391 F.3d at 218. The Third Circuit rejected this argument and found that "even if the subject insurance policies purported to prohibit assignment of [the debtor's] insurance proceeds, these provisions would not prevent assignment of proceeds to the bankruptcy estate." Id. at 218. The Third Circuit explained that "[p]ut simply, § 541 prohibits restrictions on the interests of the debtor, which includes the insurance policies held by [the debtor]," and with respect to property of the estate, section 1123(a)(5)(B) expressly contemplates that the debtor's interest in the policies may be assigned to a trust or other "entity". Id. at 219 n.27.

[3] Citing In re Pacific Gas & Elec. Corp., 350 F.3d 932 (9th Cir. 2003), the Insurers also suggest that the one Court of Appeals to address the issue agrees with the Insurers. (Joint Response at 5.) The Ninth Circuit in Pacific Gas & Electric, however, was not addressing the transfer of rights to insurance proceeds, but rather the disaggregation of PG&E into four separate entities in direct violation of the California Public Utilities Code and the wholesale preemption of all state utility regulations. More importantly, the Ninth Circuit's narrow construction of section 1123(a)(5) to avoid a potentially problematic outcome from a state regulatory standpoint conflicts with the Third Circuit's holding in Combustion Engineering and the holdings of every other court that has considered the

whether the debtor's insurance rights became property of the estate notwithstanding the anti-assignment provisions in the policies. Rather, the issue contested by the parties in the case was the same issue as now before the Court — whether the transfer of the right to insurance proceeds by the estate to the section 524(g) trust is permissible notwithstanding the anti-assignment provisions in the policies.

Although the Insurers comprehensively briefed the 1123(a) preemption issue in the Bankruptcy Court, they also argue that additional briefing is necessary because now the Insurers "know the substance of, and the assumptions supporting, the Bankruptcy Court's rulings" and they need to address the "important colloquy between the Bankruptcy Court and the representative of the insurers which illuminate the Bankruptcy Court's legally-flawed reasoning supporting its Confirmation Findings." (Joint Response at 12.) The Bankruptcy Court's ruling at issue in the Appeals, however, is limited to a one-sentence legal conclusion: "Section 1123(a)(5) of the Bankruptcy Code expressly permits the transfer of the Reorganizing Debtors' rights to proceeds from the Included PI Trust Insurance Assets under the Plan and preempts any anti-assigment provisions of the Included PI Trust Insurance Assets." (Confirmation Findings, Section II.G.1 at 45.) Because this conclusion is purely legal, it is reviewed *de novo*, and

---

(continued...)
        issue. See, e.g. Combustion Eng'g, 391 F.3d at 219 n.27 (interpreting section 1123(a)(5) without limiting "applicable nonbankruptcy law" to laws relating to financial condition); Universal Cooperatives, Inc. v. FCX, Inc., 853 F.2d 1149, 1154 (4th Cir. 1988) (same); In re Entz-White Lumber & Supply, Inc., 850 F.2d 1338, 1341 (9th Cir. 1988) (same); In re Western Asbestos Co., 313 B.R. 456, 462 (Bankr. N.D. Cal. 2004) (same); In re Babcock Opinion Case No. 00-10992 at 39-40 (Bankr. E.D. La. Nov. 9, 2004) (disagreeing with Ninth Circuit's analysis in Pacific Gas); see also Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18 (1993)(citing FCX with approval regarding its interpretation of section 1123(a)(5) as "supersed[ing] all other laws"). Thus, notwithstanding the Insurers' contentions to the contrary, this Court would not "create new law with far-reaching consequences" if it affirms the ruling of the Bankruptcy Court. (Joint Response at 5-6.)

irrespective of the Bankruptcy Court's statements at the confirmation hearing or any "colloquy" that occurred, this Court must make an independent determination that the legal conclusion is correct. The correctness of the legal conclusion is not dependent upon the Bankruptcy Court's statements at the confirmation hearing or its interaction with the Insurers' representatives. Moreover, the Insurers fail to even set out or summarize the colloquy they suggest is so important. In point of fact, the Bankruptcy Court's reasoning at the confirmation hearing was principally that the issue had been addressed by the Third Circuit in <u>Combustion Engineering</u> and that section "1123(a)(5)(B) is clear that estate property can be transferred in whole or in part to one or more entities, whether organized before or after confirmation of the plan." (Tr. of January 9, 2006 at 82-85.)

Lastly, in an effort to support their contentions that further briefing should be permitted, the Insurers incorrectly assert that "consummation of the Plan is not dependent upon a resolution of [the preemption] issue anytime soon." (Joint Response at 13.) The Insurers could not be more wrong. As the Insurers well know, until this Court issues or affirms the Confirmation Order, as required by section 524(g)(3)(A) of the Bankruptcy Code, the Reorganizing Debtors cannot consummate the Plan.

### Conclusion

Given the Insurers' refusal to even propose a briefing schedule notwithstanding the narrow legal conclusion at issue and the substantial passage of time that has already occurred, the Plan Proponents respectfully request that the Court overrule the Joint Response and set a hearing to consider oral argument as requested in the Joint Motion.

