IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| KAISER ALUMINUM CORP., | : | Bankruptcy Case No. 02-10429 |
| | : | (JFK) |
| Debtors. | : | |
| | : | |

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| KAISER ALUMINUM CORP., et al. | : | Misc. Case No. 06-41-JJF |
| | : | |
| Debtors. | : | |

## MEMORANDUM ORDER

Pending before the Court is an Ex Parte Motion In Support Of Notice Of Appeal (1) To Proceed IFP W/O Prepayment Of Fees; On Appeal, (2) For Electronic Filing Access To Court And For A Waiver Of Pacer Fee And Electronic Filing Fees; (3) For Appointment Of Counsel On Appeal; (4) For Copies, Record And (5) For Service Of The Summons And Complaint By The Clerk Per FRCP 4(c)(2) (D.I. 15) filed by Appellant, Duncan J. McNeil, III. Appellant has paid the filing fee for this appeal in the Bankruptcy Court, and therefore, the Court concludes that his request to proceed in forma pauperis is moot.

As for Appellant's request for access to the Court's electronic filing system and waiver of the fees associated with such access, the Court declines to grant Appellant the requested relief. Appellant is currently incarcerated and has a history of filing frivolous claims. McNeil v. Kaiser Aluminum Corp., Civil Action No. 05-574-JJF, order, at 2 (Aug. 22, 2005) (listing

cases); <u>McNeil v. Kaiser Aluminum Corp.</u>, Civil Action No. 05-574, mem. order, at 6 (Feb. 7, 2006) (noting that Appellant has been deemed a "vexatious litigant" by three other courts). In addition, the Court finds that Appellant can adequately prosecute this appeal without electronic access.

The Court also concludes that Appellant is not entitled to the appointment of counsel to prosecute this appeal. First, it is unclear whether the provisions of 28 U.S.C. § 1915(d) for the appointment of counsel apply to bankruptcy proceedings. However, even if counsel could be appointed for Appellant under this provision, the Court concludes that Appellant has not demonstrated that the appointment of counsel is warranted. Appellant has paid the filing fee to prosecute this action, and Appellant has demonstrated the ability to present his claims in a comprehensible manner.

As for Appellant's request for service of process, the Court notes that Federal Rule of Civil Procedure 4(c)(2) does not apply to a bankruptcy appeal, but only to an adversary proceeding, and in any event, Appellant's appeal has been noticed. To the extent that Appellant requests copies of documents in this case, the Court has already provided Appellant with copies of the Orders issued by the Court and further requests for copies will be governed by the Clerk's Office policy which requires payment of fifty cents ($.50) per page.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. Appellant's Ex Parte Motion In Support Of Notice Of Appeal To Proceed IFP (D.I. 15-1) is **DENIED** as moot.

2. Appellant's Ex Parte Motion In Support Of Notice Of Appeal For Electronic Filing Access To Court And For A Waiver Of Pacer Fee And Electronic Filing Fees (D.I. 15-2) is **DENIED**.

3. Appellant's Ex Parte Motion In Support Of Notice Of Appeal For Appointment Of Counsel On Appeal (D.I. 15-3) is **DENIED**.

4. Appellant's Ex Parte Motion In Support Of Notice Of Appeal For Copies and Record (D.I. 15-4) is **DENIED** as moot.

5. Appellant's Ex Parte Motion In Support Of Notice Of Appeal For Service Of The Summons And Complaint By The Clerk Per FRCP 4(c)(2) (D.I. 15-5) is **DENIED**.

_April 18, 2006_
Date

_[signature]_
UNITED STATES DISTRICT JUDGE