DISTRICT COURT
U.S. ~~COURT OF APPEALS~~
FOR THE
DISTRICT OF DELEWARE

MO:
DATE: 4/13/06
F.J:

IN RE KAISER ALUM. CORP. 02-10929
~~APPELL. V. U.S.A. ET.~~

APPEAL MO:
05-CV-574
06-CV-178
06-MC-041

APPELLANT'S EX PARTE MOTION FOR RELIEF FROM/RECONSIDERATION OF CLERK'S ORDER(S) OF 3/29/06 & 4/3/06 MOTION FOR ACCESS TO THE COURT(S), IFP APPLICATION

APPELLANT BEING SWORN UPON OATH HEREBY DECLARES: THAT SINCE 12/10/04 I HAVE BEEN SUFFERING AN ON GOING AND CONTINUOUS "BOUNDS VIOLATION" OF A TOTAL AND COMPLETE DENIAL OF ADEQUATE AND MEANINGFUL ACCESS TO LEGAL ASSISTANCE AND ACCESS TO THE JAIL LAW LIBRARY/COPIER, PENS, PAPER, ENVELOPES AND OTHER RESOURCES AND ASSISTANCE, RESULTING IN ACTUAL INJURY OF THE INABILITY TO COMPLY WITH THE COURT'S RULES AND PROCEDURES, PURSUANT TO FRAP 52.59.60 AND THE APPLICABLE COURT RULES I HEREBY SEEK RELIEF FROM THE ~~COURT~~ ORDER(S)/NOTICE(S) AND A WANER OR SUSPENSION OF THE COURT'S RULES, ~~UNTIL~~, UNTIL SUCH TIME AS THE COURT ENFORCES MY 1ST AMEND. RIGHTS OF ACCESS, BY ISSUANCE OF AN ADMINISTRATIVE ORDER TO MY INSTITUTE OF INCARCERATION, COMPELLING THE GRANTING OF THE "ASSISTANCE" AND "ACCESS" AS ESTABLISHED IN BOUNDS V. SMITH, 430 U.S. 817 (1977) AND OTHER RELATED AUTHORITY. I FURTHER SEEK RELIEF FROM THE CLERK'S ORDER(S)/NOTICE(S) AS THEY VIOLATE MY FUNDAMENTAL CONSTITUTIONAL RIGHTS FOR AT LEAST THE FOLLOWING REASONS: ① THE CLERK HAS ERRONEOUSLY MADE A SUA SPONTE "3-STRIKE" FINDING OR DETERMINATION WHEN THE ISSUE IS NOT PROPERLY BEFORE THE COURT, SEE DELEON V. DOE 361 F.3d 93, AT 95 (2ND CIR. 2004); ② THE CLERK HAS ERRONEOUSLY COUNTED AS "STRIKES" CLAIMED DISMISSALS THAT ARE MATTERS THAT ARE STILL PENDING BEFORE THE USDC OR FOR WHICH A TIMELY NOA WAS FILED AND THE RIGHT TO APPEAL IS NOT EXHAUSTED, SEE CANELL V. LIGHTNER, 143 F.3d 1210, 9TH CIR. 1878); ③ THE FUNDAMENTAL CONSTITUTIONAL RIGHT OF ACCESS, IN THIS APPEAL, W/O NOTICE OR OPPORTUNITY TO BE HEARD, ~~CONSTITUTES~~ CAUSING IRREPARABLE INJURY AND WARRANTING IMMEDIATE RELIEF BY THE COURT, SEE WALTERS V. THOMPSON, 615 F.Supp. 330, AT 341 (N.D. ILL 1985).
ACCORDINGLY APPELLANT SEEKS RECONSIDERATION AND RELIEF FROM THE CLERK'S ORDER(S)/NOTICE(S), FOR A WANER OR SUSPENSION OF RULES, TO ALLOW ALL ISSUES TO BE DETERMINED ON THE MERITS, FOR AN ADMINISTRATIVE ORDER COMPELLING APPELLANT'S "ASSISTANCE" AND "ACCESS" AT THE MIN, STANDARD ESTABLISHED IN BOUNDS, ID, FOR AN ORDER EXPEDITING THIS APPEAL(S) PURSUANT TO 28 USC § 1926 & § 1657 IN ORDER TO AVOID FURTHER IRREPARABLE INJURY AND A MANIFEST/MISJUSTICE.

PG 1 OF 40

THE "3-STRIKE" FINDINGS AND ORDERS MUST BE VACATED IN THAT THE APPELLANT WAS GIVEN NO OPPORTUNITY TO DISPUTE THE CLAIMED STRIKES, SEE EVANS V. ILL. D.O.C., 150 F.3d 810, AT 8112 (7TH CIR 1998) AND ANDREWS V. KING, 398 F.3d 1113, AT 1120. THE U.S. HAS NOT PRESENTED ANY EVIDENCE OF PRIOR DISMISSALS TO ESTABLISH A PRIMA FACIA CASE OF IFP DISQUALIFICATION, UNDER §1915(G). AS AN INDIGENT PRISONER I CAN NOT MAINTAIN FILES OR RECORDS FOR EACH PRIOR ACTION, AS MY LEGAL FILES AND RECORDS ARE ROUTINELY SEARCHED, SEIZED AND NOT RETURNED. I HAVE NO ACCESS TO PACER, I CAN NOT VISIT THE CLERK'S OFFICES, OR CALL THEM ALL OF MY REQUESTS FOR RECORDS HAVE BEEN SUMMARILY DENIED, AND AS I AM INDIGENT I HAVE NO ABILITY TO HIRE A COURT FILING SERVICE TO OBTAIN RECORDS FOR ME. MY OPPOSING LITIGANTS HAVE READY AND IMMEDIATE ACCESS TO ALL COURT RECORDS, BUT HAVE NOT PROVIDED OR PRODUCED ANY. FURTHER, THE ISSUE OF "3-STRIKES" IS NOT PROPERLY THE FORE THE COURT BY WAY OF A NOTICED MOTION BY THE OPPOSING LITIGANT, SEE DELEON, 361 F.3d AT 95, RENDERING THE SUA SPONTE "3-STRIKE" ORDERS TO BE VOID FOR A LACK OF DUE PROCESS. THE BURDEN INITIALLY IS NOT ON THE APPELLANT, SEE ANDREWS, 398 F.3d AT FN8. ONLY AFTER THE OPPOSING LITIGANT PROVIDES 3 SPECIFIC CITATIONS TO POTENTIAL STRIKES BY SUPPORTING, ADMISSABLE EVIDENCE, DOES THE BURDEN "SHIFT" TO THE APPELLANT, SEE EVANS, 150 F.3d AT 8112 AND ANDREWS, 398 F.3d AT 1120, HN[6]. BY PLEADING #A, FILED/DATED 12/15/05 (PLEA MOTION) APPELLANT HAS ESTABLISHED BY ADMISSABLE EVIDENCE, UNCONTROVERTED AT TIME, OF A PRIMA FACIA CASE OF NO COUNTABLE STRIKES. FURTHER AS THIS APPEAL RELATES TO FUNDAMENTAL CONSTITUTIONAL RIGHTS, LOSS OF LIBERTY & RETALIATORY TERMINATION OF PARENTAL RIGHTS, A FEE WAIVER IS MANDATORY, SEE M.L.B. V. S.L.J., 519 U.S. 102 (1996) AND BOODIE V. CONNECTICOT, 401 U.S. 371 (1971).

PG 2 OF 40

*[left margin, vertical]:* I DECLARE THE PENALTY OF PERJURY THAT THESE STATEMENTS TO BE TRUE AND I CERTIFY THIS WAS MAILED ON 4/17/06 UNDER

APPELLANT IN CASE NOS. 05-CV-574 AND 06-CV-178, HEREBY SEEKS RELIEF FROM THE COURT'S ORDER OF DISMISSAL IN 05-CV-574 AND THE 3/29/06 AND 4/3/06 ORDERS IN CASE NO. 06-MC-041, AND 06-CV-178, AND SEEKS CONSOLIDATION OF CASES 05-CV-574 AND 06-CV-178, AND APPELLANT HEREBY ASSERTS A COLLATERAL ATTACK ON THE "STRIKE" AND "3-STRIKE" WHICH FORM THE BASIS FOR THIS COURT'S DENIAL OF IFP STATUS PURSUANT TO §1915(9).

APPELLANT HEREBY SEEKS AN EXTENSION OF TIME, OR 30 DAYS, ALONG WITH AN ADMINISTRATIVE ORDER GRANTING APPELLANT THE NECESSARY ACCESS TO THE JAIL LAW LIBRARY, COPIER, PENS, PAPER ENVELOPES, AND OTHER LEGAL RESOURCES AS NECESSARY FOR APPELLANT TO PRESENT HIS CLAIMS,

PG 3 OF 40

TO THIS COURT. IN SUPPORT
OF THE MOTION FOR AN EXTENSION
OF TIME AND FOR AN ADMINISTRATIVE
ORDER FOR ACCESS TO THE COURT,
APPELLANT CERTIFIES THE FOLLOWING
CLAIMS.

