MO. # JA-077
DATE: 4/20/06
FJ: KA-01

U.S. DISTRICT COURT

DISTRICT OF DELAWARE

RECEIVED
APR 27 2006

NOTICE OF CHANGE OF
ADDRESS TO:
DUNCAN J. McNEIL III
2030 W. SPOFFORD
SPOKANE, WA 99205

IN RE: KAISER ALUMINUM
DEBTORS

BK NO: 02-10429
(CLAIM NO. 736)

IN RE: KAISER
APPELLEES

MC NO. 06-41
(CV-06-178)

DUNCAN J. McNEIL III
APPELLANT

CV-05-574

v.

KAISER ALUMINUM
APPELLEES

REQUEST FOR ELECTRONIC
FILING AND ELECTRONIC
SERVICE BY THE
CLERK OF THE COURT.

① REQUEST FOR PETITION AND JUDICIAL NOTICE; ② MOTION
FOR FINDINGS OF FACT & CONCLUSIONS OF
LAW PER FRCP 52 & 65; ③ EX PARTE
FOR TRO/OSC AND PRELIMINARY INJUNCTION
ENJOINING "DENIAL OF ACCESS ORDERS"
("DOA ORDERS") AND MANDATING ACCESS TO
COURT TO DIRECTLY OR COLLATERALLY
ATTACK DOA ORDERS WHERE PETITIONER
HAS "FUNDAMENTAL INTERESTS AT
STAKE"; ④ FOR FINDING OF "FUNDAMENTAL
INTEREST" IN SUPPORT OF TRO/OSC &
PRELIMINARY INJUNCTION; ⑤ FOR
ELECTRONIC SERVICE BY USDC CLERK AND
REASONABLE ACCOMMODATIONS FOR ACCESS TO COURT.

PG 1 OF 35

PETITIONER & APPELLANT, BEING SWORN UPON OATH, HEREBY DECLARES:

<u>I. REQUEST FOR JUDICIAL NOTICE</u>

1. PETITIONER, PURSUANT TO FRCP 52, 59, 60 & 65 HEREBY SEEKS A PRELIMINARY INJUNCTION (P.I.) BY WAY OF A TEMPORARY RESTRAINING ORDER (T.R.O.) AND AN ORDER TO SHOW CAUSE (O.S.C.) ① ENJOINING THE USE EXECUTION AND ENFORCEMENT OR ALL DENIAL OR ACCESS ORDERS (DOA ORDERS) AGAINST APPELLANT; AND ② THE GRANTING OF FULL FAITH & CREDIT TO THE 21 SEPARATE FINAL JUDGMENTS & CONSENT DECREES, ADMITTED INTO EVIDENCE IN THIS ACTION (SEE EX.2, PGS 34 OF 35 TO 35 OF 35) AND ENTITLED TO FULL FAITH & CREDIT HEREIN, PURSUANT TO U.S. CONST. ART <u>IV</u> § <u>1</u> AND 10 DEL.C. §§ 4781 TO 4787 (THE DELEWARE UNIFORM ENFORCEMENT OF FOREIGN JUDGMENTS ACT (UEFJA)); AND ③ THE GRANTING OF PETITIONERS ACCESS TO THIS COURT, BY MANDATING THE GRANTING OF REASONABLE ACCOMMODATIONS TO PETITIONER, AN INDIVIDUAL WITH AN ESTABLISHED DISABILITY, WHO IS OTHERWISE QUALIFIED TO RECEIVE THE

PG 2 OF 35

BENEFITS, PROGRAMS AND SERVICES OF THIS COURT, INCLUDING BUT NOT LIMITED TO ALL CONSTITUTIONALLY PROTECTED DUE PROCESS AND "VESTED PROPERTY" RIGHTS.

2. PETITIONER REQUESTS THAT THIS COURT TAKE JUDICIAL NOTICE OF, INCORPORATE HEREIN, AND GRANT ADMISSIBILITY HEREIN, PURSUANT TO FRCP 44(a)(1) AND FRE RULE 201(b)(2) THE "OFFICIAL PUBLICATIONS THEREOF" ON THE COURT'S "PACER" SYSTEM, THE FOLLOWING PUBLIC AND COURT RECORDS:

A. D.I. 4, FILED 9/19/05, IN USDC-D-DE CASE NO. 05-CV-574, "EX PARTE MOTION..." FOR TRO/OSC & P.I.;

B. D.I. 6, FILED 10/11/05, CASE 05-CV-574, "NOTICE OF COLLATERAL ATTACK...";

C. D.I. 7, FILED 10/11/05, CASE 05-CV-574, "EX PARTE MOTION...";

D. D.I. 8, FILED 10/11/05, CASE 05-CV-574, "EX PARTE MOTION IN SUPPORT...";

E. D.I. 9, FILED 10/11/05, CASE 05-CV-574, "DECLARATION IN SUPPORT...";

F. D.I. 13, FILED 1/13/06, CASE 05-CV-574, "EX PARTE APPLICATION TO PROCEED...";

G. D.I. 14, FILED 1/13/06, CASE 05-CV-574, "PETITION & REQUEST TO CLERK FOR REGISTRATION

PG 3 OF 35

OF "FOREIGN JUDGMENTS...",
PURSUANT TO UEFJA, 10 DEL. C.
§§ 4781 TO 4787; (EX. 2 THERETO LISTING 21 SEPARATE FOREIGN JUDGMENTS.

H. D.I. 16, FILED 2/21/06, CASE 05-CV-574,
"RETURN OF UNDELIVERABLE MAIL...";

I. D.I. 18, FILED 4/11/06, CASE 05-CV-574,
"REQUEST FOR REASONABLE ACCOMMODATION...";

J. D.I. 19, FILED 4/11/06, CASE 05-CV-574,

K. EX. 2, PGS 34 of 35 TO 35 of 35,
HEREIN, ITEMS "a" TO "u", 21 SEPARATE
FINAL JUDGMENTS AND/OR CONSENT DECREES,
AS ~~PUBLISHED~~ ESTABLISHED BY THE "OFFICIAL
PUBLICATIONS THEREOF", PER FRCP 44(a)(1)
AND FRE RULE 201(b)(2), AND ~~PER SUPRA~~
WHICH ARE ENTITLED TO FULL FAITH & CREDIT
BY THE COURT, PURSUANT TO U.S. CONST.
ART. IV §1 AND 10. DEL. C. §§ 4787 TO
4787.

   3. I HEREBY CERTIFY THAT THE FOREGOING
ARE THE "OFFICIAL PUBLICATIONS THEREOF"
ON THE COURT'S "PACER" SYSTEM, AT
THE INDICATED CASE NO. AND DOCKET #,
AND AS SUCH ARE ADMISSABLE IN THE
CAPTIONED ACTIONS, AND I HEREBY
REQUEST AS A REASONABLE ACCOMMODA-
TION TO MY ESTABLISHED DISABILITY,
(SEE 29 U.S.C. §794, REHABILIATION ACT OF

1973 AND 42 U.S.C. §§ 12101-12213, ADA) I REQUEST THAT THE CLERK OF THE COURT, OBTAIN, PRINT, COPY & FILE EACH OF THE FOREGOING PUBLIC RECORDS AND THAT THEY BE FILED AND DOCKETED IN THE CAPTIONED ACTIONS, THAT REQUEST FOR JUDICIAL NOTICE THEREOF BE GRANTED, THAT THEY EACH BE ORDERED TO BE ADMISSABLE IN THE CAPTIONED ACTIONS, AND THAT THE FINAL JUDGMENTS, AND FINAL CONSENT DECREES LISTED ON EX. 2 (PGS 34 OF 35 TO 35 OF 35) BE GRANTED FULL FAITH & CREDIT BY THIS USCA AND THAT THE USPC BE COMPELLED TO DO THE SAME.

