# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KAISER ALUMINUM CORPORATION, ) | |
| *et al.*, ) | Bankruptcy Case No. 02-10429-JFK |
| Debtors. ) | |
| ) | |
| ) | |
| IN RE: ) | |
| ) | |
| KAISER ALUMINUM CORP., ) | Misc. Case No. 06-041-JJF |
| *et al.*, ) | |
| Debtors. ) | |

## FUTURE SILICA AND CTPV CLAIMANTS' REPRESENTATIVE'S APPELLATE MEMORANDUM IN RESPONSE TO THE MEMORANDA OF THE APPELLANT INSURERS[1], AND IN JOINDER TO THE JOINT ANSWERING MEMORANDUM OF REORGANIZING DEBTORS AND THEIR PRINCIPAL CREDITOR CONSTITUENCIES

Dated:  May 1, 2006

| | | |
|---|---|---|
| THE HOGAN FIRM | | STUTZMAN, BROMBERG, |
| Daniel K. Hogan | | ESSERMAN & PLIFKA, P.C. |
| 1311 Delaware Ave. | | Sander L. Esserman |
| Wilmington, Delaware 19806 | and | Steven A. Felsenthal |
| Telephone:  (302) 656-7540 | | Peter C. D'Apice |
| Facsimile:  (302) 656-7599 | | 2323 Bryan Street, Suite 2200 |
| | | Dallas, Texas  75201 |
| | | Telephone: 214.969.4900 |
| | | Facsimile: 214.969.4999 |

**Counsel for the Future Silica
Claimants' Representative**

---

[1] The "Appellant Insurers" are ACE Property and Casualty Company, Central National Insurance Company of Omaha, Century Indemnity Company, Columbia Casualty Insurance Company, Transcontinental Insurance Company, Harbor Insurance Company, Industrial Indemnity Company, Industrial Underwriters Insurance Company, Continental Insurance Company, Republic Indemnity Company, TIG Insurance Company, Transport Insurance Company, New England Reinsurance Corporation, Nutmeg Insurance Company, Pacific Employers Insurance Company, First State Insurance Company, Hartford Accident and Indemnity.

## **TABLE OF CONTENTS**

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.     SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

III.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

         A.      The Third Circuit has expressly stated that the Bankruptcy
                 Code permits the transfer of a debtor's rights under an insurance
                 policy  pursuant to a plan of reorganization, notwithstanding an
                 anti-assignment provision in the policy . . . . . . . . . . . . . . . . . . . . . . . 2

         B.      The Bankruptcy Code contemplates that the assets in
                 a debtor's bankruptcy estate—including rights under an insurance
                 policy—may be directed out of the estate to benefit the creditors
                 upon confirmation of a plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

IV.     CONCLUSION AND STATEMENT OF RELIEF SOUGHT. . . . . . . . . . . 8

# TABLE OF AUTHORITIES

## CASES

*In re Combustion Eng'g, Inc.*,
391 F.3d 190 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,4,5

*First Fidelity Bank v. McAteer*, 985 F.2d 114 (3d Cir. 1993) . . . . . . . . . . . . . . . 4

*In re Indian Palms Ass'n, Ltd.*, 61 F.3d 197 (3d Cir. 1995) . . . . . . . . . . . . . . . . 8

*Maertin v. Armstrong World Indus., Inc.*,
241 F.Supp.2d 434 (D. N.J. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pac. Gas and Elec. Co. v. California*, 350 F.3d 932 (9th Cir. 2003) . . . . . . . . . . 6

*In re Stone & Webster, Inc., et al.*,
286 B.R. 532 (Bankr. D. Del. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Ron Pair Enters., Inc.*,
489 U.S. 235, 109 S.Ct. 1026 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*,
484 U.S. 365, 108 S.Ct. 626 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## CONSTITUTION

U.S. CONST., Art. I, § 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

U.S. CONST., Art. VI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## STATUTES

