1. DUNCAN J. MCNEIL, III          MO: _____
   2030 W. SPOFFORD              DATE: _____
2. SPOKANE, WA 99205             FJ: _____
   INDIGENT, DISABLED,
3. UNLAWFULLY INCARCERATED,
   CIVIL ~~DETAINEE~~, JUDGMENT
4. CREDITOR, AND APPELLANT

   RECEIVED
5.                               DISTRICT COURT
   APR 2 8 2006     U.S. ~~COURT OF APPEALS~~
6.
                                   FOR
7.                   ~~DISTRICT~~ OF ~~DELAWARE~~

8. IN RE KAISER             02-10429
9. DUNCAN J. MCNEIL, III    CASE NO:
              PLAINTIFF/APPELLANT    ~~FRCP 52~~, 59 & 60
10.                         APPELLANT'S EX PARTE
11.   V.  KAISER            MOTION ~~FOR~~ TO ~~RECONSIDER~~
12.   ~~UNITED STATES~~, ET AL.   APPOINTMENT OF
               DEFENDANTS/APPELLEES  COUNSEL ON APPEAL
13.                         IN THE INTERESTS
14.                         OF JUSTICE, PURSUANT
15.                         TO 28 USC § 1915(C)(1)
16.                         AND JOHNSON V. US,
17.                         352 U.S. 565 (1957).

18. THE APPELLANT HEREBY CERTIFIES
19. THAT THE HEREIN APPEAL REQUIRES AN
20. ANSWER TO ONE OR MORE PRECEDENT-
21. SETTING QUESTIONS OF EXCEPTIONAL
22. IMPORTANCE, ARISING FROM THE DENIAL
23. OF OR THE VIOLATION OF FUNDAMENTAL
24. CONSTITUTIONAL RIGHTS. BASED UPON THE FACTS,
25. STATEMENTS AND AUTHORITY CITED TO IN THE
26. APPELLANTS NOTICE OF APPEAL (INCORPORATED HEREIN)
27. THE APPELLANT, INDIGENT & DISABLED, MOVES THE
28. COURT FOR APPOINTMENT OF COUNSEL PER 28 USC
    § 1915(C)(1) AND/OR JOHNSON V. US, 352 U.S. 565 (1957)
    DATED: 4/24/06          _____
                  PG 1 OF ~~3~~ 4

Appellant asserts that in order to ensure due process in this action, that Appellant should be appointed counsel, or at least "stand-by" counsel, to assist Appellant with access to the court record, and w/ compliance with the court's deadlines & rules. The court has improperly, in violation of due process, finding a "history of frivolous litigation" which the Appellant disputes these contentions or findings and asks to be heard on these issues. Appellant moves the court for copies of the orders cited to in it's order of 4/18/06 ① 05-574, order at 2 (Aug. 22, 2005) and ② 05-574, mem. order, at 6 (Feb. 7, 2006), and a hearing to be heard on a collateral attack as to any order relied

pg 2 of 4

OR CITED TO BY THE COURT THAT INFERS, STATES, OR ALLEGES THAT APPELLANT (1) HAS A "HISTORY" OF FILING FRIVOLOUS "CLAIMS", AND (2) CLAIMING THAT APPELLANT HAS BEEN "DEEMED A "VEXATIOUS LITIGANT" BY THREE OTHER COURTS. APPELLANT DISPUTES THESE FINDINGS OF THIS COURT, AND PURSUANT TO FRCP 52, 59 & 60, SEEKS RELIEF FROM SAID FINDINGS (MADE SUA SPONTE & EX PARTE) MADE W/O NOTICE OR OPPORTUNITY TO BE HEARD. APPELLANT CERTIFIES THAT ALL SUCH ORDERS ARE "VOID AB INITIO", ENTERED IN A CLEAR ABSENCE OF ALL JURISDICTION, CONTRARY TO THE ESTABLISHED CONSTITUTIONAL PROVISIONS, STATUTES, CASE LAW OR OTHER AUTHORITY. AS SUCH SUCH ORDERS ARE SUBJECT TO A COLLATERAL ATTACK IN THIS ACTION AS THEY HAVE BEEN RELIED UPON BY THIS

COURT IN DENYING APPELLANT RELIEF, IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS, AND RIGHT TO BE HEARD.

AS SUCH APPELLANT SEEKS RELIEF FROM ALL SUCH ORDERS AND FINDINGS, UNDER FRCP 52, 59 & 60, AND/OR A NOTICED HEARING W/ A BRIEFING SCHEDULE ON THAT ISSUE.

APPELLANT FURTHER ASSERTS THAT THE COURT'S PRE-DISPOSING TO DENY APPELLANT DUE PROCESS, TO DECLARE APPELLANT FRIVOLOUS AND VEXATIOUS, ON A EX PARTE SUA SPONTE BASIS, IS BASIS FOR THE COURT TO DISQUALIFY ITSELF IN THIS MATTER AS THE APPELLANT'S RIGHT TO A FAIR HEARING IS IRREPARABLY COMPROMISED. I DECLARE THE FOREGOING TO BE TRUE AND CORRECT 4/24/06 UNDER THE PENALTY OF PERJURY

*[Scanned image of envelope]*

Postmark: SPOKANE, U.S. POSTAGE, PB METER 7140396, $0.63

Return address:
Duncan T. McIver, TRC
Spokane Co. [crossed out]
100 W. Mallon
Spokane, WA 99260

Addressed to:
Clerk
US District Court
Lock Box 27
Wilmington, DE 19801

Stamps: U.S.M.S. X-RAY

LEGAL MAIL