Dated: March 29, 2006
       Wilmington, Delaware

*/s/ Lisa Beckerman w/p KDN*
William P. Bowden (DE 2553)
Gregory A. Taylor (DE 4008)
ASHBY & GEDDES
222 Delaware Avenue
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-1067

-and-

Lisa Beckerman
AKIN GUMP STRAUSS HAUER & FELD
590 Madison Avenue
New York, New York 10022
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Brian A. Kilmer
AKIN GUMP STRAUSS HAUER & FELD
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED
CREDITORS

*/s/ Peter Van N. Lockwood w/p KDN*
Marla R. Eskin (DE 2989)
Mark T. Hurford (DE 3299)
CAMPBELL & LEVINE
800 King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 426-1900
Facsimile: (302) 426-9947

-and-

Elihu Inselbuch

Respectfully submitted,

*/s/ Kimberly D. Newmarch*
Daniel J. DeFranceschi (DE 2732)
Kimberly D. Newmarch (DE 4340)
Jason M. Madron (DE 4431)
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Gregory M. Gordon
Daniel P. Winikka
Eric N. McKay
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

*/s/ Frederick D. Holden w/p KDN*
Laurie Schenker Polleck (No. 4300)
JASPAN SCHLESINGER HOFFMAN
913 Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 351-8000
Facsimile: (302) 351-8010

-and-

Frederick D. Holden
ORRICK, HERRINGTON & SUTCLIFFE

| | |
|---|---|
| CAPLIN & DRYSDALE, CHARTERED<br>399 Park Avenue<br>New York, NY 10022<br>Telephone: (212) 319-7125<br>Facsimile: (212) 644-6755<br><br>-and-<br><br>Peter Van N. Lockwood<br>CAPLIN & DRYSDALE, CHARTERED<br><br>One Thomas Circle, N.W.<br>Washington, DC 20005<br>Telephone: (202) 862-5000<br>Facsimile: (202) 429-3301<br><br>ATTORNEYS FOR OFFICIAL<br>COMMITTEE OF ASBESTOS CLAIMANTS | The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700<br>Facsimile: (415) 773-5759<br><br>COUNSEL TO THE OFFICIAL<br>COMMITTEE OF RETIRED<br>SALARIED EMPLOYEES |

*Sharon M. Zieg* w/p KDN
James L. Patton Jr. (DE 2202)
Edwin J. Harron (DE 3396)
Sharon M. Zieg (DE 4196)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

COUNSEL TO MARTIN J. MURPHY, THE
LEGAL REPRESENTATIVE FOR FUTURE
ASBESTOS CLAIMANTS

*Peter C. D'Apice* w/p KDN
Daniel K. Hogan (DE 2814)
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599

-and-

Sander L. Esserman
Steven A. Felsenthal
Peter C. D'Apice
STUTZMAN, BROMBERG, ESSERMAN &
PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

COUNSEL FOR THE FUTURE SILICA
CLAIMANTS' REPRESENTATIVE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE
CASE NO. 06-41(JJF)

I hereby certify that on , I electronically filed the **Joint Reply of Debtors and Debtors in Possession and Their Principal Creditor Constituencies to Joint Response of Certain Insurers to Joint Motion for Consolidation of Appeals, for Waiver of Mediation Requirement and for an Expedited Hearing on Confirmation Findings and Confirmation Order** with the Clerk of Court using CM/ECF which will send notifications of such filing to the following:

Kimberly D. Newmarch
newmarch@rlf.com
rbgroup@rlf.com

I hereby certify that on March 29, 2006, I served a copy of the **Joint Reply of Debtors and Debtors in Possession and Their Principal Creditor Constituencies to Joint Response of Certain Insurers to Joint Motion for Consolidation of Appeals, for Waiver of Mediation Requirement and for an Expedited Hearing on Confirmation Findings and Confirmation Order** on the following non-registered participants, as indicated below:

**Via Hand Delivery**

William P. Bowden
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Laurie Schenker Polleck
Jaspan Schlesinger Hoffman LLP
913 North Market Street
12th Floor
Wilmington, DE 19801

Daniel J. DeFranceschi
Kimberly D. Newmarch
Jason M. Madron
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, DE 19801 USA
defranceschi@rlf.com
newmarch@rlf.com
madron@rlf.com

Daniel K. Hogan
1311 Delaware Avenue
Wilmington, DE 19806
dkhogan@dkhogan.com

RLF1-2997389-1

Mark T. Hurford
Campbell & Levine, LLC
800 King Street, Suite 300
Wilmington, DE 19801 USA
mth@camlev.com

Sharon Zieg
Young Conaway Stargatt & Taylor
P.O. Box 391
The Brandywine Building, 1000 West St.,
17th Floor
Wilmington, DE 19801-0391 USA
szieg@ycst.com

Thomas G. Whalen, Jr.
Stevens & Lee, P.C.
1105 N. Market Street, 7th Floor
Wilmington, DE 19801
tgw@stevenslee.com

Kevin Gross
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401, P.O. Box 1070
Wilmington, Delaware 19899-1070
kgross@rmgglaw.com

Carmella P. Keener
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401, P.O. Box 1070
Wilmington, Delaware 19899-1070
CKeener@rmgglaw.com
jshipley@rmgglaw.com
rmgg@rmgglaw.com

Paul J. Dougherty, III
Gebhardt & Smith LLP
901 Market Street
Suite 451
Wilmington, Delaware 19801
pdoug@gebsmith.com

Richard William Riley
Duane Morris LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
rwriley@duanemorris.com

Richard H. Cross, Jr
Cross & Simon LLC
913 North Market Street
11th Floor
Wilmington, DE 19801
rcross@crosslaw.com

**Via First Class Mail**
Duncan J. McNeil, III
2030 W. Spofford
Spokane, WA 99260

Duncan J. McNeil
Spokane County Jail
MS. Jail CD# 293752
1100 W. Maloon
Spokane, WA 99260

_____
Kimberly D. Newmarch (DE 4340)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19810
302-651-7700
newmarch@rlf.com