THAT THE "STRIKE" AND "3-STRIKE"
ORDERS RELIED UPON BY THIS COURT
ARE "VOID" AND SUBJECT TO A
COLLATERAL ATTACK IN THESE ACTIONS
FOR EACH OF THE FOLLOWING REASONS:

1. IN THE UNRELATED ACTIONS WHERE
THE "STRIKE" AND "3-STRIKES" ORDERS
"AROSE," APPELLANT HAS MULTIPLE
FUNDAMENTAL INTERESTS" AT STAKE,
WHICH MANDATE THE GRANTING OF IFP,
WAIVER OF FEES AND COSTS, AS
THE APPELLANT, BY THE ACTIONS THE
"STRIKE" AND "3-STRIKE" ORDERS
AROSE IN, SEEKS TO: ① CHALLANGE
A "VOID" DIVORCE DECREE (SEE
BODDIE V. CONNECTICUT, 401 U.S. 371, AT 374
(1971)); ② CHALLANGE A "VOID" PERMANATE
RESTRAINING ORDER TERMINATING
APPELLANT'S PARENTAL RIGHTS④ (SEE
④ SEE EX. 2, (PG 40 OF 40) PROVIDING FOR ENFORCEMENT
ITEM "U", "SEPERATION CONTRACT"
AND PCW 26.09.070(6)/ PROVIDING FOR ENFORCEMENT
THEREOF AS A JUDGMENT/ PG 4 OF 40 BY THIS COURT.

M.L.B. v. S.L.J. 519 U.S. 102 (1996));
AND ③ THE TAKING OF APPELLANT'S
"LIBERTY" BY "VOID" ORDERS, PURPORTING
TO ENFORCE THE TERMINATION OF APPELLANT'S
PARENTAL RIGHTS (SEE MAYER V. CHICAGO
404 U.S. (1971)).
    2. THE "STRIKE" AND "3-STRIKES" ORDERS
WERE ENTERED IN VIOLATION OF THE
REIMPOSED AUTOMATIC STAY (11 USC§362)
AND THE DISCHARGE AND DISCHARGE
INJUNCTION. ESTABLISHED BY THE
"FOREIGN JUDGMENTS" (SEE EX.2,& PGS 38 OF 40
AND 40 OF 40, ITEMS b, d, h, i, j, k, L, ETC);
    3. THE APPELLANT HAS A "VESTED
RIGHT", IN HIS MONEY JUDGMENT AGAINST
THE DEBTOR (KAISER), ESTABLISHED BY THE
KAISER'S CONFIRMED PLAN, ALLOWING APPELLANT'S
CLAIM # 736, IN CASE NO, 02-10429, WHICH
IS PROTECTED BY THE DUE PROCESS PROTECTIONS
OF THE 5TH & 14TH AMEND, (SEE ANDREE
V. COUNTY OF NASSAU, 311 F. SUPP. 2d 325, AT
335, HEAD NOTE [15] (E.D.N.Y. 2004), AND BENJAMIN V.
JACOBSON, 124 F.3d 162, AT 176 (2D CIR 1997)
AND COUNTY OF SUFFOLK V. LONG ISLAND LIGHTING CO,
14 F. SUPP. 2d 260, AT 265, HEAD NOTE [2] (E.D. N.Y.
1998).
    I CERTIFY THAT THE MOTION/PLEADING
WAS MAILED/SERVED ON 4/13/06 BY PLACING IT
INTO THE OUTGOING INDIGENT MAIL,
    4/13/06        PG 40 OF 40

13

JUL 2 4 2004

DUNCAN J. MCNEIL
SPOKANE CO. JAIL
1100 W. MALLON
SPOKANE, WA 99260

U.S. POSTAGE
$2.07
MM 17 06
SPOKANE
PB METER
7148396

CLERK
U.S. DISTRICT COURT
844 KING STREET
LOCK BOX 18
WILMINGTON, DE 19801-3570

U.S.A.
FIRST CLASS

LEGAL MAIL

IFP MOTION (SUPPLEMENTAL)
~~ORDERS~~ AND

COLLATERAL ATTACK ON "STRIKE" ORDERS

THE JUDGMENT CREDITOR HEREBY
MAKES A COLLATERAL ATTACK ON
ALL: ① "VEXATIOUS LITIGANT" ORDERS; ②
PRE-FILING ORDERS OR ORDERS RESTRICTING
ACCESS TO THE COURTS; ③ SUA SPONTE
DISMISSAL ORDERS DECLARING A "STRIKE";
AND ④ SUA SPONTE "3-STRIKE" DISMISSAL
~~ORDERS SET~~ OR STRUCK-OUT "ORDERS"

BD scanned

APR 20 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

THE JUDGMENT CREDITOR
HAS BEEN THE VICTIM OF NUMEROUS
NON-JUDICIAL ACTS, IN A CLEAR
ABSENCE OF ALL JURISDICTION OR
CONTRARY TO ESTABLISHED STATUTE
OR CASE LAW AUTHORITY, RESULTING
IN THE UNLAWFUL ISSUANCE OF: ①
"VEXATIOUS LITIGANT" ORDERS; ② PRE-
FILING ORDERS AND/OR ORDERS RESTRICTING
(OR OTHER RESTRAINING ORDERS)
ACCESS TO THE COURTS; ③ SUA SPONTE
DISMISSAL ORDERS, DECLARING A "STRIKE"
UNDER 28 USC § 1915; AND/OR ④ SUA
SPONTE "3-STRIKE" DISMISSAL ORDERS,
OR "STRUCK-OUT" ORDERS, PURSUANT
TO 28 USC § 1915(g). ALL SUCH ORDERS
ARE HEREINAFTER ~~REFERRED~~ REFERRED TO
AS "DENIAL OF ACCESS ORDERS," OR
"DOA ORDERS"; ALL SUCH "DOA ORDERS"
ARE HEREBY COLLATERALLY ATTACKED
BY THIS MOTION/PETITION/ACTION, ARE

~~#~~ 5 OF 40

① INCLUDING ALL ORDERS, JUDGMENTS OR SENTENCES TAKING OR LIMITING
JUDGMENT CREDITOR'S LIBERTY, PROPERTY OR RESTRICTING
HIS FUNDAMENTAL RIGHTS, IN ANY WAY.

1.01 (CONT). HEREBY DECLARED TO BE "VOID AB INITIO" ORDERS OF NO FORCE AND EFFECT, AND A LEGAL NULLITY.

1.02 ALL SUCH "DOA ORDERS" WERE ENTERED IN: VIOLATION OF DUE PROCESS, W/O NOTICE OR MEANINGFULL OPPORTUNITY TO BE HEARD ON THE MERITS: ② "A CLEAR ABSENCE OF ALL JURISDICTION", BY NON-JUDICIAL ACTS; ③ IN VIOLATION OF THE TERMS OF THE "FOREIGN JUDGMENTS" (EX.2); ④ IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY (11 U.S.C. §362) ESTABLISHED BY THE "FOREIGN JUDGMENTS"; ⑤ IN VIOLATION OF THE DISCHARGE AND DISCHARGE INJUNCTION (11 U.S.C. § 524 & 11 U.S.C. §1141) ESTABLISHED BY THE "FOREIGN JUDGMENTS" (EX.2); AND/OR ⑥ ~~EXCESS OF THEI~~ A NON-JUDICIAL ACT GRANTING RELIEF IN EXCESS OF THAT PLED, OR IN EXCESS OF THAT SPECIFICALLY PRESERVED BY THE "FOREIGN JUDGMENTS" (EX.2).

1.03 THE JUDGMENT CREDITOR HEREBY ASSERTS AS DEFENSES TO THE "VOID AB INITIO"-"DOA ORDERS", THE DOCTRINES OF: ① RES JUDICATA; ② COLLATERAL ESTOPPEL; ③ ISSUE OR CLAIM PRECLUSION; AND ④ THE DEFENSE

-2

OF ABSOLUTE QUASI-JUDICIAL IMMUNITY, AND THE JUDGMENT CREDITOR, IN THIS MOTION/PETITION/ACTION AND COLLATERAL ATTACK, HEREBY GIVES <u>NOTICE OF DEFENSE BASED UPON PUBLIC AUTHORITY</u>, PURSUANT TO FEDERAL CRIMINAL RULE 12.3; SEE <u>WARDIUS v. OREGON</u>, 412 U.S. 470; 93 S. CT. 2208 (1973).

1.04  THE JUDGMENT CREDITOR HEREBY GIVES NOTICE, AND CERTIFIES THAT AT ALL TIMES IN RELATION TO THE "DOA ORDERS", THE JUDGMENT CREDITOR WAS ACTING AS COURT APPOINTED FIDUCIARY AND "ARM-OF-THE-COURT", AS AN "OFFICER OF THE UNITED STATES", AS DEFINED BY 42 U.S.C. § 1985(1), APPOINTED PURSUANT TO 11 U.S.C. § 1123(b)(3)(B), AND AS THE DIRECT AND/OR INDIRECT TRANSFEREE OF, OR SUCCESSOR IN INTEREST TO THE REORGANIZED DEBTOR AND THE DEBTOR ESTATE, AS ESTABLISHED BY 11 U.S.C. § 524(g)(3)(A)(ii), CHARGED WITH AND COMPELLED BY, FEDERAL COURT ORDER(s) WITH THE FULL AND COMPLETE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS" (EX. 2).

PG. 7 OF 40
-3

1.05 ACCORDINGLY, THE JUDGMENT CREDITOR, HAS AND CLAIMS COMPLETE AND ABSOLUTE QUASI-JUDICIAL IMMUNITY AS TO ALL SUCH "DOA ORDERS" WHICH PURPORT TO TAKE, ~~THE~~ RESTRICT OR IMPINGE UPON THE JUDGMENT CREDITOR'S LIBERTY, PROPERTY, PARENTAL RIGHTS, OR OTHER CONSTITUTIONAL OR CIVIL RIGHTS, IN ANY RESPECT.