## II MOTIONS FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

4. WHEN GRANTING OR DENYING A PRELIMINARY INJUNCTION THIS COURT HAS A MANDATORY NON-DISCRETIONARY DUTY TO SET FORTH DETAILED FINDINGS OF FACT AND CONCLUSIONS OF LAW, SO THAT THE TRIAL JUDGE IS REQUIRED TO

PG 5 OF 35

ASSERTAIN FACTS WITH DUE CARE
SO AS TO RENDER A DECISION
IN ACCORDANCE WITH THE UNCONTROVERTED
OR CONTROVERTED, BUT FOUND EVIDENCE,
AND THE LAW, SEE __INVERNESS CORP__
v. __WHITEHALL LABS__, 819 F.2d 48 (2ND
CIR 1987).

5. IN CASE NO. 05-574, D.I. 4 (9/19/05)
AND D.I. 13 & 14 (1/13/06) THE PETITIONER
SOUGHT A TRO/OSC & P.I. PURSUANT
TO FRCP 52 & 65, REQUIRING THIS
COURT TO ENTER FINDINGS OF FACT
AND CONCLUSIONS OF LAW IN THE
GRANTING OR REFUSING THE TRO/
OSC & P.I.

6. THE COURT'S ORDER OF 9/27/05, (CASE 05-574)
D.I. 5, MAKES NO REFERENCE TO
D.I. 4, AND INCLUDES __NONE__ OF
THE REQUIRED FINDINGS OF FACT
OR REQUIRED CONCLUSIONS OF LAW.
THE PETITIONER HAS __NEVER BEEN__
SERVED WITH THE COURT'S 2/7/06
ORDER IN 05-574, D.I. 15 (SEE
D.I. 16) BUT THE DOCKET ENTRY
MAKES NO MENTION OF THE
DENIAL OF THE TRO/OSE & P.I.
SOUGHT IN D.I. 4. IN

~~As~~ ~~SUCH~~ ~~PETITIONER's~~
To WHICE DoI. 15 ~~DOES~~ DOCKET (INJUNCTIVE)
ENTRY STATES THAT THE RELIEF
REQUESTED IN DoI. 13 & 14 IS
"DENIED", THE DOCKET ENTRY
DOES NOT REFER TO ANY OF
THE MANDATORY FINDINGS OF FACT
OR CONCLUSIONS OF LAW, THAT
FORMED THE BASIS FOR THE
COURT'S DENIAL OF INJUNCTIVE
RELIEF. ~~there~~

8. ~~As~~ ~~SUCH~~ AN ORDER DENYING
INJUNCTIVE RELIEF IS VACATED
AND REMANDED WITH DIRECTIONS
WHEN THE DISTRICT COURT DID NOT
MAKE FINDINGS OF FACT OR STATE
CONCLUSIONS OF LAW, AND/OR THE
PETITIONER WAS NOT AFFORDED
AN ADEQUATE HEARING, SEE
MCWHINNEY V. CAIN, 289 F.2d 315
(CA. PA. 1961).

9. IN GRANTING OR DENYING/
REFUSING A PRELIMINARLY INJUNCTION
THE DISTRICT COURT IS REQUIRED

PG 7 OF ~~33~~ 35

(6) TO MAKE EXPLICIT FINDINGS OF FACT AND CONCLUSIONS OF LAW, UPON WHICH IT'S CONCLUSION OR ORDER IS BASED, SEE I.C.C. v. CARDINALE TRUCKING CORP, 308 F. 2d 435 (2nd CIR 1962); SEE ALSO DAVIS v. U.S., 422 F. 2d 1139 (11th CIR. 1970).

9. THE TRIAL COURT MUST SUPPLY ADEQUATE FINDINGS TO SUPPORT IT'S ORDER, SEE: PARCEL 49C L.P. v. US, 31 F. 3d 1147 (FED CIR. 1994).

10. THE RULE REQUIRING THE TRIAL COURT TO STATE ITS FINDINGS AND CONCLUSIONS EXPLICITY WHEN GRANTING OR DENYING AN INJUNCTION IS OF PARAMOUNT IMPORTANCE TO PROPER REVIEW BY APPELLATE COURT, SEE FAIR HOUSING v. TOWN OF HUNTINGTON 316 F. 3d 357 (2nd CIR, 2003).

12. IN THIS ACTION THE 21 SEP ARATE FINAL JUDGMENTS AND FINAL CONSENT DECREES, ALREADY ESTABLISH AND INCLUDE INJUNCTIONS, UNDER 11 U.S.C. 362 (REIMPOSED AUTOMATIC STAY) AND UNDER 11 U.S.C. §§ 524 AND 1141 (DISCHARGE & DISCHARGE INJUNCTIONS ALONG WITH OTHER LIKE INJUNCTIONS CONTAINED IN WRITS 02-0001 TO 02-

SEE EX. 2, (WRIT 1ST PG, 2ND PG) SEE EX. 2, (WRIT 1ST PG, 2ND PG, 3RD PG, 4TH PG) (FROM 1ST & 2ND FINAL JUDGMENT ORDERS)

02-0005 (EX. 2, ITEMS "h" TO "1",
PG 34 OF 35, HEREIN).

13. BY THIS MOTION FOR TRO/OSC
AND P.I., THE PETITIONER, BASED
UPON THE <u>FULLY ADJUDICATED</u> FACTS,
CONCLUSIONS, ORDERS, DECREES, WRITS
AND EXECUTIONS CONTAINED WITHIN
THE <u>21</u> SEPARATE FINAL JUDGMENTS
AND FINAL CONSENT DECREES,
SIMPLY SEEKS THE EXTENSION OF
PRE-EXISTING, AND <u>FULLY ADJUDICATED</u>
<u>INJUNCTIONS</u> AND THE "VESTED
RIGHTS" THEREIN, TO BE ENFORCED
BY THIS USCA, IN THIS CIRCUIT, AND
THE USDC, IN IT'S DISTRICT. THE
ISSUANCE, SUA SPONTE, OF THE
REQUESTED TRO/OSC & P.I. IS
MANDATORY, NON-DISCRETIONARY
AND MINISTERIAL ACT UNDER
U.S. CONST. ART <u>IV</u> § 1, 28 USC
§ 1738 AND 10 DEL. C. §§ 4781 TO
4787.

14. <u>ALL</u> OF THE OFFERED FACTS,
EVIDENCE AND RECORDS SUBMITTED
IN SUPPORT OF THE REQUESTED

PG 9 OF 35 35

TRO/OSC & P.I. IS UNCONTRA-
DICTED BY ANY FACT, STATEMENT
OR EVIDENCE SUBMITTED BY
THE REORGANIZED DEBTOR,
KAISER ALUMINUM. THERE IS
SIMPLY NO EVIDENCE, OF
ANY NATURE THAT WOULD
SUPPORT A FINDING OR
CONCLUSION DENYING THE
REQUESTED TRO/OSC & P.I.

15. IF A FINDING IS DIRECTLY
CONTRARY TO THE ONLY EVIDENCE
PRESENTED THAT FINDING IS
PROPERLY CONSIDERED TO BE
CLEARLY ERRONEOUS. SEE
TRANS-ORIENT v. STAR TRADING,
925 F.2d 566 (2ND CIR 1991).