11 U.S.C. § 524(g)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11 U.S.C. § 704(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11 U.S.C. § 704(9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11 U.S.C. § 1106(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11 U.S.C. § 1107(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11.U.S.C. § 1123(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,8

11 U.S.C. §§ 1141-1146 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

# I.
## INTRODUCTION

Pursuant to this Court's April 3, 2006, Memorandum Order [Docket No. 11] (i) waiving the mediation requirement, (ii) denying an expedited hearing on Confirmation Findings and Confirmation Order, and (iii) accepting memoranda in lieu of formal briefing, the Future Silica and CTPV Claimants' Representative (the "FSR") files this Future Silica and CTPV Claimants' Representative's Appellate Memorandum in Response to the Memoranda of the Appealing Insurers, and in Joinder to the Joint Answering Memorandum of Reorganizing Debtors and Their Principal Creditor Constituencies, in response to certain insurers' Appellate Memoranda relating to their appeal from and request for *de novo* review of the Order Confirming the Second Amended Joint Plan of Reorganization of Kaiser Aluminum Corporation, Kaiser Aluminum & Chemical Corporation and Certain of Their Debtor Affiliates, as Modified (the "Confirmation Order") entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on February 6, 2006, and the accompanying Findings of Fact and Conclusions of Law Regarding Confirmation of the Second Amended Joint Plan of Reorganization of Kaiser Aluminum Corporation, Kaiser Aluminum & Chemical Corporation and Certain of Their Debtor Affiliates, as Modified (the "Findings and Conclusions") also entered by the Bankruptcy court on February 6, 2006.

# II.
## SUMMARY OF ARGUMENT

The FSR joins in and fully supports the Reorganizing Debtors' Appellate Memorandum and highlights here the following discrete points.

1

The gravamen of the Appellant Insurers' appeal is the erroneous assertion that the provision of the Debtors' Plan of Reorganization[2] that will assign the Debtors' rights to proceeds under the Insurance Policies[3] to the Funding Vehicle Trust is somehow inappropriate because of alleged anti-assignment provisions in the policies. However, the Appellant Insurers' assertion is directly contradicted by established precedent in this Circuit. The Third Circuit has already decided that an anti-assignment provision in an insurance policy does not prevent the assignment of rights under that policy to or from a bankruptcy estate. The only rational extension of that decision is that the assignment of rights to a trust is similarly permissible. The treatment of the Insurance Policies in the Plan is permitted under the Bankruptcy Code and conforms to general principles of bankruptcy practice.

### III.
### ARGUMENT

**A.     The Third Circuit has expressly stated that the Bankruptcy Code permits the transfer of a debtor's rights under an insurance policy pursuant to a plan of reorganization, notwithstanding an anti-assignment provision in the policy.**

The Third Circuit, in *In re Combustion Engineering, Inc.*, 391 F.3d 190 (3d Cir. 2005), states as follows:

> With respect to the anti-assignment provisions, we agree with the District Court that even if the subject insurance policies purported to prohibit assignment of Combustion Engineering's insurance proceeds, these provisions would not prevent the assignment of proceeds to the bankruptcy estate.
>
> …Put simply, § 541 prohibits restrictions on the interests of the debtor, which includes the insurance policies held by

---

[2]  Second Amended Joint Plan of Reorganization, Filed on September 7, 2005, Docket No. 7312.

[3]  Those policies Debtor has with the Appellant Insurers.

Combustion Engineering… *See* 11 U.S.C. § 541(1)(a) ("The commencement of a case under section 301, 302, or 303 of this title creates an estate.  Such estate is comprised of… all legal or equitable interests of the debtor in property as of the commencement of the case.");…

*Combustion Eng'g*, 391 F.3d at 218-219.