1.06 THE JUDGMENT CREDITOR HEREBY ASSERTS AND CHARGES THAT ALL SUCH "DOA ORDERS" WERE ISSUED AND ENTERED IN NON-JUDICIAL ACTS, UNDERTAKEN IN A POLITICAL AND CRIMINAL CONSPIRACY (AS DEFINED BY 42 USCA 1985) TO INTERFERE WITH, AND IN RETALIATION AND RETRIBUTION FOR THE JUDGMENT CREDITOR HAVING SOUGHT TO EXERCISE HIS CONSTITUTIONAL RIGHT (AND COURT ORDERED OBLIGATION) FOR THE GRANTING OF FULL FAITH & CREDIT TO, AND THE EXECUTION AND ENFORCEMENT OF, THE "FOREIGN JUDGMENTS"

1.07 THE APPLICATION OF 28 U.S.C. §1915(g), AND THE CLAIMED "STRIKE" AND "3-STRIKE" ORDERS REPRESENT AN UNCONSTITUTIONAL INFRINGEMENT ON

(1.07 CONT.)

THE JUDGMENT CREDITOR'S FUNDAMENTAL RIGHT OF ACCESS TO THE COURTS. IN WILSON V. STANFORD, 148 F.3d 596, AT 605 (6TH CIR 1998), CITING TO PATSY V. BD. OF REGENTS OF FLORIDA, 457 U.S. 496 AT 506-07 (1982) AND HAMPTON V. HOBBS, 106 F.3d 1281, AT 1285 (6TH CIR. 1997), IT WAS HELD THAT AS LONG AS THE LITIGANT HAD AN "AVALIABLE" JUDICIAL FORUM (STATE COURT), THAT 28 U.S.c § 1915(9) ~~UN~~ AND "STRIKE" AND "3-STRIKE" ORDERS RESULTING THEREFROM WERE NOT UNCONSTITUTIONAL. IN THE CASE OF THE INSTANT JUDGMENT CREDITOR, THE STATE COURTS (SPOKANE CO. SUPERIOR COURT, COURT OF APPEALS, DIV III AND ALL PREVIOUSLY UNLAWFULLY DENIED THE JUDGMENT CREDITOR IFP STATUS, AND HAVE PURPORTELY BARRED THE JUDGMENT CREDITOR FROM ~~SEEKING~~ FULL FAITH & CREDIT AND THE EXECUTION AND ENFORCE- MENT OF THE "FOREIGN JUDGMENTS" IN ANY COURT IN THE STATE OF WASHINGTON. AT THE TIME THAT THE ~~FEDERAL COURTS~~ JUDGMENT CREDITOR SOUGHT IFP ACCESS

(1.07 CONT.)

TO THE FEDERAL COURTS, AND THE FEDERAL COURTS BEGAN SUA SPONTE ISSUANCE OF "STRIKE" AND "3-STRIKE" ORDERS, ON 11/9/04, THE JUDGMENT CREDITOR HAD ALREADY BEEN DENIED ALL ACCESS TO THE STATE COURTS, (UNLAWFULLY & UNCONSTITUTIONALLY, AND IN VIOLATION OF RCW 7.36.140, SEE SMITH V. WHATCOM CO., 147 WASH. 2d 98 (2002)), AND IFP ACCESS TO THE FEDERAL COURTS, WAS THE JUDGMENT CREDITOR'S ONLY REMAINING FORUM. IN LIGHT OF THESE FACTS, AND THE HOLDINGS IN WILSON, DATSY AND HAMPTON, THE APPLICATION OF 28 USC § 1915(g) AND THE SUA SPONTE ISSUANCE OF "STRIKE" AND "3-STRIKE" DISMISSALS, IN NON-JUDICIAL ACTS, ARE UNCONSTITUTIONAL AND CONSTITUTE AN UNCONSTITUTIONAL INFRINGEMENT ON THE JUDGMENT CREDITOR'S FUNDAMENTAL RIGHT OF ACCESS TO THE COURTS, RENDERING ALL FEDERAL "DOA ORDERS" TO BE "VOID AB INITIO".

§1915 1.08 THE VAST MAJORITY OF THE "STRIKE" AND "3-STRIKE" SUA DISMISSAL ORDERS WERE ISSUED IN ACTIONS/PETITIONS TO COMPEL OFFICERS OF THE UNITED STATES TO PERFORM

(1.08 CONT.)

MANDATORY, NON-DISCRETIONARY AND MINISTERIAL DUTIES OWED TO THE JUDGMENT CREDITOR, SUCH AS: ① THE RESTORATION OF THE JUDGMENT CREDITOR'S PARENTAL RIGHTS; ② THE GRANTING OF FULL FAITH & CREDIT TO THE "FOREIGN JUDGMENTS"; AND/OR ③ VACATING AND DECLARING "VOID AB INITIO" JUDGMENTS OR ORDERS ENTERED IN "A CLEAR ABSENCE OF ALL JURISDICTION" AND CONTRARY TO ESTABLISHED STATUTES AND CASE LAW AUTHORITY, IN NON-JUDICIAL ACTS. IT IS WELL SETTLED THAT ALL MANDAMUS ACTIONS OR PETITIONS (SUCH AS THIS MOTION/ACTION/PETITION) BROUGHT PURSUANT TO 28 U.S.C. § 1361 ARE <u>NOT</u> SUBJECT TO THE PRISON LITIGATION REFORM ACT (PLRA), 28 U.S.C. § 1915. PETITIONER, SEEKING TO COMPEL DISTRICT COURT TO ACT ON HIS PENDING HABEAS PETITION <u>DID NOT</u> HAVE TO COMPLY WITH THE FEE REQUIREMENTS OF THE PLRA, <u>MADDEN v. MYERS</u>, 112 F.3d 74 (5ᵗʰ CIR. 1997); PETITION FOR WRIT OF MANDAMUS THAT AROSE

-7

PG __11__ OF __40__

(1.08 cont'd)

OUT OF APPLICATION FOR POSTCONVICTION
RELIEF, WAS _NOT_ SUBJECT TO FEE
PAYMENT REQUIREMENTS UNDER THE
PLRA. FOR PRISONERS DESIRING TO
APPEAR IFP, _IN RE STONE_, 118
F. 3d 1032 (5TH CIR. 1997) = FILING FEE
REQUIREMENTS OF PLRA _DID NOT_
APPLY TO A PRISONER'S PETITION FOR
WRIT OF MANDAMUS, FILED IN
COURT OF APPEALS SEEKING TO
COMPEL JUDGE IN CRIMINAL CASE TO
RULE ON RECUSAL MOTION, _IN RE NAGY_,
89 F. 3d 115 (2ND CIR. 1996). AS SUCH
ALL "DOA ORDERS" ENTERED IN
THE JUDGMENT CREDITOR'S ACTIONS/
PETITIONS FOR MANDAMUS DECLARING
A "STRIKE" OR A "3-STRIKE" DISMISSAL
UNDER THE PLRA ARE VOID AND OF
NO FORCE AND EFFECT.

    1.09 AFTER BEING UNLAWFULLY
DENIED ACCESS TO STATE COURTS, THE
JUDGMENT CREDITOR SOUGHT RELIEF
IN FEDERAL COURT, REQUESTING IFP
ACCESS TO: ① CHALLENGE THE SUA
SPONTE RETALIATORY TERMINATION OF
HIS PARENTAL RIGHTS; ② CHALLENGE
HIS UNLAWFUL LOSSES OF LIBERTY &
PROPERTY, DETENTIONS, INCARCERATIONS

AND/OR CLAIMED CRIMINAL CONVICTIONS
BY APPEAL. THE U.S. SUPREME
COURT HAS HELD THAT THE
CONSTITUTION REQUIRES THE WAIVER
FOR INDIGENT PERSONS WHO ARE
CHALLENGING TERMINATION OF THEIR
PARENTAL RIGHTS (SEE MLB v. SLT
519 U.S. 102 (1996)) OR SEEKING
A DIVORCE, OR TO CHALLENGE A VOID
DIVORCE DECREE (SEE BODDIE v.
CONNECTICUT, 410 U.S. 371, AT
374 (1971)). IN THIS INSTANCE,
THE JUDGMENT CREDITOR SOUGHT
TO CHALLANGE THE RETALIATORY TERMINATION OF
HIS PARENTAL RIGHTS, AND TO VACATE
AND VOID THE 12/8/03 DECREE, BY HIS
ACTIONS TO ENFORCE THE "FOREIGN
JUDGMENTS", AND AS SUCH THE
CONSTITUTION REQUIRES THE WAIVER
OF THE FILING FEES IN ALL SUCH
ACTIONS, THEREBY VOIDING ALL SUCH
IFP DENIALS, AS TO "FUNDAMENTAL INTERESTS"

1.10 THE JUDGMENT CREDITOR
IS NOT A PERSON WHO IS LAWFULLY
"INCARCERATED OR DETAINED IN ANY
FACILITY WHO IS ACCUSED OF, CONVICTED
OF, SENTANCED FOR, OR ADJUDICATED
DELINQUENT FOR, VIOLATIONS OF
CRIMINAL LAW OR THE TERMS AND
CONDITIONS OF PAROLE, PROBATION,

- 9

PG 13 of 40

(109 cont)

PRETRIAL RELEASE, OR DIVERSIONARY PROGRAM." THE JUDGMENT CREDITOR IS A "CIVIL DETAINEE" UNLAWFULLY INCARCERATED DUE TO "VOID AB INITO" CIVIL ORDERS, ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION" AND IN NON-JUDICIAL ACTS, CONTRARY TO CLEARLY ESTABLISHED STATUTE AND CASE LAW AUTHORITY, WHO IS THEREFORE NOT SUBJECT TO THE PLRA 28 U.S.C. § 1915(g), AS A "CIVIL DETAINEE," SEE TROVILLE V. VENZ, 303 F.3d 1256, AT 1260 (11TH CIR 2002); PAGE V. TORREY, 201 F.3d 1136, AT 1139 (9TH CIR. 2000).