16. AS SUCH THE PETITIONER
HEREBY SUBMITS ALL PREVIOUSLY
ADJUDICATED FINDINGS & CONCLUSIONS
(SEE EX.2, ITEMS "Q" TO "U") AS WELL
AS THOSE OFFERED IN THE
REQUEST FOR JUDICIAL NOTICE,
HEREIN, ~~~~ (ITEMS 2(A) PG 3, TO 2(J) PG 4
HEREIN, IN SUPPORT OF THE GRANTING

PG 10 OF 35

OF THE TRO/OSC & P.I. SOUGHT HEREIN, AND AS SOUGHT BY D.I. 4, (9/13/05) 13 & 14, (1/3/06) IN CASE NO. 05-574, AS THE INJUNCTIVE RELIEF SOUGHT HEREIN AND BY D.I. 4, 13 & 14, IS INJUNCTIVE RELIEF THAT THE PETITIONER HAS ALREADY BEEN PREVIOUSLY HELD TO BE ENTITLED TO, BY EXISTING FINAL AND FULLY ADJUDICATED JUDGMENTS AND CONSENT DECREES.

### III. MOTION FOR TRO/OSC AND PRELIMINARY INJUNCTION

17. BY WAY OF THE ADJUDICATED FACTS AND CONCLUSIONS AND THE UNCONTROVERTED OFFERED FACTS AND CONCLUSIONS, AND PURSUANT TO U.S. CONST. ART IV §1; 28 USCS §1738; 10 DEL.C. §§4781 TO 4787, THE PETITIONER SEEKS THE SUA SPONTE ISSUANCE OF A TRO/OSC, FOLLOWED BY A PRELIMINARY INJUNCTION, MANDATING AND PROHIBITING THE FOLLOWING, IN THIS ~~STATE~~ DISTRICT:

PG 11 OF ~~33~~ 35

A. PROHIBITING THE USE, EXECUTION OR ENFORCEMENT, IN THIS DISTRICT, BY THE REORGANIZED DEBTOR, KAISER ALUMINUM CORP ("KAISER"), OR ANY OTHER PERSON, ANY AND ALL "VEXATIOUS LITIGANT", "STRIKE" OR "3-STRIKE" (AS DEFINED BY 28 USC 1915(g)) OR OTHER DENIAL OF ACCESS ORDERS, THAT HAVE NOT BEEN SPECIFICALLY ALLOWED OR PRESERVED BY THE FINAL JUDGMENTS AND FINAL CONSENT DECREES LISTED ON EX. 2, IN THE CAPTIONED MATTERS, OR IN ANY OTHER MATTER OR ACTION IN THIS DISTRICT;

B. PROHIBITING ANY ACT, ACTION OR CLAIM, MADE, SOUGHT OR ADVANCED IN VIOLATION OF, OR IN CONTRAVENTION OF THE:

i REIMPOSED AUTOMATIC STAY, PER 11 USC. §362, AS ESTABLISHED BY ITEMS "a" AND "d" OF EX.2, AND/OR THE REMAINING FINAL JUDGMENTS OR FINAL CONSENT DECREES, LISTED ON EX. 2;

ii THE DISCHARGE AND DISCHARGE INJUNCTION, PER 11 U.S.C. § 524 & 1141, AS ESTABLISHED BY ITEMS "a", "b", "c" AND "d" OF EX.2, AND/OR THE REMAINING FINAL JUDGMENTS OR FINAL CONSENT DECREES, LISTED ON EX.2;

iii WRITS OF OBEDIANCE, WRITS 02-0001 TO 02-0005, ITEMS "h", "i", "j", "k" & "l" ON EX.2.

C. MANDATING ANY AND ALL ACTS OR ACTIONS, SPECIFIED, DETAILED, DIRECTED OR DECLARED BY ITEMS "b", "c" OR "d", AND/OR WRITS 02-0001 TO 02-0005, ITEMS h TO l, EX.2;

D. MANDATING THE CLERK OF THIS COURT, TO SUA SPONTE, ON THE EX PARTE APPLICATION OF THE PETITIONER, TO ISSUE SUCH MESENE PROCESS, WRITS OR EXECUTIONS, WITHOUT FURTHER ORDER OF THIS COURT, AS NECESSARY OR REQUIRED, OR REQUESTED BY THE PETITIONER TO FULLY EXECUTE ON AND/OR ENFORCE UPON THE TERMS, PROVISIONS, OR RELIEF AND "VESTED RIGHTS" ESTABLISHED BY OR SET FORTH IN THE FINAL JUDGMENT OR CONSENT DECREES, LISTED ON EX.2;

E. PROHIBITING ACTS BY ALL PERSONS, IN THE INTERFERENCE OF THE PETITIONER'S ACCESS TO THIS COURT, AS NECESSARY AND OR REQUIRED OR REQUESTED FOR THE PETITIONER TO FULLY AND TIMELY EXECUTE AND ENFORCE UPON THE FINAL JUDGMENTS OR FINAL CONSENT DECREES, LISTED ON EX. 2.

C. FOR AN ORDER OF THIS COURT, FINDING AND INCORPORATING THEREIN, ALL FINDINGS OF FACT, STIPULATED TO FACTS, CONCLUSIONS OF LAW AND OTHER FINDINGS CONCLUSIONS, ORDERS OR DECREES MADE OR STATED IN THE FINAL JUDGMENTS AND FINAL CONSENT DECREES, LISTED ON EX. 2, AS THE FINDINGS AND CONCLUSIONS OF THIS COURT, IN SUPPORT

OF THE GRANTING OF THE REQUESTED INJUNCTIVE RELIEF.

UNCONTROVERTED

A. STATEMENT OF THE CASE & FACTS

18. THIS ACTION IS AN APPEAL FROM THE BANKRUPTCY COURT'S ~~~~~~ ORDER CONFIRMING KAISER'S PLAN OF REORGANIZATION. THE PETITIONER IS A CREDITOR HOLDING AN ALLOWED CLAIM, UNDER KAISER'S CONFIRMED PLAN.

19. THE PETITIONER ASSERTS, IN THIS APPEAL, THAT HIS CLAIM WAS IMPROPERLY AND ERRONEOUSLY RE-CLASSIFIED ~~IS~~ AND REDUCED BY BANKRUPTCY COURT ORDER OF 6/27/05, D.I. 6975, AND BY KAISER'S SUBSEQUENT CONFIRMED PLAN OF REORGANIZATION.

20. PETITIONER FURTHER ASSERTS THAT HE WAS DENIED ACCESS TO THE BANKRUPTCY COURT, IN VIOLATION OF HIS 1ST AMEND. RIGHTS, AND WAS DENIED DUE PROCESS, NOTICE AND OPPORTUNITY TO BE HEARD BY THE PROCEEDINGS THAT RESULTED IN THE CONFIRMATION OF KAISER'S PLAN OF REORGANIZATION AND THE RE-CLASSIFICATION AND REDUCTION OF THE PETITIONER'S ALLOWED CLAIM.

21. THE REORGANIZED DEBTOR HAS NOT DISPUTED OR CONTROVERTED ANY OF THE PETITIONERS ASSERTIONS.

PG. 14 OF ~~38~~ 35

22. PETITIONER'S CLAIM AND ISSUES ON APPEAL HAVE NO CONNECTION OR RELATION TO THE CLAIMS OR ISSUES ON APPEAL AS TO THE OTHER APPELLANT'S WHO'S APPEALS ARE CONSOLIDATED INTO 06-mc-41.

23. KAISER, BY WAY OF THE SUA SPONTE ORDERS OF THE USDC. IN CASE NO. 05-cv-574, D.I. 5 (9/27/05), D.I. 15 (2/7/06) AND D.I. 20 (4/13/06) SEEKS TO BAR THE PETITIONERS ACCESS TO THIS COURT, AND PETITIONERS STATUATORY RIGHT TO APPEAL, BY SUA SPONTE, W/O NOTICE, HEARING, OPPORTUNITY TO BE HEARD, ORDERS FINDING AND DECLARING PETITIONER INELLIGIABLE FOR IFP STATUS, UPON THE UNSUPPORTED CLAIM THAT PETITIONER IS BARRED BY "3-STRIKES" AND THE PROVISIONS OF 28 U.S.C. § 1915(g)(2000).