The footnote to the above passage states:

Section 541 effectively preempts any contractual provision that purports to limit or restrict the rights of a debtor to transfer or assign its interests in bankruptcy.  11 U.S.C. § 541(c)(1) ("[A]n interest of the debtor in property becomes property of the estate… notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—(A) that restricts or conditions transfer of such interest by the debtor").  The Bankruptcy Code expressly contemplates the inclusion of debtor insurance policies in the bankruptcy estate.  Section 1123(a)(5) provides:

> Notwithstanding any otherwise applicable nonbankruptcy law, a plan a shall —
> …
> (5) provide adequate means for the plan's implementation, such as
> …
> (B) transfer of all or any part of property of the estate to one or more entities, whether organized before or after the confirmation of such plan.

*Id.* at 218-219 n.27.

The Third Circuit made this pronouncement when considering a plan of reorganization that, like the instant plan, contemplated a transfer of the debtor's rights in insurance policies to a trust.  The Appellant Insurers attempt to distinguish this ruling on the basis that the Third Circuit applied federal preemption to the anti-assignment provisions in the policies as it relates to transferring rights thereunder only to the bankruptcy estate, rather than also to a trust under a plan.  This is a meaningless distinction.  As the Third Circuit correctly held that anti-assignment provisions do not

apply in transferring insurance policy rights *to* the estate, such provisions must also be preempted when it comes time to dispose of such rights *from* the estate under a plan. Indeed, this is the result that the Third Circuit endorsed under the approved plan. Thus, the anti-assignment issue the Appellant Insurers raise has been resolved in this Circuit. As a result of *Combustion Engineering*, the Insurers' argument on appeal lacks merit.

Furthermore, the Third Circuit's position happens to be the correct one: The plain language of Bankruptcy Code sections 541(c) and 1123(a)(5) preempt any state law that would otherwise prohibit the debtors from assigning their rights under their respective insurance policies, as shown below.

**B.    The Bankruptcy Code contemplates that the assets in a debtor's bankruptcy estate—including rights under an insurance policy—may be directed out of the estate to benefit the creditors upon confirmation of a plan.**

Insurance policies and the rights and interests of a Debtor under those policies are property of the estate as defined in section 541 of the Bankruptcy Code. "The Third Circuit has thus followed the general rule that insurance policies which provide coverage for a debtor's liability belong to the debtor's estate." *Maertin v Armstrong World Indus., Inc.,* 241 F.Supp.2d 434, 446 (D. N.J. 2002). The Third Circuit in *Combustion Engineering* reiterated this general rule when the court stated, "[t]he Bankruptcy Code expressly contemplates the inclusion of debtor insurance policies in the bankruptcy estate." 391 F.3d 190, 219, n.27 (3d Cir. 2005). In addition, the Third Circuit "has held that insurance policies are property of the estate 'even though the policy has not matured, has no cash surrender value and is otherwise contingent.'" *First Fidelity Bank v McAteer,* 985 F.2d 114, 116 (3d Cir. 1993). The Third Circuit in *Combustion Engineering* found that "even if the subject insurance policies purported to prohibit

assignment of [the debtor's] insurance proceeds, these provisions would not prevent assignment of proceeds to the bankruptcy estate." 391 F.3d at 218. The Third Circuit explained that "[p]ut simply, § 541 prohibits restrictions on the interests of the debtor, which includes the insurance policies held by Combustion Engineering." *Id.*

Thus, the Debtors' insurance policies and the rights and interests under the policies are property of the estate under section 541. The Debtors must fully administer the estate. 11 U.S.C. §§ 704(2) and (9), 1106(a) and 1107(a). In doing so, the Debtors may propose a plan of reorganization. 11 U.S.C. §§ 1106(a)(5) and 1107(a). If, as here, the Debtors propose a plan, the plan "shall … provide adequate means for the plan's implementation," including the transfer of property of the estate to an entity organized after confirmation of the plan. 11 U.S.C. § 1123(a)(5)(B). The transfer of this property out of the estate under the proposed Plan is governed by section 1123(a)(5)(B). Furthermore, with respect to the Funding Vehicle Trust in this case, the Bankruptcy Code expressly provides in section 524(g) that a plan of reorganization shall establish a trust to assume all asbestos liabilities of the debtor and receive funding from the debtor's estate to pay such claims. 11 U.S.C. § 524(g)(2)(B).