AS SUCH ALL "STRIKE" OR "3-STRIKE" ORDERS ISSUED AGAINST THE JUDGMENT CREDITOR, ARE VOID, ISSUED IN "A CLEAR ABSENCE OF ALL JURISDICTION."

1.10 EACH OF THE "STRIKE" OR "3-STRIKE" DISMISSALS CLAIMED AGAINST THE JUDGMENT CREDITOR IS IN RELATION TO AN ACTION THAT WAS THEN, AND IS STILL NOW PENDING EITHER BEFORE THE DISTRICT COURT, OR PENDING ON APPEAL, BY THE FILING OF A TIMELY NOTICE OF APPEAL.

-10

PG 14 OF 40

IT IS WELL ESTABLISHED THAT
COUNTABLE "STRIKES" UNDER THE
PLRA INCLUDE ONLY DISMISSALS
FOR WHICH AN APPEAL HAS BEEN
EXHAUSTED OR WAIVED, SEE
ADEPEGBA v. HAMMONS, 103 F.3d
383, AT 388 (5TH CIR 1996);
PATTON v. JEFFERSON C.C., 136
F.3d 458, AT 462 (5TH CIR 1998);
SUCH A DISMISSAL, PENDING
APPEAL CAN NOT BE CONSIDERED
A "STRIKE" COUNTABLE AGAINST
THE JUDGMENT CREDITOR, AS
REVERSAL OF THE "STRIKE" DISMISSAL
WOULD NULLIFY THE STRIKE,
ADEPEGBA, 103 F.3d AT 387;
PATTON, 136 F.3d AT 464. IN
THE INSTANT CASE(S) THE
JUDGMENT CREDITOR HAS NO
COUNTABLE STRIKES, AS ALL
ACTIONS CLAIMED AS "STRIKES"
ARE EITHER STILL PENDING BEFORE
THE DISTRICT COURT, OR A TIMELY
NOTICE OF APPEAL WAS FILED
AND THE APPELLATE REVIEW OR
THE CLAIMED EACH CLAIMED
"STRIKE" IS NOT EXHAUSTED.
     1.11 IT IS AN ERROR FOR
THE DISTRICT COURT TO RECORD A

—11                    PG 15 OF 40

"STRIKE" AT THE TIME OF THE INITIAL SUA SPONTE DISMISSAL, SEE STEWART V. LYLES, 66 FED. APPX.18, AT 22 AT HEADNOTE [9]. THE DESIGNATION OF A "STRIKE" HAS NO PRACTICAL CONSEQUENCES UNTIL A DEFENDANT IN A PRISIONER LAW SUIT, RAISES THE CONTENTION THAT THE PRISIONERS SUIT OR APPEAL MAY NOT BE MAINTAINED IFP PURSUANT TO 28 USC § 1915, BECAUSE THE PRISIONER IS ALLEGED TO HAVE ACCUMULATED THREE STRIKES, SEE SNIDER V. MELINDEZ, 199 F.3d 108, AT 115, HEADNOTE [5]ii. MOT A SINGLE ONE OF THE JUDGMENT CREDITOR'S THREE STRIKE SUA SPONTE DISMISSALS WAS ENTERED IN RESPONSE TO A MOTION BY THE OPPOSING PARTY, AND ALL OF THE JUDGEMENT CREDITOR'S CLAIMED STRIKES WERE ERRONEOUSLY RECORDED BY THE DISTRICT COURT, AT THE TIME THE INITIAL SUA SPONTE DISMISSAL WAS ENTERED.

    1. 12 A REVERSAL OF A SUA SPONTE DISMISSAL DECLARED A "STRIKE" NULLIFIES THE "STRIKE", SEE ADEPEGBA v. HAMMONS, 103 F.3d 383,

(5TH CIR 1996)

AT 387, HEAD NOTE [5]. AS A DISMISSAL
SHOULD NOT COUNT AS A " STRIKE" AGAINST
A PRISIONER UNTIL HE HAS EXHAUSTED
OR WAIVED HIS APPEALS. ANY OTHER
INTERPRETATION OF 28 USC § 1915 (G)
WOULD POSE A RISK OF PUNISHING
AN INDIGENT LITIGANT FOR
NONCULPABLE CONDUCT (SEE
ADEPEGBA, ID., 103 F. 3d AT 387-88,
HEAD NOTE [6]) AS HAS BEEN
WRONGFULLY DONE TO THE JUDGMENT
CREDITOR.

1.13  SEVERAL COURTS HAVE
WRONGFULLY ENTERED SUA SPONTE
DISMISSALS FOR A FAILING TO FILE A
THE JUDGMENT CREDITOR
IFP
COMPLETE PETITION CONSISTENT
WITH §1915(G), OMITTING THE JAIL STATEMENT,
A PARTIAL FILING FEE, THE ENTIRE FILING
FEE, A DISCLOSURE THAT THE JUDGMENT
CREDITOR HAS ALLEGEDLY "STRUCK OUT" OR
SOME OTHER CLAIMED DEFECT. SUCH
SUA SPONTE DISMISSALS FOR A CLAIMED
FAILURE TO MEET THE STATUATORY
REQUIREMENTS OF THE PLRA ARE
INVALID. SEE JACKSON V. STINNETT, 102
F. 3d 132, AT 136, HEAD NOTE [7] (5 TH CIR.
1996); COVINO V. REOPEL, 89 F.3d 105,
AT 108-09 (2ND CIR. 1996) (APPLYING PLRA
AND GIVING PLAINTIFFS 30 DAYS TO MEET

-13                        17   40

STATUATORY REQUIREMENTS).

1.14   EACH AND EVERY "SUA SPONTE "STRIKE" OR "3 STRIKE" DISMISSALS WAS MADE SUA SPONTE BY THE DISTRICT COURT, ON IT'S OWN MOTION, WITHOUT AFFORDING THE JUDGMENT CREDITOR NOTICE AND OPPORTUNITY TO BE HEARD. AS SUCH ALL SUA SPONTE "STRIKE" OR "3-STRIKE" DISMISSALS MUST BE VACATED. SEE PEREZ V. ORTIZ, 849 F.2d 793, AT 797 (2ND CIR 1988); SQUARE D CO. V. NIAGRA FRONTIER TARIFF BUREAU, 760 F. 2d 1347, 1365 (2ND CIR 1985); SCHESLINGER & INV. PARTNERSHIP V. FLUOR CORP, 671 F.2d 739, AT 742 (2ND CIR 1982); EADES V. THOMPSON, 823 F.2d 1055, AT 1062 (7TH CIR 1987) AND SNIDER V. MELINDEZ, 199 F.3d 108, AT 112, HEADNOTE [2] (2ND CIR 1999).

1.15   THE "3-STRIKE" DISMISSAL OF A INDIGENT INMATE'S ACTION OR APPEAL, ON A SUA SPONTE BASIS, WITHOUT A NOTICE AND A MOTION FROM THE DEFENDANT OR OPPOSING LITIGANT IS A NON-JUDICIAL ACT IN "A CLEAR ABSENCE OF ALL JURISDICTION" WHICH INVOLVES THE COURTS IN DISPUTES THAT MIGHT NEVER HAVE ANY PRACTICAL CONSEQUENCE, SEE DE LEON DOE, 361 F.3d 93, AT 95 (2ND CIR 2004)

-14

n/ 18   40

QUOTING FROM <u>SNIDER v. MELINDEZ</u>, 199
F.3d 108, AT 115 (2ND CIR. 1999). EACH AND
EVERY ONE OF THE "3-STRIKE"
DISMISSALS MADE AGAINST THE JUDGMENT
CREDITOR, WAS MADE IN A SUA SPONTE
NON-JUDICIAL ACT, IN THE ABSENCE
OF A MOTION FROM THE OPPOSING
PARTY AND WITHOUT NOTICE OR
OPPORTUNITY TO BE HEARD, IN "A
CLEAR ABSENCE OF <u>ALL</u> JURISDICTION"
RENDERING ALL SUCH "3-STRIKE" SUA
SPONTE DISMISSALL TO BE "VOID AB INITIO?"

    1.16 THE "DOA ORDERS" AT
ISSUE IN THIS PETITION/MOTION/ACTION
WERE ISSUED IN NON-JUDICIAL ACTS
W/O NOTICE OR OPPORTUNITY TO BE HEARD,
IN VIOLATION OF DUE PROCESS. RENDERING
THE "DOA ORDERS" VOID AND SUBJECT
TO COLLATERAL ATTACK, AT ANY TIME,
THEIR VALIDITY IS QUESTIONED, SEE
<u>BLUME v. U.S.</u>, 40 BR. 551, AT 553,
HEADNOTES [5],[6] #[7] (D.C. SD 1984);
<u>BRADLEY v. ST. LOUIS TERMINAL WAREHOUSE CO.</u>,
189 F.2d 818, AT 824. ᵇᵇ HEADNOTE [13]
(8TH CIR. 1951); <u>JONES v. GILES</u>, 741 F.2d 245, AT 248,
HEADNOTES ⟦==⟧ [4] & [6] (9TH CIR. 1984);
<u>CHICOT Co. DRAINAGE DIST v. BAXTER ST. BANK</u>,
308 U.S. 371, AT 376-77 (1940); <u>GRACIETTE</u>
<u>v. STAR GUIDANCE INC</u>, 66 F.R.D. 424, AT
428-29, (SD.NY. 1975).