24. KAISER (AND/OR THE COURT) HAVE OFFERED NO ADMISSABLE EVIDENCE TO SUPPORT THE CLAIM OF "3-STRIKES", AND RELIES SOLELY UPON THE COURT'S SUA SPONTE FINDING OF "3-STRIKES," W/O

HEARING OR OPPORTUNITY TO BE HEARD, BY THE PETITIONER.

25. THE PETITIONER DISPUTES THE COURT'S ~~UNDISPUTED~~ UNSUPPORTED FINDING OF ~~THREE~~ "3-STRIKES" AND HAS SUBMITTED SUBSTANTIAL UNCONTROVERTED ADMISSABLE EVIDENCE, ESTABLISHING THAT THE PETITIONER HAS NO COUNTABLE "STRIKES", AND THAT § 1915(9) IS INAPPLICABLE TO THE INSTANT ACTION.

26. IN SUA SPONTE DECLARING "3-STRIKES" ~~THE UNITED STATES~~ KAISER, THROUGH IT'S ADVOCATE THE U.S. DISTRICT COURT, RELIES UPON ALLEGED "FOREIGN JUDGMENTS" (RENDERED OUTSIDE THIS DISTRICT) FOR WHICH NO ATTEMPT HAS BEEN MADE TO AUTHENTICATE, ADMIT INTO EVIDENCE, REGISTER OR OTHERWISE VALIDIFY THE CLAIMED "STRIKE" FOREIGN ORDERS.

27. PETITIONER, BY WAY OF ADMISSABLE AND UNCONTROV-ERTED EVIDENCE, ASSERTS THAT THE CLAIMED "STRIKE" ORDERS

PG 16 OF ~~33~~ 35

ARE "VOID AB INITIO" ORDERS OF NO FORCE AND EFFECT, ARE NOT ENFORCEABLE IN THIS COURT OR IN THIS DISTRICT AGAINST THE PETITIONER, AND ARE SUBJECT TO THE PETITIONER'S COLLATERAL ATTACK IN THE CAPTIONED ACTIONS.

28. BY UNCONTROVERTED AND ADMISSABLE EVIDENCE THE PETITIONER HAS FULLY ESTABLISHED THAT THE CLAIMED "STRIKE" AND/OR "3-STRIKE" ORDERS, AND/OR OTHER "DOA ORDERS" ARE "VOID AB INITIO", AS A MATTER OF FEDERAL STATUTE AND LAW, DUE TO PRE-EXISTING FINAL JUDGMENTS AND/OR FINAL CONSENT DECREES AS LISTED HEREIN ON EX. 2, (PG 34 OF 35 TO 35 OF 35) AND AS PROPERLY ADMITTED INTO EVIDENCE IN THE CAPTIONED ACTIONS, AND AS PROPERLY REGISTERED IN THIS COURT AND IN THIS DISTRICT PURSUANT TO 10 DEL. C. §§ 4781 TO 4781.

PG 17 OF 35

29. KAISER, THROUGH IT'S ADVOCATE, THE USDC, HAS OFFERED NOTHING TO CONTRAVENE, DISPUTE OR CHALLENGE PETITIONER'S "FOREIGN JUDGMENTS" (SEE EX. 2), AND HAS THEREFORE CONCEDED THE VALIDITY, ENFORCEABILITY AND SUPERIOR NATURE OF PETITIONER'S "FOREIGN JUDGMENTS".

30. KAISER, THROUGH IT'S ADVOCATE THE USDC, HAS OFFERED LITERALLY NOTHING TO CREATE AN ACTUAL "CONTROVERSY" AS REQUIRED BY U.S. CONST. ART III, AS TO THE VALIDITY, ADMISSABILITY AND ENFORCEABILITY OF THE PETITIONER'S "FOREIGN JUDGMENTS" WHICH ON THEIR FACE, REQUIRE THIS COURT TO VACATE AND DECLARE "VOID AB INITIO" ALL "DOA ORDERS", "STRIKE" OR "3— STRIKE" ORDERS CLAIMED OR ASSERTED AGAINST PETITIONER IN THE ATTEMPT TO BLOCK PETITIONER'S STATUTORY RIGHT

TO REV APPEAL AND REVIEW OF THE RE-CLASSIFICATION AND REDUCTION OF PETITIONER'S ALLOWED CLAIM, AS VESTED BY KAISER'S CONFIRMED PLAN.

B. PETITIONER IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION.

31. IN DETERMINING WHETHER PETITIONER IS ENTITLED TO A TRO OR PI, THE COURT GENERALLY CONSIDERS SEVERAL FACTORS: ① WHETHER THE PARTY WILL SUFFER "IRREPARABLE INJURY; ② THE "BALANCE OF HARDSHIPS" BETWEEN THE PARTIES; ③ THE LIKELYHOOD OF SUCCESS ON THE MERITS; ④ AND THE PUBLIC INTEREST. EACH OF THESE FACTORS WEIGHS HEAVILY IN FAVOR OF GRANTING THE PETITIONER INJUNCTIVE RELIEF.

C. PETITIONER IS SUFFERING A CONTINUING VIOLATION OF HIS CONSTITUTIONAL RIGHTS, CONSTITUTING IRREPARABLE HARM

PG 19 OF 35

32. THE USE OF THE "DOA ORDERS" IN THE CAPTIONED ACTIONS, TO DENY THE PETITIONER HIS STATUATORY RIGHT TO APPEAL AND REVIEW, BY THE SUA SPONTE DENIAL OF IFP STATUS, GIVES RISE TO THE PETITIONER'S RIGHT TO DECLARE A COLLATERAL ATTACK ON THE "DOA ORDERS", SEE D.I. 6 (10/11/05) AND D.I. 13 (1/13/06) IN CASE NO. 05-CV-574, WHICH ARE INCORPORATED HEREIN AS THOUGH FULLY SET FORTH HEREIN.

33. WHILE THE "DOA ORDERS" WERE INITIALLY PLACED AT ISSUE BY KAISER'S ADVOCATE, THE USDC, KAISER ON 3/17/06, IN CASE NO. 06-CV-178, D.I. 6, "JOINT MOTION OF DEBTORS...", AT PG. 2, FOOTNOTE 4, HAS ADOPTED THE USDC'S POSITION, BY CITING TO AND RELLYING UPON THE "DOA ORDERS" BY REFERENCE TO CASE NO. 05-CV-574, D.I. 3, 15 (SEE 06-CV-178, D.I. 6, BOTTOM OF PG. 3).

34. WHILE KAISER HAS ADOPTED THE USDC'S POSITION, THE ISSUE OF THE PETITIONER'S IFP BAR, BY A CLAIMED "3-STRIKES," IS NOT PROPERLY BEFORE THE COURT BY WAY OF A KAISER NOTICED MOTION, SUPPORTED BY SUFFICIENT ADMISSABLE

PG 20 OF 35

EVIDENCE, TO CAUSE THE BURDEN TO SHIFT TO THE PETITIONER, OR TO CREATE AN ACTUAL ARTICLE III CONTROVERSY, SEE DELEON v. DOE, 361 F.3d 93, AT 95 (2ND CIR 2004) (HOLDING THAT THE USDC ACTS IN A CLEAR ABSENCE OF ALL JURISDICTION, WHEN THE COURT DECLARES A "3-STRIKE" DISMISSAL, ON A SUA SPONTE, BASIS, WITHOUT A NOTICED MOTION, FROM THE OPPOSING LITIGANT, SUPPORTED BY ADMISSABLE EVIDENCE). LIKE IN DELEON, THIS USDC HAS INVOLVED ITSELF IN A DISPUTE THAT MIGHT NEVER HAVE ANY PRACTICAL CONSEQUENCES, AS A "3-STRIKE" IFP DEFENSE CAN BE WAIVED.