Despite the Appellant Insurers' assertions to the contrary, the Debtors are not proceeding under 11 U.S.C. § 363 and, consequently, the transfer is not governed by section 363(l), as certain insurers argue. Section 1123(a)(5)(B) expressly contemplates that the Debtors' interest in insurance policies is property of the estate and may be

assigned by the estate to a trust or other entity. *Combustion Eng'g,* 391 F.3d at 219 n. 27. This is a fundamental bankruptcy principle.[4]

The Appellant Insurers' primary support for their mistaken contention that the Bankruptcy Code, specifically section 1123(a)(5), does not allow for the assignment of the Debtors' rights under the insurance policies is a Ninth Circuit decision, *Pacific Gas and Electric Company v California*,[5] which was decided over a year *before* the Third Circuit decided *Combustion Engineering.* In deciding *Combustion Engineering*, the Third Circuit declined to follow the Ninth Circuit with respect to this issue. This Court must follow the authority of the Third Circuit. If there is a Circuit conflict on the issue, any resolution should be reserved for the United States Supreme Court.

The Appellant Insurers further argue that section 1123(a)(5) preempts only laws "relating to the financial condition" of a Debtor. In support of this ill-conceived argument, the Appellant Insurers once again mistakenly rely on the Ninth Circuit decision that, as expressed earlier, is not the binding authority in this case.

Moreover, the Appellant Insurers' argument is not supported by the plain language of the Code. Section 1123(a) is not ambiguous on its face and fits into the scheme of the Code. A plan must provide for disposition in one way or another of all estate property. Policies that become part of the estate upon the commencement of a case must be transferred out of the estate, and may be so transferred under the Code in a plan of reorganization—just like any other property of the estate, irrespective of "any

---

[4] Appellants Century Indemnity Company *et al.* do not even acknowledge *Combustion Engineering* in their Opening Memorandum argument that the policy rights at issue are not even "property of the estate," where *Combustion Engineering* has expressly found to the contrary. *See* 391 F.2d at 218-19.

[5] 350 F.3d 932 (9th Cir. 2003)

otherwise applicable nonbankruptcy law," as provided in section 1123.  11 U.S.C. § 1123(a).  The Appellant Insurers contend that section 1123(a)(5) must be limited by the financial condition requirement of section 1142(a).  However, section 1142 does not govern plan provisions, but rather sets forth authority for implementation of a plan after confirmation.  *See* 11 U.S.C. §§ 1141-1146.

Construing the Bankruptcy Code "is a holistic endeavor."  *United States Savs. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 630 (1988).  "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 240-41, 109 S. Ct. 1026, 1030 (1989).  These provisions of the Code, sections 541, 1123 and 1142, are consistent and internally coherent when read with the Code as a whole.  Therefore, the Supreme Court dictates that the Court apply the plain language of section 1123(a)(5)(B).

Conversely, the Code should not be read to produce the internally inconsistent result to which the Appellant Insurers' proposed construction of the Code would lead. *See Ron Pair*, 489 U.S. at 244, 109 S.Ct. at 1032.  The Appellant Insurers would have this Court hold, in effect, that once the Insurance Policies become property of the estate, the rights in the policies, unlike all other property of the bankruptcy estate, cannot be transferred out of the estate, but instead are absorbed by some kind of bankruptcy black hole, never to emerge.  Under the Insurers' approach to the Code, a debtor would actually lose property merely by filing a bankruptcy petition, to the detriment of its creditors. This Court must avoid a construction of the Code that produces such a nonsensical result.