1.17 THE REIMPOSED AUTOMATIC STAY, PURSUANT TO 11 U.S.C. §362; ESTABLISHED BY THE "FOREIGN JUDGEMENTS" (EX. 2), WHICH WERE THE SUBJECT OF THE ACTIONS WHERE THE "DOA ORDERS" WERE ENTERED, ~~~~ (SEE HILLIS MOTORS INC v HAWAII AUTO DEALERS ASS'N, 997 F.2d 581 AT 585-90 (9TH CIR 1993); WOLF U. WEINSTEIN, 372 U.S. 633, AT 643 (1963); PEPPER v LITTON 308 U.S. 295, AT 306 (1939); IN RE NAT. ENV. WASTE CORP., 200 F.3d 1266, AT 1268 (9TH CIR, 2000); IN RE SMITH, 141 F.3d 1179 (9TH CIR 1998); AND IN RE CELEBRITY HOME ENT. INC., 210 F.3d 995, AT 998 (9TH CIR 2000)) ACTS TO VOID ALL OF THE "DOA ORDERS", AUTOMATICALLY, AS THEY WERE ENTERED IN VIOLATION OF THE REIMPOSED AUTOMATIC STAY (IN RE SCHULTZ 954 F.2d 569 (9TH CIR 1992); IN RE CALDER 907 F.2d 953 (10TH CIR 1990)). THE FEDERAL DISTRICT COURTS, ARE LIMITED IN THEIR JURISDICTION BY THE REIMPOSED AUTOMATIC STAY ESTABLISHED IN THE "FOREIGN JUDGMENTS", TO THE ENTRY OF ORDERS THAT ARE NOT, INCONSISTENT WITH THE TERMS OF THE FOREIGN JUDGMENTS" (EX. 2), SEE PICCO v. GLOBAL MARINE, 900 F.2d 846 (5TH CIR 1990).

-16

1.18 AT ALL TIMES IN THE ACTIONS WHERE THE "DOA ORDERS" WHERE ISSUED, I WAS ACTING IN MY OFFICIAL CAPACITY, AS THE COURT APPOINTED TRUSTEE, SEEKING TO EXECUTE AND ENFORCE THE "FOREIGN JUDGMENTS" (EX.2), AS SUCH ALL ACTS, ACTIONS OR CLAIMS TAKEN AGAINST ME, WHILE ACTING IN MY OFFICIAL CAPACITY, SUCH AS THE "DOA ORDERS" ARE "VOID AB INITIO", SEE IN RE MARKOS GURNEE PARTNERSHIP, 182 B.R. 211 (BANKR. N.D. ILL. 1995).

1.19 AS A MATTER OF LAW, THE JUDGMENT CREDITOR CAN, AND HAS, SIMPLY IGNORE(D) THE "DOA ORDERS", AS A MATTER OF FEDERAL STATUTE, 11 U.S.C. § 524(a)(1), PURSUANT TO THE DISCHARGE AND DISCHARGE INJUNCTION ESTABLISHED BY THE "FOREIGN JUDGMENTS". IN THE 1978 AMENDMENTS TO THE BANKRUPTCY ACT, CONGRESS EXPRESSLEY MADE IT LAWFUL FOR THE JUDGMENT CREDITOR, TO SIMPLY IGNORE ALL JUDGMENTS OR ORDERS SUCH AS THE "DOA ORDERS" WHICH GRANT RELIEF AGAINST THE JUDGMENT CREDITOR, THAT WAS NOT SPECIFICALLY PRESERVED WITHIN THE "FOREIGN JUDGMENTS", SEE DUNBAR. V. CONTRACTORS LIC. BD., 235 B.R. 465 (9TH CIR. 1999): IN RE ALOHA, INC, 216 B.R.

-17

PG 21 OF 40

19, AT 29 (9TH CIR BAP 1987); IN RE SCHWARTZ 954 F.2d 569, AT 573-75 (9TH CIR 1992); (GONZALES v. PARKS) 830 F.2d 1033 (9TH CIR 1987); IN RE FRANCESCHI, 268 B.R. 219, AT 226 (9TH CIR BAP 2001); IN RE CRUZ, 254 B.R. 801, AT 810 (BANKR S.D. N.Y. 2000); IN RE PAVELICH, 229 B.R. 777, AT 781 (9TH CIR BAP 1999); 4 LAWRENCE P. KING, ET. AL. COLLIER ON BANKRUPTCY ¶ 524-13 [1] (15TH ED REV, 1998); IN RE HENSLER, 248 B.R. 488, AT 491 (BANKR D. N.J. 2000).

1.20 ACCORDINGLY, THIS COURT HAS A MANDATORY, NON-DISCRETIONARY AND MINISTERIAL DUTY TO VACATE AND DECLARE "VOID AB INITIO" EACH AND EVERY "DOA ORDER", AT ISSUE HEREIN, SEE JORDAN v. GILLIGAN, 500 F.2d 701, AT 704 (6TH CIR 1974); 7 J. MOORE FEDERAL PRACTICE, ¶ 60.25 (2) AT 301 (2ND ED. 1973) AND LUBBEN v. SELECTIVE SERVICE, 453 F.2d 645 (1ST CIR 1972); CHAI v. KONG 93 P3d 936 (WASH. APP. DIV. I 2004).

1.21 I HEREBY CERTIFY AND DECLARE THE FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY AND I CERTIFY THAT THIS PETITION/MOTION/ACTION WAS FILED/MAILED BY PLACING IT INTO THE OUTGOING INDIGENT LEGAL MAIL AT SCJ SE-30 ON, 3/15/06

DATED: 3/15/06

-18                                DUNCAN J. MCNEIL, III
                                   JUDGMENT CREDITOR

PG 22 OF 40

IFP DECLARATION

1. I AM OVER THE AGE OF 18 AND I HAVE PERSONAL KNOWLEDGE OF THE FOLLOWING

2. I AM PRESENTLY UNLAWFULLY

1  INCARCERATED BY THE UNITED STATES, THE STATE OF WASHINGTON,
2  COUNTY OR SPOKANE AND THE CITY OR SPOKANE,
3  IN VIOLATION OF MY CONSTITUTIONAL AND
4  CIVIL RIGHTS, AS A "CIVIL DETAINEE".
5      3. THAT I AM AN "OFFICER OF THE
6  UNITED STATES" AS DEFINED BY 42 U.S.C.§
7  1985(1) APPOINTED PURSUANT TO 11 U.S.C.§
8  1123(b)(3)(B) AS THE DISBURSING AGENT AND
9  LIQUIDATING TRUSTEE AND GENERAL MANAGER
10 FOR REORGANIZED DEBTOR BROADWAY
11 BUILDINGS II, L.P., 🔲 PURSUANT TO ORDER
12 OF THE U.S. BANKRUPTCY COURT, CENTRAL
13 DISTRICT OF CALIFORNIA.
14     4. THAT AS A DISABLED PERSON,
15 I HAVE BEEN THE CONTINUAL AND
16 ON GOING VICTIM OF INTENTIONAL
17 DISCRIMINATION AND RETALIATION, BY
18 THE U.S., THE STATE OF WASHINGTON,
19 THE COUNTY OR SPOKANE, AND THE CITY
20 OF SPOKANE, IN A KNOWING AND
21 INTENTIONAL VIOLATION OF MY CIVIL
22 AND CONSTITUTIONAL RIGHTS, FOR
23 HAVING EXERCIZED MY COURT APPOINTED
24 DUTIES PURSUANT TO THE EXECUTION
25 AND ENFORCEMENT OF BROADWAY'S
26 CONFIRMED PLAN, PURSUANT TO U.S.
27 CONST. ART 4, §1, FULL FAITH &
28 CREDIT CLAUSE. I AM PRESENTLY UNDER
   IMMINENT DANGER OF SERIOUS PHYSICAL INJURY DUE
   MY CONDITIONS OF INCARCERATION AND THE
   WITHHOLDING OF MEDICAL CARE. 25 OF 40

5. BY THE ATTACHED IFP APPLICATION I MOVE THE COURT FOR AN ORDER ALLOWING ME TO PROCEED IN THIS ACTION WITHOUT PREPAYMENT OF FEES.

6. I ALSO MOVE THE COURT FOR AN ORDER ALLOWING ME ELECTRONIC FILING STATUS, ALONG WITH A WAIVER OF PACER AND ELECTRONIC ACCESS, FILING AND SERVICE FEES.