35. IN THE CAPTIONED CASES, THE USDC HAS WRONGFULLY INVOLVED ITSELF, AS KAISER'S ADVOCATE (NOW ENDORSED BY KAISER) IN A POTENTIAL DISPUTE THAT HAD NO ACTUAL ARTICLE III CONTROVERSY, WHICH NOW SUBJECTS THE CLAIMED "DOA ORDERS" TO THE PETITIONER'S COLLATERAL ATTACK, INVOLVING MULTIPLE "FUNDAMENTAL INTERESTS" OF THE PETITIONER, INTO THE LITIGATION WITH KAISER.

36. THE USE OF THE "DOA ORDERS" AGAINST THE PETITIONER, HAS INVOKED MULTIPLE "FUNDAMENTAL INTERESTS" OF THE PETITIONER, IN THESE

ACTIONS, INCLUDING PETITIONER'S FUNDAMENTAL RIGHT TO A WAIVER OF COSTS & FEES AND MANDATORY ACCESS TO THE COURT TO CHALLANGE: ① A "VOID AB INITIO" 12/8/03 DIVORCE DECREE, ENTERED EX PARTE W/O NOTICE OR OPPORTUNITY TO BE HEARD, WHICH GRANTED RELIEF IN EXCESS OF THAT ALLOWED BY A PRE-EXISTING "SEPERATION CONTRACT" (SEE EX. 2, ITEM "U" "SEPARATION CONTRACT", ENFORCEABLE IN THIS ACTION AGAINST THE "DOA ORDERS" BY RCW 26.09.070(6) AND U.S. CONST. ART IV § 1) ② A "VOID AB INITIO" PERMANATE RESTRAINING (SEE BODDIE v. CONNECTICUT, 401 U.S. 371 (1971); ② A "VOID AB INITIO" PERMANATE RESTRAINING ORDER, TERMINATING PETITIONERS PARENTAL RIGHTS (SEE M.L.B. v. S.L.J., 519 U.S. 102 (1996)); AND ③ A "VOID AB INITIO" ORDER, ISSUED W/O BASIS IN FACT OR LAW, AND IN A CLEAR ABSENCE OF ALL JURISDICTION, TAKING PETITIONER'S LIBERTY( SEE MAYER v. CHICAGO, 404 U.S. 189 (1971)).

37. THE GRANTING OF FULL FAITH & CREDIT TO THE "DOA ORDERS" VIOLATES THE PETITIONER'S CONSTITUTIONALLY PROTECTED "VESTED RIGHTS" ESTABLISHED BY THE "FOREIGN JUDGMENTS" (EX. 2), WHICH CREATE A DUE PROCESS-PROTECTED PROPERTY INTEREST, UNDER THE 5TH & 14TH AMEND., (SEE ANDRE v. CO. OF NASSAU, 311 F.SUPP. 2d 325, AT 335, HEAD NOTE [15] (E.D. NY 2004) CITING TO BENJAMIN v. JACOBSON, 124 F.3d 162, AT 176 (2ND CIR. 1997)); HODGES v. SNYDER, 261 U.S. 600, AT 603 (1923)).

PG 22 OF 35

38. THE USE OF 28 U.S.C. § 1915(g) (2000) (LEGISLATION ADOPTED IN 2000) AND THE "DOA ORDERS" AGAINST THE PETITIONER VIOLATES THE JUDGMENT CREDITORS RIGHTS UNDER THE UNITED STATES CONSTITUTION's CONTRACT CLAUSE, SEE U.S. CONST, ART I § 10. SEE EX. 2, ITEMS b, c, d, e, f, m # o WHICH ARE FINAL JUDGMENTS WHICH WERE ENTERED, PRIOR TO THE ADOPTION OF § 1915(g) IN 2000. McCULLOUGH v. VIRGINIA, 172 U.S. 102, AT 123-24 (1898) (IT IS NOT WITHIN THE POWER OF CONGRESS TO TAKE AWAY RIGHTS THAT HAVE BEEN VESTED BY FINAL JUDGMENT, ONCE AN ACTION PASSES TO FINAL JUDGMENT THE POWER OF THE CONGRESS TO DISTURB THE VESTED RIGHTS THEREBY CREATED CEASES). AS SUCH THE JUDGMENT CREDITOR 'S "VESTED RIGHTS" CREATED BY THE FINAL JUDGMENTS LISTED ON EX. 2, CAN NOT BE RESTRICTED, BY DENYING THE JUDGMENT CREDITOR ACCESS TO THIS COURT, TO ENFORCE HIS "VESTED RIGHTS" PROTECTED BY U.S. CONST. ART 4 § 2 (FULL FAITH & CREDIT CLAUSE) AND U.S. CONST. ART. I § 10 (CONTRACT CLAUSE),

PG 23 OF 35

SEE <u>HODGES V. SNYDER</u>, 261 U.S. 600, AT 603-04 (1923) (THE PRIVATE RIGHTS OF PARTIES TO LITIGATION WHICH HAVE BEEN ESTABLISHED AND "VESTED" BY THE JUDGMENT OF A COURT, <u>CANNOT</u> BE TAKEN AWAY BY SUBSEQUENT LEGISLATION, BUT MUST BE THEREAFTER ENFORCED BY THE COURT REGARDLESS OF SUCH LEGISLATION). AS SUCH THIS COURT <u>MUST</u> ENFORCE THE 7 SEPARATE FINAL JUDGMENTS (EX. 2, ITEMS B, c, d, e, f, m & o) WHICH PRE-DATE THE 2000 REENACTMENT OF §1915(g), NOT WITHSTANDING THE "DOA ORDER" WHICH PURPORT TO BAR ENFORCEMENT, AND MUST ALSO ENFORCE THE REMAINING 14 SEPARATE FINAL JUDGMENTS AND FINAL CONSENT DECREES, AS THEY SIMPLY ENFORCE, EXTEND AND FURTHER "VEST" THE RIGHTS VESTED BY THE ORIGINAL 7 FINAL JUDGMENTS. AS SUCH THIS COURT HAS A MANDATORY TO EXERCISE IT'S AUTHORITY TO GRANT THE JUDGMENT CREDITOR'S COLLATERAL ATTACK ON THE "DOA ORDERS", TO VACATE AND DECLARE THE "DOA ORDERS" TO BE UNCONSTITRALLY "VOID AB INITIO" AND TO FORTH WITH GRANT FULL FAITH & CREDIT

PG 24 OF 35

TO THE 21 SEPARATE "FOREIGN
JUDGMENTS", THEREBY ENFORCING
THE JUDGMENT CREDITOR'S
"VESTED RIGHTS" AND HIS
"FUNDAMENTAL INTERESTS" THAT
HAVE PLACE "AT STAKE" OR AT
RISK IN THESE ACTIONS, BY
KAISER'S USE (THROUGH THE
ADVOCACY OF THE USDC) IN THESE
ACTIONS OF THE "DOA ORDERS",
TO DENY THE APPELLANT AND
JUDGMENT CREDITOR HIS
STATUTORY RIGHT TO REVIEW
AND APPEAL, OF THE BANKRUPTCY
COURT'S "RE-CLASSIFICATION" AND
"REDUCTION" OF THE PETITIONER'S
ALLOWED
~~ALLOCATED~~ CLAIM (CLAIM # 736)
    39. THE USE OF THE DOA ORDERS
TO DENY THE PETITIONER ACCESS
TO THIS COURT, FURTHER VIOLATES
THE PETITIONER'S RIGHTS TO WORK
IN HIS COURT - APPOINTED OCCUPATION
AS THE GENERAL MANAGER OF THE
REORGANIZED DEBTOR, UNDER THE
FOREIGN JUDGMENTS, ~~THE PETITI~~
WHICH IS PROTECTED BY THE
        PG 25 OF 35