Finally, it is beyond peradventure that on the issue of the assignment of estate property, the Code trumps state law. The United States Constitution bestows on Congress the power to establish "uniform Laws on the subject of Bankruptcies throughout the United States…." U.S. CONST., Art. I, §8. The transfer authorization language of section 1123(a)(5)(B), "notwithstanding any otherwise applicable non-bankruptcy law," expressly preempts any and all non-bankruptcy laws—including California state law.[6] 11 U.S.C. § 1123(a)(5); s*ee In re Stone & Webster, Inc., et al.,* 286 B.R. 532, 543 (Bankr. D.Del. 2002); s*ee also In re Indian Palms Ass'n, Ltd.*, 61 F.3d 197, 209 (3d. Cir. 1995) (extending the maturity date of a mortgage pursuant to section 1123(a)(5)). "This Constitution, and the laws of the United States which shall be made in Pursuance thereof…shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST., Art. VI.

## IV.
## CONCLUSION AND STATEMENT OF RELIEF SOUGHT

The Appellant Insurers audaciously ask this Court to ignore the Third Circuit and the Bankruptcy Code, urging the Court to instead follow a Ninth Circuit decision that the Third Circuit has already refused to follow. This request is wholly inappropriate. The

---

[6] Contrary to the inappropriate assertions made by Century Indemnity Company, *et al*., in their opening memorandum (*See* Opening Memorandum of Appellants, Century Indemnity Company, *et al*., Docket No. 18, at 10-11), relevant non-bankruptcy law does not forbid the assignment of the right to proceeds under the Plan. The Appellant Insurers cite to *Henkel Corp. v. Hartford Accident and Indus. Co.*, 29 Cal. 4th 934, 62 P.3d 69, 129 Cal. Rptr. 2d. 828 (Cal. 2003) for the proposition that California state law prohibits the assignment in question. *Henkel*, however, does not avail the Appellant Insurers. Although not applicable under the particular facts in *Henkel*, the *Henkel* court did note that: "It is established that a provision in a contract or a rule of law against assignment does not preclude the assignment of money due or to become due under the contract [and] [c]ases and commentators have applied this principle to the assignment of benefits under an insurance policy." *Henkel*, 29 Cal. 4th at 944 (citations omitted). Given that the neutrality provisions of the Plan assure that the Insurers are no worse off after the transfer of rights than they were before the transfer, and for other reasons that need not now be addressed, the FSR believes the California courts would find the transfer is not prohibited.

Third Circuit's decision in *Combustion Engineering* supports the contemplated transfer of insurance proceeds in the Plan. Furthermore, the plain language of section 1123(a)(5) of the Bankruptcy Code clearly and expressly preempts any California state law proscribing the transfer of the Debtors' rights under the Insurance Policies. This language is conclusive.

The Court should hold that the Bankruptcy Code, section 1123(a)(5), does in fact preempt the Insurers' alleged contractual anti-assignment rights under the Insurance Policies and that the Debtors' rights under such policies may be transferred pursuant to the Plan to the Funding Vehicle Trust regardless of any California state law that may or may not suggest otherwise. Moreover, the Court should affirm the Bankruptcy Court's Confirmation Order and uphold its Findings and Conclusions.

Dated: May 1, 2006

Respectfully submitted,

 /s/ Daniel K. Hogan
Daniel K. Hogan (De. Bar No. 2814)
THE HOGAN FIRM
1311 Delaware Ave.
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599

and

STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
Sander L. Esserman
Steven A. Felsenthal
Peter C. D'Apice
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
214-969-4900
214-969-4999 (facsimile)

**Counsel for the Future Silica Claimants' Representative**

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KAISER ALUMINUM CORPORATION, ) | |
| *et al.*, ) | Bankruptcy Case No. 02-10429-JFK |
| Debtors. ) | |
| ) | |
| ) | |
| IN RE: ) | |
| ) | |
| KAISER ALUMINUM CORP., ) | Misc. Case No. 06-041-JJF |
| *et al.*, ) | |
| Debtors. ) | |

**CERTIFICATE OF SERVICE**

I, Daniel K. Hogan, hereby certify that on the 1st day of May, 2006, I caused to have one copy of the attached *Future Silica and CTPV Claimants' Representative's Appellate Memorandum in Response to the Memoranda of the Appellant Insurers, and in Joinder to the Joint Answering Memorandum of Reorganizing Debtors and Their Principal Creditor Constituencies* to be served upon the parties on the attached service list by Parcels, Inc., in the manner indicated.