7. I FURTHER MOVE THE COURT FOR APPOINTMENT OF COUNSEL, IN THIS ACTION, PURSUANT TO 28 USC§1915 (C)(1), FOR THE FOLLOWING REASONS:

(9) TO ATTAIN DUE PROCESS OF LAW: THE PLAINTIFF, INDIGENT & UNLAWFULLY INCARCERATED, ASSERTS IN BRINGING THIS ACTION THAT THE PLAINTIFF HAS BEEN DENIED HIS FUNDAMENTAL RIGHTS TO DUE PROCESS OF LAW, AND HAS BEEN UNLAWFULLY DENIED ACCESS TO THE COURTS, WARRANTING APPOINTMENT OF COUNSEL IN THIS PARTICULAR CASE, SEE HATFIELD v. BAILLEAUX, 290 F.2d 632 (9TH CIR 1961);

PG 24 OF 40

1  (b) THE PLAINTIFF'S ACTION IS
2  NECESSITATED AND BROUGHT ABOUT
3  BY THE DEFENDANT'S ALLEGED
4  CONSPIRACY TO CONCEAL THE PLAINTIFF'S
5  UNLAWFUL ARRESTS, AND TO OBTAIN
6  INVALID CRIMINAL CONVICTIONS, THEREBY
7  WARRANTING THE APPOINTMENT OF
8  COUNSEL, SEE WHITE V. WALSH, 649
9  F.2d 560 (8TH CIR 1981);
10  (C) THE DENIAL OF COUNSEL, IN
11  THIS PARTICULAR CASE, WOULD RESULT IN
12  A FUNDAMENTAL UNFAIRNESS, DUE TO
13  PLAINTIFF'S CONTINUAL DENIAL OF ACCESS
14  TO COURTS/LAW LIBRARY, INFRINGING
15  UPON THE INDIGENT PRISONER'S DUE
16  PROCESS RIGHTS, THEREBY REQUIRING
17  APPOINTMENT, SEE CHILDS V. DUCKWORTH,
18  705 F.2d 915 (7TH CIR. 1983);
19  (d) APPOINTMENT OF COUNSEL IS
20  NECESSARY WHEN AN INDIGENT PRISONER
21  AS IN THIS CASE, IS PROHIBITED ADEQUATE
22  ACCESS TO LAW LIBRARY, COPIER, TYPEWRITER,
23  AND OTHER RESOURCES NEEDED TO PROSECUTE
24  THE CASE, SEE RAYES V. JOHNSON,
25  969 F.2d 700 (8TH CIR. 1992);
26  (e) INDIGENT PRISONER IS
27  PERMANENTLY DISABLED, WITH A CHRONIC
28

PG 25 OF 40                    20

(SPECIFICALLY PG 37 OF 38)

(SEE PGS 27 OF 38 TO 38 OF 38 ATTACHED)

DIBILIATING DISEASE, CHRONES DISEASE, WHICH LIMITS AND INTERFERES WITH THE INDIGENT DISABLED PRISONER'S ABILITY TO PRESENT HIS CASE TO THE COURT, AND RECIEVE A FAIR TRIAL SEE McCARTHY v. WEINBERG, 753 F.2d 836 (10th CIR 1985); JACKSON v. COUNTY OF McLEAN, 953 F.2d 1070 (7th CIR 1992).

8. THE SUBJECT ACTION RELATES TO SIGNIFICANT CONSTITUTIONAL ISSUES, OF PUBLIC IMPORTANCE, AS TO FULL FAITH & CREDIT, ACCESS TO COURTS, & FALSIFIED CRIMINAL HISTORY AND INDIVIDUAL AGENCY RECORDS WHICH WARRANT THE APPOINTMENT OF COUNSEL (1) AS THE CASE RAISES SEVERAL ISSUES OF FIRST IMPRESSION, WHICH COULD LEAD TO SIGNIFICANT PRECEDENTIAL AUTHORITY.

9. THE PLAINTIFF MOVES THE COURT FOR AN ORDER REQUIRING SERVICE OF THE SUMMONS & COMPLAINT ON THE DEFENDANTS BY THE U.S. MARSHAL SERVICE AT THE COST OF THE U.S.

I DECLARE THE FOREGOING IS TRUE AND CORRECT UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES.

DATED: ~~1/6/06~~ ~~[illegible]~~ 4/13/06 [signature]

PG 26 OF 40

(1) THAT I HAVE OUT REACHED OVER 30 PUBLIC SERVICE AGENCIES ANY LAWYER CLINICS, SEEKING APPOINTMENT OR ASSISTANCE OF COUNSEL IN CAST 180 DAYS AND EACH HAS EITHER FAILED TO REPLY OR DECLINED DUE TO COMPLEXITY OF CASE.

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: September 2, 2003
Claim Number: 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HA

0125 MCS.PC7J.BA.T1P.165L151
DUNCAN J MCNELL III
PO BOX 2906
SPOKANE, WA 99220-2906

955024955.02.848    E.53M

lldaldmahlddltuuhlbhdirdldlhndlahhl

You are entitled to monthly disability benefits beginning May 2003.

## The Date You Became Disabled

We found that you became disabled under our rules on November 5, 2002. This is different from the date given on the application.

Also, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits. For these reasons, your first month of entitlement to benefits is May 2003.

## What We Will Pay And When

* You will receive $3,080.00 around September 8, 2003.

* This is the money you are due for May 2003 through August 2003.

* Your next payment of $770.00, which is for September 2003, will be received on or about the third Wednesday of October 2003.

* After that you will receive $770.00 on or about the third Wednesday of each month.

* These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

The day we make payments on this record is based on your date of birth.

Enclosure(s):
Pub 05-10153
Pub 05-10058

C

See Next Page

P6 270F 40

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HA                                                    Page 2 of 3

### Other Social Security Benefits

The benefit described in this letter is the only one you can receive from Social
Security. If you think that you might qualify for another kind of Social Security
benefit in the future, you will have to file another application.

### Your Responsibilities

The decisions we made on your claim are based on information you gave us. If
this information changes, it could affect your benefits. For this reason, it is
important that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security Disability
Benefits...What You Need To Know." It will tell you what must be reported and
how to report. Please be sure to read the parts of the pamphlet which explain
what to do if you go to work or if your health improves.

A provider of employment or vocational rehabilitation services may contact you
about getting help to go to work. The provider may be a State vocational
rehabilitation agency or a provider under contract with the Social Security
Administration.

If you go to work, special rules allow us to continue your cash payments and
health care coverage. For more information about how work and earnings affect
disability benefits, call or visit any Social Security office and ask for the following
publications:

* Social Security - Working While Disabled...How We Can Help (SSA
  Publication No. 05-10095).

* Social Security - If You Are Blind--How We Can Help (SSA Publication
  No. 05-10052).

### Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal. We will review
your case and consider any new facts you have. A person who did not make the
first decision will decide your case. We will correct any mistakes. We will review
those parts of the decision which you believe are wrong and will look at any new
facts you have. We may also review those parts which you believe are correct
and may make them unfavorable or less favorable to you.

* You have 60 days to ask for an appeal.

* The 60 days start the day after you get this letter. We assume you got
  this letter 5 days after the date on it unless you show us that you did not
  get it within the 5-day period.

* You must have a good reason for waiting more than 60 days to ask for an
  appeal.

* You have to ask for an appeal in writing. We will ask you to sign a Form
  SSA-561-U2, called "Request for Reconsideration". Contact one of our
  offices if you want help.

P628 of 40

20030002 X 45 SSA Award Letter max

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HA                                                    Page 3 of 3

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on Your Social Security Claim". It contains more information about the appeal.

### Things To Remember For The Future

Doctors and other trained staff decided that you are disabled under our rules. But, this decision must be reviewed at least once every 3 years. We will send you a letter before we start the review. Based on that review, your benefits will continue if you are still disabled, but will end if you are no longer disabled.

### If You Want Help With Your Appeal

You can have a friend, lawyer or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

### If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-509-353-2591. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

> SOCIAL SECURITY
> SUITE A
> 811 E SPRAGUE AVE
> SPOKANE, WA 99202

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

*Jo Anne B. Barnhart*

Jo Anne B. Barnhart
Commissioner
of Social Security

PG29 OF40

# Social Security Administration                    M7
# Retirement, Survivors, and Disability Insurance
Important Information

Office of Central
Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: November 30, 2003
Claim Number: 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 HA

Duncan McNeil III
PO Box 2906
Spokane WA  99220

We are writing to you about court order number IN4871523.

In an earlier letter, we told you that we might have to take
money out of your Social Security payments to satisfy the court
order. Washington State Support Registry has ordered us to take
money out to collect child support and/or alimony. Therefore,
we will reduce the monthly payments beginning November 2003.

What We Will Take Out

We will take out $385.00 from each monthly payment to collect
what you owe. You will receive a check for $385.00 each month
beginning with the check you receive around December 3, 2003.

If You Disagree With The Decision

If you disagree with the decision of Washington State Support
Registry, you will need to contact them directly, or have a
lawyer do this for you. They can be contacted at:

Washington State Support Registry
PO Box 45868
Olympia WA  98504

If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on
the Internet to find general information about Social Security.
If you have any specific questions, you may call us toll-free
at 1-800-772-1213, or call your local Social Security office at
1-509-353-2591. We can answer most questions over the phone.
If you are deaf or hard of hearing, you may call our TTY
number, 1-800-325-0778.

SEE NEXT PAGE.

PG 30 OF 40

Sent By: LINOLEUM AND CARPET CITY;          5093269438;          Dec-8-03  1:46PM;          Page 2/2

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 HA                                          Page 2

You can also write or visit any Social Security office.  The
office that serves your area is located at:

> SOCIAL SECURITY
> SUITE A
> 811 E SPRAGUE AVE
> SPOKANE, WA 99202

If you do call or visit an office, please have this letter with
you.  It will help us answer your questions.  Also, if you plan
to visit an office, you may call ahead to make an appointment.
This will help us serve you more quickly when you arrive at the
office.

W. Burnell Hurt
W. Burnell Hurt
Associate Commissioner for
  Central Operations

PG 31 OF 40

From: Duncan J. McNeil  To: James R. Larsen

Date: 7/30/2004  Time: 4:02:18 PM

Nov  07  03  01:50p
From: Duncan J. McNeil 509-271-3778 To: MD Dr. Charles W. Laudenbach

Date: 11/7/2003  Time: 10:40:20 AM

p.2

Page 2 of 2

Oct  08  03  03:34p

p.2



**ROCKWOOD CLINIC, P.S.**

400 East Fifth Avenue, P.O. Box 3649
Spokane, WA 99226-1649
Phone: (509) 838-2531 /1-800-776-1043
Fax: (509) 459-1977
www.rockwoodclinic.com

September 22, 2003

SATELLITE OFFICES
Cheney Medical Center
Medical Lake Family Practice
Internist Clinic Cardiology
Rockwood Clinic Court & Allied Nephrology
Rockwood Clinic Eye Center
Rockwood Clinic Gastroenterology
Rockwood Clinic Moran Prairie
Rockwood Clinic North
Rockwood Clinic North Nephrology
Rockwood Clinic Physical Therapy
Rockwood Clinic Reardan
Rockwood Clinic South
Valley Rockwood Clinic
Valley Rockwood Physical Therapy

Duncan J McNeil III
P.O. Box 2906
Spokane, WA 99220-2906

RE:
MCNEIL, DUNCAN III J
1571942
DOB:  03/14/1957

TO WHOM IT MAY CONCERN:

Mr. McNeil is a patient whom I have seen since January of 2001. Mr. McNeil,
unfortunately has a medical condition resulting in his inability to appear
in court. I would appreciate it if this can be taken into consideration and
possibly a telephone appearance could be allowed in this case.