DUE PROCESS OF LAW PROVISIONS OF
THE U.S. CONST 5TH & 14 AMEND,
THE "FOREIGN JUDGMENTS" (EX.2,
ITEMS, d, 9, r, & 9) ESTABLISH A
DIFFINITIVE PROPERTY INTEREST IN
PETITIONER'S CONTINUED EMPLOYMENT,
AS AN ARM-OF-THE-COURT, CHARGED WITH
THE EXECUTION & ENFORCEMENT OF
THE "FOREIGN JUDGMENTS", AND THESE
FINAL JUDGMENTS AND FINAL CONSENT
DECREES ~~EXPRESS~~ ESTABLISH AN
EXPRESSED CONTINUING FORMAL
CONTRACT OF EMPLOYMENT, RECOGNIZE
BY FEDERAL AND STATE LAW, STATUTE, REGULATION
AND RULE (SEE EX.2, ITEM "9", ~~RES~~
LAST 2 PGS) (SEE BISHOP V. WOOD, 426 U.S.
341S (1976)). THE PETITIONER'S "RIGHT TO
WORK" IN HIS COURT ORDERED EMPLOYMENT
OF THE EXECUTION AND ENFORCEMENT
OF THE "FOREIGN JUDGMENTS", IS THE
VERY ESSENCE OF THE PERSONAL
FREEDOM AND OPPORTUNITY THAT IT
WAS THE PURPOSE OF THE 5TH & 14TH
AMENDMENTS, TO SECURE, (SEE
TRUAX V. RAICH, 239 U.S. 33, AT 41
(1915)). THE RESULT OF THIS COURT'S
ENFORCEMENT OF THE "DOA ORDERS"
IS AN ACTION BY THE GOVERNMENT
(THROUGH THE USDC) TO DISCHARGE THE

PG 26 OF ~~38~~ 35

PETITIONER, FOR SIMPLY HAVING
SOUGHT TO DO HIS COURT ORDERED
JOB OF ENFORCING AND EXECUTING
ON THE 21 SEPARATE "FOREIGN
JUDGMENTS". Ex.2, ITEM "9"
AWARDS THE PETITIONER, AS A FINAL
JUDGMENT CONTINUED EMPLOYMENT,
UNTIL THE "FOREIGN JUDGMENTS" ARE
SUCCESSFULLY AND FULLY EXECUTED
ON AND ENFORCED, THE SUA SPONTE
"DOA ORDERS", AND THE APPLICATION
OF § 1915 (9) CAN NOT BE USED
TO INTERFERE WITH THIS "VESTED
RIGHT" OF CONTINUED EMPLOYMENT,
AWARDED TO PETITIONER BY FINAL
JUDGMENT.

D. PETITIONER IS SUFFERING
IRREPARABLE HARM WARRANTING
IMMEDIATE INJUNCTIVE RELIEF

40. AS A MATTER OF LAW THE
CONTINUING DEPRIVATION OF A
SINGLE CONSTITUTIONAL RIGHT
CONSTITUTES IRREPARABLE HARM.
ELROD v. BURNS, 427 U.S. 347, AT 373
(1976). IN THIS CASE, IT IS CLEAR THAT
THE PETITIONER HAS SUFFERED
MULTIPLE PAST AND ON GOING VIOLATIONS
OF CONSTITUTIONAL HIS CONSTITUTIONAL

PG 27 OF 35

AS A RESULT OF THE SUA SPONTE ISSUANCE AND ENFORCEMENT OF THE "DOA ORDERS", AS SUCH PETITIONER HAS ESTABLISHED A "PRESUMPTION OF IRREPARABLE" THAT IS FLOWING FROM THE MULTIPLE VIOLATIONS OF THE PETITIONER'S FUNDAMENTAL CONSTITUTIONAL RIGHTS BY THE SUA SPONTE ISSUANCE AND ENFORCEMENT OF THE "DOA ORDERS", SEE JOLLY v. COUGHLIN, 76 F.3d 468, AT 482 (2ND CIR 1996). EVEN A TEMPORARY DEPRIVATION OF A CONSTITUTIONAL RIGHT IS GENERALLY SUFFICIENT TO PROVE IRREPARABLE HARM, SEE NAT'L PEOPLES ACTION v. WILMETTE 914, F.2d 1008, AT 1013 (7TH CIR. 1990); ROSS v. MEESE, 818 F.2d 1132, 1135 (4TH CIR 1987) (NOTING THAT DEPRIVATION OF ANY CONSTITUTIONAL RIGHT AMOUNTS TO IRREPARABLE HARM); MITCHELL v. CUOMO, 748 F.2d 804, AT 806 (2ND CIR 1984) (HOLDING THAT EVEN AN ALLEGED VIOLATION OF A CONSTITUTIONAL RIGHT IS A SHOWING OF IRREPARABLE HARM).

F. THE BALANCE OF HARDSHIPS FAVORS THE PETITIONER

41. IN DECIDING WHETHER TO GRANT THE REQUESTED TRO/OSC & P.I.

PG 28 OF 35

THE USDC COURT MUST ASK WHETHER
THE SUFFERING OF THE MOVING PARTY,
IF THE MOTION IS DENIED, WILL
OUTWEIGH THE SUFFERING OF THE
NON-MOVING PARTY (KAISER) IF THE
MOTION IS GRANTED. KAISER IS NOT A
DIRECT PARTY IN INTEREST AS TO THE "FOREIGN
JUDGMENTS", AND WOULD NOT SUFFER ANY
HARDSHIP BY THE ISSUANCE OF THE REQUESTED
TRO/OSC & P.I., OTHER THAN HAVING TO
LITIGATE THE ISSUES OF THE BANKRUPTCY COURT'S
"RECLASSIFICATION" AND "REDUCTION" ON THE
MERITS, IN THIS APPEAL. THE PETITIONER WILL
GREAT AND IRREPARABLE HARDSHIP BY THE
COURT REFUSING TO ISSUE THE REQUESTED
INJUNCTION, AS THIS COURT'S ENFORCEMENT
OF THE SUA SPONTE & EX PARTE "DOA
ORDERS" WILL INVALIDATE THE JUDGMENT
CREDITOR'S "VESTED RIGHTS" IN THE
"FOREIGN JUDGMENTS", IN THIS DISTRICT, AND
WILL CAUSE THE PETITIONER FURTHER
IRREPARABLE HARM AND HARDSHIP TO
THE RESTORATION OF HIS LOST LIBERTY AND COMMUNITY
PROPERTY, AND MORE IMPORTANTLY HIS
LOST PARENTAL RIGHTS, AND TIME WITH
HIS MINOR CHILDREN, WHICH WILL BE
PLACED HOPELESSLY AT RISK AND OF
BEING FOREVER LOST, WHICH IS
A HARDSHIP AND LOSS WHICH CAN NOT
BE REMEDIED BY A SUBSEQUENT
MONEY JUDGMENT. THE PETITIONER'S

PG 29 OR 35

LOST TIME WITH HIS MINOR CHILDREN, CAN NEVER BE RESTORED, PARTICULARLY AS THE CHILDREN APPROACH THE AGE OF MAJORITY. PETITIONER'S MOST SACRED RIGHT, A RIGHT GREATER THAN LIFE ITSELF ~~IS A PART OF~~ HAS NOW BEEN PLACED AT RISK IN THIS ACTION BY THE COURT'S MISPLACED ATTEMPTS TO ENFORCE THE "DOA ORDERS" WHICH MAY ACT TO FULLY TERMINATE THE PETITIONER'S PARENTAL RIGHTS, A HARM AND LOSS GREATER THAN ANY OTHER CONCIEVABLE.