    */s/ Daniel K. Hogan*
Daniel K. Hogan (De. Bar No. 2814)
THE HOGAN FIRM
1311 Delaware Ave.
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599

**Counsel for the Future Silica**
**Claimants' Representative**

1

**SERVICE LIST**

Edward F. Houff, Esq.
c/o Lynn Stewart & Tammy Nero
Kaiser Aluminum Corporation
5847 San Felipe – Suite 2400
Houston, TX 77057

Gregory M. Gordon, Esq.
Daniel P. Winikka, Esq.
Nick Bowen, Esq.
Jones Day
2727 North Harwood St.
Dallas, TX 75201

John Donnan
Kaiser Aluminum Corporation
27422 Portola Pkwy, Suite 350
Foothill Ranch, CA 92610-2831

Richard Chesley, Esq.
Jones Day
77 West Wacker Drive
Chicago, IL 60601

Lisa Beckerman, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY 10022

*Via Hand Delivery*
Daniel J. DeFranceschi, Esq.
Kimberly D. Newmarch, Esq.
Richards, Layton & Finger, PA
One Rodney Square
Wilmington, DE 19899

*Via Hand Delivery*
William P. Bowden, Esq.
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Brian A. Kilmer, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
1111 Louisiana – 44th Fl.
Houston, TX 77002

**SERVICE LIST**

*Via Hand Delivery*
Michael B. Joseph, Esq.
Theodore J. Tacconelli, Esq.
Ferry, Joseph & Pearce, P.A.
824 Market St., Suite 904
Wilmington, DE 19899

Clark T. Whitmore, Esq.
Alain M. Baudry, Esq.
Christina A. Smith, Esq.
Maslon, Edelman, Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140

Elizabeth J. Futrell, Esq.
Aimee M. Quirk, Esq.
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, L.L.P.
201 St. Charles Ave.
New Orleans, LA 70170

*Via Hand Delivery*
Marion M. Quirk, Esquire
Skadden Arps Slate
Meagher & Flom LLP
One Rodney Square
Wilmington, DE 19899

*Via Hand Delivery*
Karen C. Bifferato, Esq.
Marc J. Phillips, Esq.
Connolly Bove Lodge & Hutz, LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

George A. Davis, Esq.
Diane Harvey, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Christine P. Hsu, Esq.
Weil, Gotshal & Manges LLP
1501 K Street NW – Suite 100
Washington, DC 20005

*Via Hand Delivery*
Carl N. Kunz, III, Esq.
Morris, James Hitchens & Williams LLP
222 Delaware Ave. – 10th Fl.
Wilmington, DE 19801

**SERVICE LIST**

Harold L. Kaplan, Esq.
Mark F. Hebbeln, Esq.
Gardner Carton & Douglas LLP
191 North Wacker Drive – Suite 3700
Chicago, IL 60606-1698

Kristin K. Going, Esq.
Gardner Carton & Douglas LLP
1301 K Street, N.W.
Suite 900, East Tower
Washington, DC 20005

Anthony Callaghan, Esq.
Evans Wohlforth, Esq.
David N. Crapo, Esq.
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
One River Front Plaza
Newark, NJ 07102

*Via Hand Delivery*
Duane D. Werb, Esq.
Jennifer H. Unhoch, Esq.
Werb & Sullivan
300 Delaware Ave. – 13th Fl.
Wilmington, DE 19899

*Via Hand Delivery*
Laurie Schenker Polleck, Esq.
Jaspan Schlesinger Hoffman
913 Market Street – 12th Floor
Wilmington, DE 19801