Thank you for your consideration.

Sincerely,

Charles Laudenbach, MD
Internal Medicine

408/J:1351822/D:1484656/CL:10
D:  09/22/2003 17:57:38
T:  09/24/2003 08:15:48

P6 32 oF 40

Our mission: Rockwood Clinic is a physician owned, multi-specialty medical practice. Our team of doctors and staff is dedicated to the delivery of the best possible care available
We strive to provide in a professional and rewarding environment. Our values: compassion • excellence • teamwork • service • education • ethics.

Sent By: LINOLEUM AND CARPET CITY;           5093269438;           Sep-5-03  3:39PM;           Page 1/1
To: ESQ EFAX              At: 92713775

# Ronald M. Klein, Ph.D.

Behavioral Medicine Service
601 West Main Avenue, Suite 1011
Spokane, WA 99201   (509) 838-1285

09/02/2003

Division of Disability Determination

Spokane, WA

re: Duncan McNeill          DOB: 3/14/1957

Dear Sir/Madam:

Mr. McNeill was a patient of mine three years ago. With his consent, I am providing you
with the following information. His dates of service were:

11-14-00; 11-21-00; 11-28-00; 12-5-00; and 12-29-00.

He had been referred by his physician Dr. Creel at Rockwood Clinic. After my initial
evaluation of him on 11-14-00, I diagnosed Mr. McNeill with [redacted confidential].
[redacted confidential]    He appeared to be reacting to a newspaper story published at
that time about his ongoing legal dispute with well known public officials. Mr. McNeill
felt he had been characterized in that story in a grossly unfair manner. He was also being
treated by his physician for ongoing [redacted] and was being medicated for that. I
provided [redacted] to Mr. McNeill during those sessions and also made
recommendations to his physician regarding use of [redacted confidential]    I have not
seen him clinically since 12-29-00. I did have a recent phone conversation with him
during which he informed me that his symptoms have continued on since that time and
that your agency has found him to be disabled. It is my understanding that Mr. McNeill
has undergone [redacted confidential] with other practitioners over these past 3 years.

Sincerely,

Ronald M. Klein, Ph.D.
Behavioral Medicine Service

P6 33 of 40

PE 15 of 20



### Community Health Association of Spokane

**07/13/2004**

**RE: Dj McNeil**

To Whom it may Concern:

Mr. McNeil has been diagnosed with colitis. He was last seen in clinic 05/24/04. He phoned the clinic 07/08/04 and stated he was having a flare of colitis. He phoned the clinic again today asking for a letter stating that he is having a flare of colitis, is bedridden, and is unable to appear in court on 07/14/04. Since the patient has not been seen in this clinic since May 24 of this year, I cannot verify his current health status relative to his colitis; nonetheless, he requested a letter to inform the court of the foregoing.

Thank you for your consideration.

Sincerely,

Bill Lawson

Bill Lawson, PA-C

CC: Patient file

| Maple CHAS Clinic | DT CHAS Clinic | Valley CHAS Clinic | NE CHAS Clinic |
|---|---|---|---|
| 3919 North Maple Street | 1001 W 2nd Ave. | 9227 E. Main St. | 4001 N. Cook St |
| Spokane, WA 99205 | Spokane, WA 99201 | Spokane, WA 99206 | Spokane, WA 99207 |
| (509) 444-7801 | (509) 835-1205 | (509) 444-8200 | (509) 487-1604 |

PG 34 OF 40



## Community Health Association of Spokane

**09/03/2004**

**RE:  Dj McNeil**

To:  Whom It May Concern

This person has anxiety and is on treatment for it.  He may do better to have telephone appearances for his court hearings.

Sincerely,

Alisa Hideg, MD

CC: Patient file

| | | | |
|---|---|---|---|
| **Maple CHAS Clinic** | **DT CHAS Clinic** | **Valley CHAS Clinic** | **NE CHAS Clinic** |
| 3919 North Maple Street | 1001 W 2nd Ave. | 9227 E. Main St. | 4001 N. Cook St |
| Spokane, WA  99205 | Spokane, WA  99201 | Spokane, WA 99206 | Spokane, WA  99207 |
| (509) 444-7801 | (509) 835-1205 | (509) 444-8200 | (509) 487-1604 |

PG 35 OF 40

### Community Health Association of Spokane

| | | | |
|---|---|---|---|
| 3919 North Maple St. | 9227 E. Main St | 1001 W. 2nd | 4001 N. Cook St |
| Spokane, WA 99205 | Spokane, WA 99206 | Spokane, WA 99201 | Spokane, WA 99207 |
| (509) 444-7801 | (509) 444-8200 | (509) 835-1205 | (509) 487-1604 |

Encounter Date: 09/03/2004 Provider: Alisa Hideg MD
Patient Name: McNeil , Dj    Date of Birth: 03/14/1957

#### Pt. here for Follow-up OV.
47 Years old, male  Pt. here for Follow-up OV.
#### CHIEF COMPLAINT
1. **Colitis (follow-up)** Comments:  Pt states that he is having a falre up of his colitis again. Pt feels he is having burning w/ urination and stools passing.  Pt has not had much blood in his stool for 6 weeks.  He had bleeding for approximately 6 days in his emesis and stools at that time 6 weeks ago.  Nauseated  x two and 1/2 weeks now.

2. **Anxiety (follow-up)** Comments:                              He denies caffeine use. Pt is going to court re: charges against him - not specific.  Has friend who is here w/ him.  Pt wants medication to use when anxious about going outside

#### CHRONIC CONDITIONS
1. ASTHMA.
2. Anxiety state NOS.

#### CURRENT MEDICATIONS

| Brand Name | Dose Note | Route Desc | Sig Desc |
|---|---|---|---|
| Prevacid daily (PT ASSISTANCE) | 30mg | Oral | Take one capsule by mouth |
| Advair Diskus twice daily | 100/50 | Inhalation | Inhale 1 puff into your lungs |
| Celebrex | 200mg | Oral | one tablet by mouth daily |
| Albuterol | 90mcg | Inhalation | |
| Flovent | 110mcg | Inhalation | |
| Prilosec | 20mg | Oral | |

#### ALLERGIES

| Description | Reaction: |
|---|---|
| No Known Drug Allergies | |

**Nurse/MA Comments:**
Allergy List Confirmed. Medications Confirmed. Immunizations Confirmed.
Immunizations Up-to-Date
#### Physical Examination:
**Vital Signs:**
Height: 72.00 inches.  (182.88 cm), Weight: 216.00 lbs.  (98.18 kgs). BMI = 29.32;
Temperature: 97.00 F.  (36.11 C) Respirations:  16
170/120 Right arm sitting.  (used Regular Adult cuff).
Pulse rate is 84 per minute, regular.
Orthostatic B/Ps:  L arm supine, B/P is 160/100; Pulse L arm supine is 84 beats/minute.

**Constitutional:**

McNeil, Dj PG 36 OF 40            1            Alisa Hideg MD

No acute distress. Well nourished.
Appearance: disheveled.

**Abdomen:** Abdomen soft, non-tender, non-distended; normal bowel tones; no hepatosplenomegaly. No palpable mass; no CVA tenderness.

## P.H.Q.

1.  Feeling down, depressed or hopeless?
    **Nearly every day.**
2.  Little interest or pleasure in doing things.
    **Not al all.**
3.  Trouble falling asleep or sleeping too much
    **Nearly every day.**
4.  Feeling tired or having little energy
    **Nearly every day.**
5.  Poor appetite or overeating
    **Nearly every day.**
6.  Feeling bad about yourself--or that you are a failure or have let yourself or your family down.
    **Nearly every day.**
7.  Trouble concentrating on things, such as reading the newspaper or watching television.
    **Nearly every day.**
8.  Moving or speaking so slowly that other people could have noticed?    Or the opposite--being so fidgety or restless that you have been moving around a lot more than usual?
    **Nearly every day.**
9.  Thoughts that you would be better off dead, or of hurting yourself in some way?
    **Not at all.**
10. If you are experiencing any of these problems, how difficult have these problems made it for you to do your work, take care of things at home or get along with other people?
    **Extremely difficult.**
11. If these problems have caused you difficulty, have they caused you difficulty for two years or more?
    **Yes, I have had difficulty with these problems for 2 years or more.**

How many days in the last two weeks have you missed doing things because you are depressed?
**14 Day(s)**

**Depression symptom score is 0;**
**Severity score is 21;        Severe Depression.**

**Client has significant functionability impairment.**
**Consider DX of Dysthymia.**
**Client is in CHAPPY Registry.**
Next PHQ due in 4-8 weeks, (10/01/2004).

**In-House labs:**
Urine Dipstick values:
Spec gravity: 1.015; Ph: 5; Leukocytes: negative; Nitrites: negative; Protein: negative; Glucose: normal; Ketones: negative; Urobilinogen: normal; Bilirubin: negative;
Blood: negative;
Blood glucose: 96mg/dl.