F. THE PETITIONER IS LIKELY TO SUCCEED ON THE MERITS

42. THE PETITIONER HAS A GREAT LIKELY HOOD OF SUCCESS ON THE MERITS IN THIS APPEAL. THE RECORD WILL SHOW AND ESTABLISH THAT THE BANKRUPTCY COURT'S "RE-CLASSIFICATION" AND "REDUCTION" OF THE PETITIONER'S ALLOWED CLAIM, WAS NOT MADE UPON ANY IDENTIFIABLE FACTS, EVIDENCE OR CRITERIA. THE DEBTOR ~~&~~ KAISER SIMPLY DECLARED THAT THE PETITIONER'S ALLOWED A CLAIM SHOULD BE RE-CLASSIFIED AND REDUCED, STATING SIMPLY THAT KAISER HAS "DETERMINED"

PG. 30 OF ~~35~~ 35

THAT THE ALLOWED CLAIM SHOULD BE RECLASIFIED AND REDUCED, WITHOUT CITING TO A SINGLE FACT OR LEGAL AUTHORITY. THE PETITIONER'S CLAIM WAS ARBITRALLY RECLASSIFIED AND REDUCED, IT WILL BE SHOWN, IN "MASS", W/ 32 OTHER CLAIMS, W/O ANY ANALYSIS, BASIS, SUPPORTING FACTS BEING CITED TO BY KAISER, OR THE COURT. THE RECORD WILL FURTHER ESTABLISH THAT THE PETITIONER'S DUE PROCESS RIGHTS WERE VIOLATED, AND THAT THE APPLICABLE STANDARDS, PURSUANT TO FRBP 3007, LOCAL RULE 3007-1, 11 U.S.C. § 507 AND OTHER PROVISIONS OF THE BANKRUPTCY CODE AND LAW. OTHER THAN KAISER'S UNSUPPORTED, UNQUANTIFIED, "DETERMINATION" THAT THE PETITIONER'S ALLOWED CLAIM SHOULD BE RE-CLASSIFIED AND REDUCED, (WHICH IS AN INSUFFICIENT ASSERTION, OR "BLANKET" CLAIM) THERE WAS NO BASIS FOR THE BANKRUPTCY COURTS ORDER. SEE LONGSTRETH u. MAYNARD, 961 F.2d 335, AT 903 (10TH CIR. 1992); ENG U. SMITH, 849 F.2d 80, AT 81 (2ND CIR. 1988).

PG 31 OF 35

G. THE RELIEF SOUGHT WILL
SERVE THE PUBLIC INTERESTS

43. THE PUBLIC INTEREST IS
SIGNIFICANTLY SERVED BY THE
ENFORCEMENT OF PREVIOUSLY "VESTED"
AND FULLY ADJUDICATED RIGHTS, AS
THE PETITIONER AND JUDGMENT
CREDITOR HAS AT STAKE IN THIS
ACTION, NOW THAT MULTIPLE
FUNDAMENTAL CONSTITUTIONAL
INTERESTS OF THE PETITIONER
HAVE BEEN PLACED "AT STAKE" AND
AT RISK BY THE COURT ENFORCEMENT
OF THE "VOID AB INITIO" SUA SPONTE
AND EX PARTE "DOA ORDERS", ENTERED
IN A CLEAR ABSENCE OF ALL
JURISDICTION AND CONTRARY TO
ESTABLISHED CONSTITUTIONAL PROVISIONS,
STATUTES AND AUTHORITY. SEE
LLEWELYN v. OAKLAND CO. PROSECUTOR
402 F.SUPP 1379, AT 1393 (E.D. MICH 1975)
("THE CONSTITUTION IS THE ULTIMATE
EXPRESSION OF THE PUBLIC INTEREST").
ILO INVESTMENTS, INC. v. CITY OF ROCHESTER
816 F.SUPP. 516, AT 527 (D. MINN. 1993)
("UPHOLDING CONSTITUTIONALLY GUARANTEED
RIGHTS IS IN THE PUBLIC INTEREST"
HERE, THE PUBLIC INTEREST WOULD BE
SERVED AND VIOLATED BY NOT ISSUING THE

PG 32 OF 35

REQUESTED TRO/OSC & P.I.

H. PETITIONER SHOULD NOT BE
REQUIRED TO POST SECURITY SINCE KAISER
WILL NOT SUFFER MONETARY LOSS BY INJUNCTION

44. THE COURT SHOULD WAIVE
ANY REQUIREMENT FOR SECURITY TO
BE POSTED BY THE PETITIONER/
JUDGMENT CREDITOR, FIRST BECAUSE
THE PETITIONER IS INDIGENT AND
UNABLE TO POST SECURITY, AND THE
COURT HAS DISCRETION TO EXCUSE AN
IMPOVERISHED LITIGANT FROM POSTING
SECURITY, SEE ORANTES-HERNANDEZ v.
SMITH, 541 F. SUPP. 351, AT 385 N. 30
(C.D. CAL. 1982); J.L. v. PARHAM, 412
F. SUPP. 112, AT 140 (N.D. GA 1976),
SECONDLY, AND MOST IMPORTANTLY,
KAISER WILL NOT SUFFER ANY
MONETARY LOSS, BY THE ISSUANCE
OF THE TRO/OSC & P.I., OTHER
THAN THE COST TO LITIGATE THE
APPEAL ISSUES ON THEIR MERITS,
SEE COHEN v. COAHOMA CO. 805 F. SUPP.
398, AT 408 (N.D. MISS. 1992); U.S. v.
STATE OF OREGON, 675 F. SUPP. 1249,
AT 1253 (D. OR. 1987).

CONCLUSION

FOR ALL OF THE FOREGOING REASONS
THE COURT SHOULD GRANT THE REQUESTED
TRO/OSC & P.I. IN THE INTERESTS OF JUSTICE
TO PREVENT A MISCARRIAGE OF JUSTICE.
DATED: 4/20/06   PG 33 OF 35
FILED/MAILED ON

I DUCAN... DECLARE THAT ALL STATEMENTS OF
MARE HEREIN ARE TRUE AND CORRECT UNDER THE PENALTY OF
PERJURY PURSUANT TO THE LAWS OF THE U.S.
DATED: 4/20/06

FOREIGN JUDGMENTS

EXHIBIT "2"

AUTHENTICATION & REGISTRATION THEREOF:

a. NOTICE of Filing of "Assignment of Interests in Bankruptcy Court Judgments Rendered in Another District, for the Benefit of Creditors, in aid of the Judgment, and in the aid of the Enforcement and Execution Thereof", filed 3-22-02 in Misc Case No 02-02, filed as Docket #535, on March 22, 2002, in Case No. 01-06073-W11, USBC-ED-WA;

b. "Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, Combined With Notice Thereof", (hereinafter "Broadway Disclosure Statement"), entered December 21, 1998, as Docket #112 in Case No. LA 98-18082-SB, USBC-CD-CA-LA;

c. "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan", (hereinafter "Broadway's First Plan w/Discharge"), entered March 19, 1999, in Case No. LA 98-18082-SB, , USBC-CD-CA-LA, as Docket #129, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service on Counsel;

d. "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan (As Modified)", (hereinafter "Broadway's Second Plan"), entered June 16, 1999, in Case No. LA 98-18082-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

e. "Findings of Fact and Conclusions of Law in Support of Order Disallowing Claims of John H. Smith and Robert Hayes", (hereinafter "Fraudulent Deed Findings"), entered December 29, 1998, in Adversary Case No. AD-98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

f. "Judgment and Order Pursuant to Summary Judgment Motions", (hereinafter "Fraudulent Deed Judgment"), entered December 29, 1998, in Adversary Case No AD 98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