Isaac M. Pachulski, Esq.
K. John Shaffer, Esq.
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

*Via Hand Delivery*
David J. Baldwin, Esq.
Laurie Selber Silverstein, Esq.
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19899-0951

*Via Hand Delivery*
Carmella P. Keener, Esq.
Rosenthal, Monhait, Gross & Goodness, P.
919 Market Street, Suite 1401
Wilmington, Delaware 19801

**SERVICE LIST**

Rodney L. Eshelman
Alison V. Lippa
Raymond J. Tittman
CARROLL, BURDICK & McDONOUGH LLP
44 Montgomery Street
San Francisco, California 94101

Lewis S. Rosenbloom
David C. Christian II
McDERMOTT, WILL & EMERY
227 West Monroe Street
Chicago, Illinois 60606-5096

Brad A. Berish, Esq.
Adelman & Gettleman, Ltd.
53 W. Jackson Boulevard - Suite 1050
Chicago, IL 60604

*Via Hand Delivery*
R. Karl Hill, Esq.
Seitz, Van Ogtrop & Green
222 Delaware Avenue, 15th Floor, PNC Ba
Wilmington, DE 19801

*Via Hand Delivery*
Mark T. Hurford, Esq.
Campbell & Levine, LLC
800 King Street, Suite 300
Wilmington, DE 19801

Peter Van Lockwood, Esq.
Ronald E. Reinsel
Caplin & Drysdale
One Thomas Circle, N.W.
Washington, D.C. 20005

Elihu Insulbuch, Esq.
Caplin & Drysdale
375 Park Avenue
New York, NY 10152

Anne M. Ferazzi
Legal Representative
for Future Silica Claimants
11923 Winwood
Houston, TX 77024

**SERVICE LIST**

*Via Hand Delivery*
Daniel K. Hogan, Esq.
The Hogan Law Firm
1311 Delaware Avenue
Wilmington, DE 19806

Peter C. D'Apice
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689

Steven A. Buxbaum
Haynes and Boone, LLP
One Houston Center
1221 McKinney St., Suite 2100
Houston, TX 77010

*Via Hand Delivery*
Thomas G. Whalen, Jr., Esq.
Stevens & Lee
1105 North Market Street, 7th Floor
Wilmington, DE 19801

Leonard P. Goldberger, Esq.
Stevens & Lee
1818 Market Street
29th Floor
Philadelphia, PA 19103

Seth W. Wiener, Esq.
Leboeuf, Lamb, Greene & Macrae
One Embarcadero Center, Suite 400
San Francisco, California 94111-3619

Jared M. Katz, Esq.
Leboeuf, Lamb, Greene & Macrae
725 South Figueroa Street, Suite 3100
Los Angeles, California 90017-5404

David M. Ross, Esq.
Leboeuf, Lamb, Greene & Macrae
1875 Connecticut Avenue, N.W., Suite 120
Washington, D.C. 20009-5728

**SERVICE LIST**

Peter B. Ackerman, Esq.
Duane Morris
633 West Fifth Street, Suite 4600
Los Angeles, CA 90071

Philip R. Matthews
Paul J. Killion
Hancock, Rothert & Bunshoft
Four Embarcadero Center
San Francisco, CA 94111-4168

Russell W. Roten
Katherine M. Windler
Peter B. Ackerman
Coudert Brothers LLP
333 South Hope Street, 23rd Floor
Los Angeles, CA 90071

Robert T. Aulger, Esq.
Kristi J. Doughty, Esq.
Whittington & Aulger
313 N. Dupont Hwy., Ste. 110
Odessa, DE 19730

James L. Eggeman, Esq.
Pension Benefit Guaranty Corporation
Office of General Counsel1
200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026

*Via Hand Delivery*
James L. Patton, Esq.
Sharon M. Zieg, Esq.
Donald Brown, Esq.
Young, Conaway, Stargatt & Taylor
The Brandywine Bldg., 17th Floor
1000 West Street
Wilmington, DE 19899