**ASSESSMENT / PLAN**

McNeil, Dj

2

Alisa Hideg MD

**1. Colitis, ulcerative NOS** (Re: eval & TX of ICD-9  556.9).
 - Start Asacol
F/U w/ GI
**2. Panic disorder** (Re: eval & TX of ICD-9  300.01).

Pt to increase zoloft dose
Use hydroxyzine prn

**Medications ordered this visit:** (Potential adverse drug reactions discussed.)

| Brand Name | Dose | Rx Refills | Rx Quanity | Sig Desc |
|---|---|---|---|---|
| Asacol | 400mg | 0 | 30 | one tablet by mouth three times dai |
| Metamucil | | 0 | 0 | 1 tbsp po BID |
| Zoloft | 100mg | 3 | 30 | two tablets by mouth daily |
| Atarax | 100mg | 1 | 90 | 1/2 to 1 tab po q 4-6 hrs prn anxiety |

MA/Nurse:  Mark E. Brooks
Alisa Hideg MD

# "FOREIGN JUDGMENTS"

## EXHIBIT "2"

### AUTHENTICATION & REGISTRATION THEREOF:

a.   NOTICE of Filing of "Assignment of Interests in Bankruptcy Court Judgments Rendered in Another District, for the Benefit of Creditors, in aid of the Judgment, and in the aid of the Enforcement and Execution Thereof", filed 3-22-02 in Misc Case No 02-02, filed as Docket #535, on March 22, 2002, in Case No. 01-06073-W11, USBC-ED-WA;

b.   "Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, Combined With Notice Thereof", (hereinafter "Broadway Disclosure Statement"), entered December 21, 1998, as Docket #112 in Case No. LA 98-18082-SB, USBC-CD-CA-LA;

c.   "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan", (hereinafter "Broadway's First Plan w/Discharge"), entered March 19, 1999, in Case No. LA 98-18082-SB, , USBC-CD-CA-LA, as Docket #129, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service on Counsel;

d.   "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan (As Modified)", (hereinafter "Broadway's Second Plan"), entered June 16, 1999, in Case No. LA 98-18082-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service:

e.   "Findings of Fact and Conclusions of Law in Support of Order Disallowing Claims of John H. Smith and Robert Hayes", (hereinafter "Fraudulent Deed Findings"), entered December 29, 1998, in Adversary Case No. AD-98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

f.   "Judgment and Order Pursuant to Summary Judgment Motions", (hereinafter "Fraudulent Deed Judgment"). entered December 29, 1998, in Adversary Case No. AD 98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

g.   "Stipulated Order Re: Liability and Damages", entered October 30, 2000 in Case No. CS-97-435-RHW, USDC-ED-WA;

h.   Writ of Obedience #02-0001, issued May 31, 2002, in Spokane County Superior Court Case No. 02-2-02825-4; *DOC# 14, FILED 10/21/04* ⓐ

i.   Writ of Obedience #02-0002, issued June 6, 2002, in Case No. 02-2-02825-4; *Doc #15* ⓐ

j.   Writ of Obedience #02-0003, issued June 7, 2002, in Case No. 02-2-02825-4; *Doc #16* ⓐ

k.   Writ of Obedience #02-0004, issued June 12, 2002, in Case No. 02-2-02825-4; *Doc # 17* ⓐ

l.   Writ of Obedience #02-0005, issued July 18, 2002, in Case No. 02-2-02825-4. *Doc # 18* ⓐ

m.   ORDER denying relief from stay Re: Item # 41. with Notice of Entry, filed 1/11/2000 as Docket #137, incorporating therein "Opposition Re: Item # 41. to motions to lift stay: opposition to motion to annul stay, filed 12/9/1999, as Docket #94", and incorporating "Opposition Re: Item # 57, to motion to lift stay and to motion to annul, filed 12/10/1999, as Docket #95"; all filed in Case No. LA 99-39555-SB, USBC-CD-CA-LA;

n.   BAP/USDC appeal judgment - the Bankruptcy Court judgment is AFFIRMED. BAP #CC-00-1049 RE: Item #154, filed 1/16/2001, as Docket #359, Case No. LA 99-39555-SB, USBC-CD-CA-LA;

o.   ORDER Granting Debtors Motion to Strike Liens, filed 9/15/1998, as Docket #199, in Case No. 96-02980-K11, USBC-ED-WA;

p.   NOTICE of Filing of "Request to Clerk for Registration of Judgment Rendered in Another Court, filed 3-21-02 as Misc Case No. 02-01 (02-01731 DJM $), filed 3/27/2002, as Docket #536, Case No. 01-06073-W11, USBC-ED-WA;

q.   EXHIBIT I Admitted at hearing on 12-5-01; re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract Effective 5-24-01 between Duncan J McNeil and Broadway Buildings II LP. Re: Oust Moth to Convert Case to Ch 7, Docket #44 & Joinder therein Docket #212, as Docket #459, Case No. 01-06073-W11, USBC-ED-WA;

ⓐ DOC#'S REFER TO "PACER" DOCKET NUMBERS FOR CASE NO:

2:04-CV-00427-AAM; USDC

EASTERN DISTRICT OF WASHINGTON

PG 38

39 OF 40

FOREIGN JUDGMENTS   EX. 2

(PG 2 OF 2)

1   r.   EXHIBIT J Admitted at hearing on 12-5-01; Re: Amendment to Settlement
Agreement and Mutual Release and Personal Services Contract, effective 8-17-01
2   between Duncan J McNeil, GMFI Reorganization Corporation, and Broadway
Buildings II LP RE: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder
3   therein Docket #212, filed 1/4/2002, as Docket #460, Case No. 01-06073-W11;
USBC-ED-WA;
4   s.   PROPOSED Exhibit "D-D" to Supplement Exhibits offered at hearing on 12-5-01;
RE: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil 11-23-99
5   with the Oust-Ed-WA, in the Sum of $5211.926, ... ... ..., filed 2/6/2002, as Docket
#'s 506, 506A, Case No. 01-06073-W11, USBC-ED-WA;
6   t.   PROPOSED Exhibit "I-I" to Supplement Exhibits offered at hearing on 12-5-01; re:
1) Standard Form 95 Claim for Damages filed by Duncan J McNeil on 3-6-98 with
7   the Oust-Ed-WA, in the sum of $4,651,000. Re: Oust Motion to Convert Case to Ch
7, Docket #44 and Joinder therein Docket #212, filed 2/11/2002, as Docket #512,
8   Case No. 01-06073-W11, USBC-ED-WA;
u.   (1) NOTICE of Separation Contract & Dissolution of Marriage Contract Pursuant to
9   RCW 26.0-9.070 filed 7-26-01 as Document #4613783 with the County Recorder for
Spokane County, Washington, (pages 1 of 29 to 29 of 29); (2) JOINT Petition for
10   Dissolution of Marriage, filed 7-26-01 in Case No. 01-301586-7 (pages 2 of 29 to 5
of 29; 3) SEPARATION Contract and Dissolution of Marriage Contract Pursuant to
11   RCW 26.09.070, filed 7-26-01 in Case No. 01-301586-7, (pages 6 of 29 to 29 of 29),
filed 2/6/2002, as Docket #505, Case No. 01-06073-W11, USBC-ED-WA;
12   v.   ~~DECREE OF DISSOLUTION, entered 12/4/02 in Spokane County Superior Court~~
~~Case #01 301586-7, except those portions of the decree that were entered in violation~~
13   ~~of law, and in violation of the Complainant's civil and constitutional rights, as a~~
~~parent.~~

14   _AUTHENTICATION & REGISTRATION OF JUDGMENTS_

15   I, DUNCAN J. MCNEIL III, AM THE LAWFUL OWNER
OF THE FOREGOING LISTED "FOREIGN JUDGMENTS"
16   AND I HEREBY CERTIFY THAT TRUE AND CORRECT
COPIES OF THESE "FOREIGN JUDGMENTS" ARE ON
17   FILE IN THE IDENTIFIED ACTIONS AND DOCKET #'S
AND THAT THESE "FOREIGN JUDGMENTS" ARE
18   OFFICIALLY PUBLISHED ON THE COURT'S "PACER"
19   SYSTEM, PURSUANT TO FRCP 44(a)(1) AND FRE
RULE 201(b)(2) AND ARE THE "OFFICIAL PUBLICATIONS
20   THEREOF". BY THIS MOTION/PETITION/APPLICATION
21   I REQUEST THAT THE CLERK OF THIS COURT
PRINT, FILE AND REGISTER THESE "FOREIGN
22   JUDGMENTS" FROM THE COURT'S "PACER" SYSTEM
AND THAT THESE "FOREIGN JUDGMENTS" BE
23   GRANTED FULL FAITH & CREDIT IN THIS COURT
24   PURSUANT TO 28 USC § 1963, 28 USC § 1738 AND
25   U.S. CONST. ART. IV § 1 (AND THE APPLICABLE STATE
UEFJA®). I DECLARE THE FOREGOING TO BE TRUE
26   AND CORRECT UNDER THE PENALTY OF PERJURY

27   DATED:   4/13/06

28

13

PG 2 OF 2

40 OF 40

U.S. POSTAGE $2.07

PB METER
7148396

SPOKANE
MAR 17 06

JUL 2 4 2004

DUNCAN J. MCNEIL
SPOKANE CO. JAIL
1100 W. MALLON
SPOKANE, WA 99260

CLERK
U.S. DISTRICT COURT
844 KING STREET
LOCK BOX 18
WILMINGTON, DE 19801-3570

U.S.M.S. X-RAY

LEGAL MAIL