g. "Stipulated Order Re: Liability and Damages", entered October 30, 2000 in Case No. CS-97-435-RHW, USDC-ED-WA;

h. Writ of Obedience #02-0001, issued May 31, 2002, in Spokane County Superior Court Case No. 02-2-02825-4; *DOC# 14, FILED 10/21/04* Ⓐ

i. Writ of Obedience #02-0002, issued June 6, 2002, in Case No. 02-2-02825-4; *DOC #15* Ⓐ

j. Writ of Obedience #02-0003, issued June 7, 2002, in Case No. 02-2-02825-4; *DOC #16* Ⓐ

k. Writ of Obedience #02-0004, issued June 12, 2002, in Case No. 02-2-02825-4; *DOC #17* Ⓐ

l. Writ of Obedience #02-0005, issued July 18, 2002, in Case No. 02-2-02825-4. *DOC #18* Ⓐ

m. ORDER denying relief from stay Re: Item # 41. with Notice of Entry, filed 1/11/2000 as Docket #137, incorporating therein "Opposition Re: Item # 41. to motions to lift stay: opposition to motion to annul stay, filed 12/9/1999, as Docket #94", and incorporating "Opposition Re: Item # 57, to motion to lift stay and to motion to annul, filed 12/10/1999, as Docket #95"; all filed in Case No. LA 99-39555-SB, USBC-CD-CA-LA;

n. BAP/USDC appeal judgment - the Bankruptcy Court judgment is AFFIRMED. BAP #CC-00-1049 RE: Item #154, filed 1/16/2001, as Docket #359, Case No. LA 99-39555-SB, USBC-CD-CA-LA;

o. ORDER Granting Debtors Motion to Strike Liens, filed 9/15/1998, as Docket #199, in Case No. 96-02980-K11, USBC-ED-WA;

p. NOTICE of Filing of "Request to Clerk for Registration of Judgment Rendered in Another Court, filed 3-21-02 as Misc Case No. 02-01 (02-01731 DJM $), filed 3/27/2002, as Docket #536, Case No. 01-06073-W11, USBC-ED-WA;

q. EXHIBIT I Admitted at hearing on 12-5-01; re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract Effective 5-24-01 between Duncan J McNeil and Broadway Buildings II LP. Re: Oust Motin to Convert Case to Cb 7, Docket #44 & Joinder therein Docket #212, as Docket #459, Case No. 01-06073-W11, USBC-ED-WA;

Ⓐ DOC #'s REFER TO "PACER" DOCKET NUMBERS FOR CASE NO:
2:04-CV-00427-AAM; USDC EASTERN DISTRICT OF WASHINGTON

PG 34 OF 35

FOREIGN JUDGMENTS    EX. 2
(PG 2 OF 2)

r.   EXHIBIT J Admitted at hearing on 12-5-01; Re: Amendment to Settlement
     Agreement and Mutual Release and Personal Services Contract, effective 8-17-01
     between Duncan J McNeil, GMFT Reorganization Corporation, and Broadway
     Buildings II LP RE: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder
     therein Docket #212, filed 1/4/2002, as Docket #460, Case No. 01-06073-W11,
     USBC-ED-WA;

s.   PROPOSED Exhibit "D-D" to Supplement Exhibits offered at hearing on 12-5-01;
     RE: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil 11-23-99
     with the Oust-Ed-WA, in the Sum of $5211.926, ... ... ..., filed 2/6/2002, as Docket
     #'s 506, 506A, Case No. 01-06073-W11, USBC-ED-WA;

t.   PROPOSED Exhibit "I-I" to Supplement Exhibits offered at hearing on 12-5-01; re:
     1) Standard Form 95 Claim for Damages filed by Duncan J McNeil on 3-6-98 with
     the Oust-Ed-WA, in the sum of $4,651,000. Re: Oust Motion to Convert Case to Ch
     7, Docket #44 and Joinder therein Docket #212, filed 2/11/2002, as Docket #512,
     Case No. 01-06073-W11, USBC-ED-WA;

u.   (1) NOTICE of Separation Contract & Dissolution of Marriage Contract Pursuant to
     RCW 26.0-9.070 filed 7-26-01 as Document #4613783 with the County Recorder for
     Spokane County, Washington, (pages 1 of 29 to 29.of 29); (2) JOINT Petition for
     Dissolution of Marriage, filed 7-26-01 in Case No. 01-301586-7 (pages 2 of 29 to 5
     of 29; 3) SEPARATION Contract and Dissolution of Marriage Contract Pursuant to
     RCW 26.09.070, filed 7-26-01 in Case No. 01-301586-7, (pages 6 of 29 to 29 of 29),
     filed 2/6/2002, as Docket #505, Case No. 01-06073-W11, USBC-ED-WA;

v.   ~~DECREE of DISSOLUTION, entered 11/2/01 in Spokane County Superior Court
     Case 01-301586-7, except those portions of the decree that were entered in violation
     of law, and in violation of the Complainant's civil and constitutional rights, as a
     parent.~~

_AUTHENTICATION & REGISTRATION OF JUDGMENTS_

I, DUNCAN J. MCNEIL, III, AM THE LAWFUL OWNER
OF THE FOREGOING LISTED "FOREIGN JUDGMENTS"
AND I HEREBY CERTIFY THAT TRUE AND CORRECT
COPIES OF THESE "FOREIGN JUDGMENTS" ARE ON
FILE IN THE IDENTIFIED ACTIONS AND DOCKET #'s
AND THAT THESE "FOREIGN JUDGMENTS" ARE
OFFICIALLY PUBLISHED ON THE COURT'S "PACER"
SYSTEM, PURSUANT TO FRCP 44(a)(1) AND FRE
RULE 201(b)(2) AND ARE THE "OFFICIAL PUBLICATIONS
THEREOF". BY THIS MOTION/PETITION/APPLICATION
I REQUEST THAT THE CLERK OF THIS COURT
PRINT, FILE AND REGISTER THESE "FOREIGN
JUDGMENTS" FROM THE COURT'S "PACER" SYSTEM
AND THAT THESE "FOREIGN JUDGMENTS" BE
GRANTED FULL FAITH & CREDIT IN THIS COURT
PURSUANT TO 28 USC § 1963, 28 USC § 1738 AND
U.S. CONST. ART. IV § 1 (AND THE APPLICABLE STATE
UEFJA(a)). I DECLARE THE FOREGOING TO BE TRUE
AND CORRECT, UNDER THE PENALTY OF PERJURY.
DATED: 4/20/06

JUDGMENT CREATOR

13

PG 35 OF 35

TO: CLERK D-
USDC-D-DE
REQUEST FOR REASON ABLE ACCOMMODATION

RE:
MC-06-41
CV-05-574
(CV-06-178)

AS A REASONABLE
ACCOMMODATION TO MY
ESTABLISHED DISABILITY
PER ADA & SECTION 508,

I AM REQUESTING THAT THE CLERK
PROVIDE ME A CON FORMED COPY
OF THIS URGENT MOTION, (BY
MAIL) AND THAT THE CLERK
ELECTRONICALLY FILE THIS
MOTION, AND ELECTRONICALLY
SERVE COPIES OF SAID
MOTION ON ALL PARTIES
TO THE REFERENCED ACTIONS.
THANK YOU FOR ACCOMMODATING
MY ESTABLISHED DISABILITY

DUNCAN J. MCUEN
SPOKANE CO. JAIL
1100 W. MALLON
SPOKANE, WA 99260

≡ 1.83 ≡ U.S. POSTAGE
PB METER
7148396
MAR 24 '06
SPOKANE

CLERK
US DISTRICT COURT
LOCK BOX 27
844 KING ST.
WILMINGTON, DE 19801

LEGAL MAIL