Martin J. Murphy, Esq.
Davis & Young
1700 Midland Bldg.
101 Prospect Avenue, West
Cleveland, OH 44115

*Via Hand Delivery*
Kevin J. Connors, Esq.
Marshall, Dennehey, Warner,
Coleman & Goggin
1220 Market Street, 5th Floor
Wilmington, DE 19801

## SERVICE LIST

Robert P. Siegel, Esq.
Traub Eglin Lieberman Strauss LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10576

*Via Hand Delivery*
David M. Klauder, Esq.
Trial Attorney
Office of the United States TrusteeJ.
Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801

Kenneth H. Sumner, Esq.
Sinnott, Dito, Moura & Puebla, P.C.
555 Montgomery Street, Suite 720
San Francisco, California 94111

Mary E. McPherson, Esq.
Tressler, Soderstrom, Maloney & Priess
1901 Avenue of the Stars
Suite 450
Los Angeles, CA 90067

Nicholas Banko, Esq.
James R. Tenero, Esq.
Selman Breitman LLP
33 New Montgomery Street, Sixth Floor
San Francisco, CA 94105

Harry Lee, Esq.
John O'Connor, Esq.
George R. Calhoun, V, Esq.
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

*Via Hand Delivery*
Paul J. Dougherty III, Esq.
Gebhardt & Smith LLP
901 Market St., Ste. 451
Wilmington, DE 19801

Andrew R. McCloskey, Esq.
Riedl, McCloskey & Waring LLP
550 West "C" Street, Suite 500
San Diego, CA 92101

**SERVICE LIST**

Christopher J. Borders, Esq.
McMillan & Shureen LLP
50 Santa Rosa Avenue, Fifth Floor
Santa Rosa, CA 95404-4952

Donald L Uttrich, Esq.
Jackson & Campbell, P.C.
1120 20th Street, N.W. South Tower
Washington, DC 20036-3437

David C. Christian, II, Esq.
Mohsin N. Khambati, Esq.
Jason J. DeJoinker, Esq.
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096 USA

Michael S. Davis, Esq.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022

*Via Hand Delivery*
Ellen W. Slights
U.S. Attorney's Office
1201 Market Street, Suite 1100
Wilmington, DE 19899 USA

Robert B. Millner, Esq.
Sonnenschein Nath & Rosenthal, LLP
8000 Sears Tower
Chicago, IL 60606

Frederick D. Holden, Jr.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105-2669

*Via Hand Delivery*
Christopher Simon, Esq.
Cross & Simon LLC
913 North Market Street  - 11th Floor
Wilmington, DE 19801

**SERVICE LIST**

Timothy R. Pohl, Esq.
Chris L. Dickerson, Esq.
Skadden, Arps, Slater, Meagher
& Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, IL 60606-1285

Jacob C. Cohn, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 1910

Douglas R. Gooding, P.C.
G. Mark Edgerton, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

*Via Hand Delivery*
Jeffrey R. Waxman, Esq.
Cozen O'Connor
1201 N. Market Street, Suite1400
Wilmington, DE 19801

*Via Hand Delivery*
Richard W. Riley, Esq.
Duane Morris LLP
1100 North Market Street – Suite1200
Wilmington, DE 19801

Mitchell L Lathrop, Esq.
Bridget K. Moorhead, Esq.
Duane Morris LLP
101 West Broadway Street – 9th Floor
San Diego, CA 92101

Clark T. Whitmore, Esq.
Alain M. Baudry, Esq.
Christina A. Smith, Esq.
Malson Edelman Borman & Brand LLP
3300 Wells Fargo Center
90 South Seventh Street
Minniapolis, MN 55402-4140

Duncan J. McNeil, III
Spokane County Jail #293752
2030 West Spofford
Spokane WA 99205

**SERVICE LIST**

Russell W. Roten, Esq.
Jeff D. Kahane, Esq.
Duane Morris LLP
333 South Hope Street
Los Angeles, CA 90071