IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: <br><br> KAISER ALUMINUM CORPORATION, <br> a Delaware corporation, *et al.* | : <br> : <br> : <br> : <br> : <br> : | Jointly Administered Under <br> Bankruptcy Case No. 02-10429 (JKF) <br> Chapter 11 |
| KAISER ALUMINUM CORPORATION, *et al.* | : <br> : <br> : | Case No. 06-mc-41 (JJF) |

**REPLY MEMORANDUM OF APPELLANTS, CENTURY INDEMNITY COMPANY (SUCCESSOR TO CIGNA SPECIALTY INSURANCE COMPANY, FORMERLY KNOWN AS CALIFORNIA UNION INSURANCE COMPANY, AND SUCCESSOR TO CCI INSURANCE COMPANY, SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA, AND AS ADMINISTRATIVE AGENT OF FORMER MEMBERS OF AFIA, INCLUDING ST. PAUL MERCURY INSURANCE COMPANY); ACE PROPERTY & CASUALTY COMPANY (FORMERLY KNOWN AS CIGNA PROPERTY & CASUALTY COMPANY, FORMERLY KNOWN AS AETNA INSURANCE COMPANY); INDUSTRIAL INDEMNITY COMPANY; INDUSTRIAL UNDERWRITERS INSURANCE COMPANY; PACIFIC EMPLOYERS INSURANCE COMPANY; AND CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, BY AND THROUGH CRAVENS, DARGEN AND COMPANY, MANAGING GENERAL AGENT**

Dated: May 8, 2006

STEVENS & LEE, P.C.

Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3304
Telecopier: (610) 371-8512
E-mail: tgw@stevenslee.com

and

Leonard P. Goldberger
PA I.D. No. 23118
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Telephone: (215) 751-2864
Telecopier: (610) 371-7376
E-mail: lpg@stevenslee.com

(i)

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. REPLY .......................................................................................................................... 1

    A. Neither The Joint Answering Memo Nor the Future Claimants' Memo Establish That The Bankruptcy Court Had Subject Matter Jurisdiction To Determine Whether Rights To Receive Insurance Proceeds Could Be Assigned ............................. 2

    B. The Bankruptcy Court's Lack of Jurisdiction To Summarily Issue Declaratory Relief Regarding State Law Rights Without An Adversary Proceeding May Be Considered On Appeal ................................................................................................ 5

III. CONCLUSION .............................................................................................................. 7

## **TABLE OF AUTHORITIES**

### CASES

Page

*Beard v. Braunstein,*
    914 F.2d 434 (3d Cir. 1990)..................................................................................6

*Brown v. Philadelphia Hous. Auth.,*
    350 F.3d 338, 347 (3d Cir. 2003)........................................................................6,7

*Butner v. U.S.,*
    440 U.S. 48 (1979).................................................................................................3

*In re Combustion Engineering, Inc.,*
    391 F.3d 190 (3d Cir. 2005)..................................................................................4

*Conxus Fin. Corp. v. Motorola, Inc. (In re Conxus Comms. Inc.),*
    262 B.R. 893 (D. Del. 2001)..................................................................................6

*Grupo Dataflux v. Atlas Global Group, L.P.,*
    541 U.S. 567, 124 S. Ct. 1920, 1924, 158 L. Ed. 2d. 866 (2004)........................6

*Health Ctr. v. Ins. Co. of N. Am. (In re St. Clare's Hosp. & Health Ctr.),*
    934 F.2d 15 (2d Cir. 1991)....................................................................................4

*Homsy v. Floyd (In re Vitek),*
    51 F.3rd 530 (5th Cir. 1995).................................................................................4

*International Finance Corp. v. Kaiser Group International, Inc. (In re Kaiser Group*
    *International, Inc.),* 399 F.3d 558, 565 (3d Cir. 2005)............................................6

*Javoreck v. Superior Court,*
    17 Cal. 3d 629 (Cal. 1976)....................................................................................4

*Estate of Lellock v. Prudential Ins. Co. of Am.,*
    811 F.2d. 186 (3d Cir. 1987).................................................................................4

*Montrose Chemical Corp. v. Admiral Ins. Co.,*
    10 Ca. 4th 645 (1995) .......................................................................................4, 5

*Nat'l Union Fire Ins. Co. v. Titan Energy, Inc. (In re Titan Energy, Inc.),*
    837 F.2d. 325 (8th Cir. 1988) ...............................................................................4

*Tringali v. Hathaway Mach. Co.,*
    796 F.2d 553 (1st Cir. 1986).................................................................................4

## STATUTES

11 U.S.C. § 541 .................................................................................................................5

11 U.S.C. § 1123(a)(5) ....................................................................................................2, 7

Fed.R.Bankr.P. 7001(2) .....................................................................................................6

Fed.R.Bankr.P. 7001(9) .....................................................................................................6

Fed.R.Bankr.P. 9014 ..........................................................................................................6

SL1 632663v1/026447.00002

# I. INTRODUCTION[1]

Century Indemnity Company (successor to CIGNA Specialty Insurance Company, formerly known as California Union Insurance Company, and successor to CCI Insurance Company, successor to Insurance Company of North America, and as administrative agent of former members of AFIA, including St. Paul Mercury Insurance Company); ACE Property & Casualty Company (formerly known as CIGNA Property & Casualty Company, formerly known as Aetna Insurance Company); Industrial Indemnity Company; Industrial Underwriters Insurance Company; Pacific Employers Insurance Company; and Central National Insurance Company of Omaha, by and through Cravens, Dargen and Company, Managing General Agent (collectively, "Insurers"), submit this Reply Memorandum in response to the Joint Answering Memorandum or Reorganizing Debtors and Their Principal Creditor Constituencies (the "Joint Answering Memo") and the Future Silica and CTPV Claimants' Representative's Appellate Memoranda In Response to the Memoranda of the Appellant Insurers, and In Joinder to the Answering Memorandum of Reorganizing Debtors and Their Principal Creditor Constituencies (the "Future Claimants' Memo"). This Reply Memorandum will address Section III of the Joint Answering Memo and Section III.B of the Future Claimants' Memo, and joins in any other appellant insurer's memorandum submitted in reply to the Joint Answering Memo and/or the Future Claimants' Memo.

# II. REPLY

The bankruptcy court erred in permitting the assignment of unspecified rights to receive insurance proceeds (as part of PI Insurance Assets) to the Funding Vehicle Trust

---

[1] All capitalized terms not otherwise defined have the meanings as defined in Insurers' Opening Memorandum (the "Opening Memo").

because it lacked subject matter jurisdiction to do so. This is because property rights that do not exist under state law cannot constitute "property of the estate," which is the predicate for the bankruptcy court's exercise of *in rem* jurisdiction. Because the bankruptcy court erroneously recognized such non-existent property interests, it could not have exercised subject matter jurisdiction as a basis for approving the assignment.

### A. Neither The Joint Answering Memo Nor The Future Claimants' Memo Establish That The Bankruptcy Court Had Subject Matter Jurisdiction To Determine Whether Rights To Receive Insurance Proceeds Could Be Assigned

The bankruptcy court's approval of the assignment of rights to receive insurance proceeds was based on a fundamentally-flawed premise: That Reorganizing Debtors had rights to receive insurance proceeds with respect to Channeled Personal Injury Claims. They did not. Under California law, no such rights arise until the policyholder becomes "legally obligated to pay." *See* Opening Memo at 5. Here, Reorganizing Debtors were not "legally obligated to pay" any such Channeled Personal Injury Claims on the date their bankruptcy cases commenced; nor will they ever become "legally obligated to pay" following confirmation because all such Channeled Personal Injury Claims can now only be asserted against the Funding Vehicle Trust. Because no such rights to receive insurance proceeds arose under California law, they could not have become "property of the estate" that could have been transferred under section 1123(a)(5) of the Bankruptcy Code. If such rights did not exist as a matter of applicable state law, the bankruptcy court lacked subject matter jurisdiction to adjudicate whether state law-based restrictions on their assignability were pre-empted by federal law.

Both the Joint Answering Memo and the Future Claimants' Memo sidestep addressing this fatal jurisdictional defect by simply declaring that contingent rights to

2

insurance proceeds constitute property of the bankruptcy estate without reference to applicable state law by which "property interests are created and defined." *Butner v. U.S.*, 440 U.S. 48, 55 (1979). Left unanswered is any response to Insurers' fundamental proposition that, as a matter of California law, contingent rights to payment never existed as of the commencement of Reorganizing Debtors' bankruptcy cases, and can never subsequently exist under the structure of the Plan.

Simply stating that "Reorganizing Debtors have a contingent right to payment under the policies" does not make it so. *See* Joint Answering Memo at 34. Whether contingent rights to payment exist at all is a question of state law. *See* Opening Memo at 5. Moreover, contrary to what the Future Claimants' Memo, at 4-6, suggests, simply because an insurance policy itself becomes property of the estate, a right to payment does not automatically arise independent of state law by which such "property interests are created and defined." *Butner*, 440 U.S. at 55. Indeed, none of the cases cited by either Reorganizing Debtors or the Future Claimants' Representatives undermine this fundamental principle -- nor can they -- as bankruptcy can neither create rights that did not exist under state law as of the commencement of the case, nor expand rights and obligations under an existing insurance contract. *See* Opening Memo at 6-7.

Both the Joint Answering Memo and the Future Claimants' Memo miss the mark because all of the cases cited start from the premise that rights to receive proceeds from an insurance policy exist in the first instance. That is not the case here; and the analysis must go beyond simply assuming that rights to receive proceeds automatically follow from the existence of the insurance policy itself. Indeed, such simplistic analysis ignores the fundamental distinction in bankruptcy between an insurance policy and its proceeds.

3

To begin with, the citations to *In re Combustion Engineering, Inc.*, 391 F.3d 190 (3d Cir. 2005) simply do not support the proposition that contingent rights to insurance proceeds exist where a bankrupt policyholder is never "legally obligated to pay." It holds only that anti-assignment language in an insurance policy cannot prevent the assignment of proceeds ***to the bankruptcy estate***. *See* Joint Answering Memo at 31; Future Claimants' Memo at 5.

Reorganizing Debtors' reliance on *Estate of Lellock v. Prudential Ins. Co. of Am.*, 811 F.2d. 186 (3d Cir. 1987) is similarly misplaced. *Lellock* only construed the effect of a pre-bankruptcy assignment of a life insurance policy. Even if the facts were in any way analogous to this case (and they are not, beginning with the fundamental differences between a life insurance policy and a liability insurance policy), *Lellock* certainly does not stand for the proposition that bankruptcy creates contingent rights to liability insurance proceeds under state law before the policyholder becomes "legally obligated to pay." Nor do *Homsy v. Floyd (In re Vitek)*, 51 F.3rd 530 (5th Cir. 1995), *Health Ctr. v. Ins. Co. of N. Am. (In re St. Clare's Hosp. & Health Ctr.)*, 934 F.2d 15 (2d Cir. 1991), *Nat'l Union Fire Ins. Co. v. Titan Energy, Inc. (In re Titan Energy, Inc.)*, 837 F.2d. 325 (8th Cir. 1988) or *Tringali v. Hathaway Mach. Co.*, 796 F.2d 553 (1st Cir. 1986) in any way detract from the force of this principle.

Moreover, Reorganizing Debtors' attempt to distinguish *Javoreck v. Superior Court*, 17 Cal. 3d 629 (Cal. 1976) and *Montrose Chemical Corp. v. Admiral Ins. Co.*, 10

4

Ca. 4th 645 (1995) on their facts is equally unavailing.[2] The different facts and circumstances of these cases do not diminish the bedrock principle under California law that there can be no right to payment under an insurance policy until a policyholder becomes "legally obligated to pay." Indeed, the Joint Answering Memo, at 33, acknowledges as much.

The fatal flaw in Reorganizing Debtors' and the Future Claimants' Representatives' argument is that rights to payment of insurance proceeds – contingent or otherwise – never existed at the commencement of Reorganizing Debtors' cases, and can subsequently never exist under the structure of the Plan. As such, they never became property of the estate within the meaning of section 541 of the Bankruptcy Code.

Without the predicate of the policyholder becoming "legally obligated to pay," there are simply no property rights to support the exercise of the bankruptcy court's *in rem* subject matter jurisdiction. Neither the Joint Answering Memo nor the Future Claimants' Memo address this structural jurisdictional defect.

### B. The Bankruptcy Court's Lack of Jurisdiction To Summarily Issue Declaratory Relief Regarding State Law Rights Without An Adversary Proceeding May Be Considered On Appeal

The bankruptcy court's error was compounded because, by permitting assignment of rights to receive insurance proceeds, it summarily adjudicated that these rights existed in the first instance. Tr. at 65; 109; 111; Confirmation Findings at 45-46. Because a determination of the existence of insurance contract rights is purely a matter of state law,

---

[2] Contrary to what Reorganizing Debtors allege, the Plan is decidedly not "insurance neutral." *See* Joint Answering Memo at 35. The Plan is not "insurance neutral" when it seeks to abrogate a fundamental principle of California law that no right to payment -- contingent or otherwise -- arises until Reorganizing Debtors become "legally obligated to pay" Channeled Personal Injury Claims. Yet, the Plan presumes to impose liability on Insurers for millions of dollars of Channeled Personal Injury Claims under insurance policies retained by Reorganizing Debtors even though such claims will never be asserted against them.

5

the bankruptcy court's jurisdiction is, at best, non-core. *See Beard v. Braunstein*, 914 F.2d. 434, 445 (3d Cir. 1990) (holding that actions to determine rights to insurance coverage are non-core).

As a matter of procedural due process, any determination of the extent of Reorganizing Debtors' state law rights in such property requires a declaratory judgment. Declaratory judgments may only be rendered by a separate adversary proceeding. Bankruptcy Rules 7001(2) and (9); *Conxus Fin. Corp. v. Motorola, Inc. (In re Conxus Comms. Inc.)*, 262 B.R. 893, 899 (D. Del. 2001). The confirmation hearing, however, was not an adversary proceeding; it was a contested matter under Bankruptcy Rule 9014. As such, the bankruptcy court lacked jurisdiction to summarily issue declaratory relief as to whether these rights existed in the first instance.

Reorganizing Debtors suggest that Insurers' ability to raise this jurisdictional defect was somehow waived because it was not raised as an objection to confirmation. *See* Joint Answering Memo at 30, n.21. This argument is without merit because issues relating to subject matter jurisdiction may be raised at any time, even for the first time on appeal. *International Finance Corp. v. Kaiser Group International, Inc. (In re Kaiser Group International, Inc.)*, 399 F.3d 558, 565 (3d Cir. 2005) ("It is well-settled law that subject matter jurisdiction can be challenged at any point before final judgment, even if challenged for the first time on appeal. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 124 S. Ct. 1920, 1924, 158 L. Ed. 2d 866 (2004). We have consistently held that the defense of lack of subject matter jurisdiction may be raised at any time. *See, e.g., Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 347 (3d Cir. 2003) (*citing Sansom Comm. v. Lynn*, 735 F.2d 1535, 1538 (3d Cir. 1984) (defense that district court lacked

6

subject matter jurisdiction to enforce consent decree may be raised for the first time no appeal)). Accordingly, Reorganizing Debtors' argument should be disregarded.

### III. CONCLUSION

Rights to receive insurance proceeds for Channeled Personal Injury Claims that can only be asserted against the Funding Vehicle Trust are not "property of the estate" because they never existed as of the commencement of Reorganizing Debtors' cases and, under the structure of the Plan, they can never exist under applicable California law. As such, they are not property of the estate that can be dealt with under section 1123(a)(5) of the Bankruptcy Code. Because the bankruptcy court's subject matter jurisdiction is limited to property of the estate, it did not have jurisdiction to make Confirmation Findings that permitted the assignment of rights to receive insurance proceeds for claims that can now only be asserted against the Funding Vehicle Trust.

For the reasons set forth above, as well as in their Opening Memo, Insurers respectfully request that this Court reverse that portion of the Confirmation Order permitting assignment of rights to receive insurance proceeds, notwithstanding anti-assignment provisions in the policies and otherwise applicable state law.

Dated: May 8, 2006

STEVENS & LEE, P.C.

*/s/ Thomas G. Whalen, Jr.*
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3304
Telecopier: (610) 371-8512
E-mail: tgw@stevenslee.com

and

Leonard P. Goldberger, Esquire
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Telephone: (215) 751-2864
Telecopier: (610) 371-7376
E-mail: lpg@stevenslee.com

*Attorneys for Insurers*

## CERTIFICATE OF SERVICE

I, Thomas G. Whalen, Jr., hereby certify that, on May 8, 2006, I caused a copy of the foregoing *REPLY MEMORANDUM OF APPELLANTS, CENTURY INDEMNITY COMPANY (SUCCESSOR TO CIGNA SPECIALTY INSURANCE COMPANY, FORMERLY KNOWN AS CALIFORNIA UNION INSURANCE COMPANY, AND SUCCESSOR TO CCI INSURANCE COMPANY, SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA, AND AS ADMINISTRATIVE AGENT OF FORMER MEMBERS OF AFIA, INCLUDING ST. PAUL MECURY INSURANCE COMPANY); ACE PROPERTY & CASUALTY COMPANY (FORMERLY KNOWN AS CIGNA PROPERTY & CASUALTY COMPANY, FORMERLY KNOWN AS AETNA INSURANCE COMPANY); INDUSTRIAL INDEMNITY COMPANY; INDUSTRIAL UNDERWRITERS INSURANCE COMPANY; PACIFIC EMPLOYERS INSURANCE COMPANY; AND CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, BY AND THROUGH CRAVENS, DARGEN AND COMPANY, MANAGING GENERAL AGENT* to be served on the parties set forth on the attached service list by regular mail.

/s/ Thomas G. Whalen, Jr.
Thomas G. Whalen, Jr.

SL1 632663v1/026447.00002

## SERVICE LIST

Richard W. Riley (DE I.D. 4052)
DUANE MORRIS LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801


Mitchell L. Lathrop, Esquire
Bridget K. Moorhead, Esquire
DUANE MORRIS LLP
101 West Broadway Street, 9th Floor
San Diego, CA 92101


Russell W. Roten, Esquire
Jeff D. Kahane, Esquire
DUANE MORRIS LLP
333 South Hope Street
Los Angeles, CA 90071


William P. Bowden, Esquire
ASHBY & GEDDES
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Lisa Beckerman, Esquire
Brian A. Kilmer, Esquire
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
590 Madison Avenue
New York, NY 10022

Peter Van N. Lockwood, Esquire
CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, DC 20005

Edward F. Houff, Esquire
c/o Lynn Stewart & Tammy Nero
KAISER ALUMINUM CORPORATION
5847 San Felipe, Suite 2400
Houston, TX 77057


Daniel J. DeFranceschi, Esquire
Kimberly D. Newmarch, Esquire
RICHARD, LAYTON & FINGER, PA
One Rodney Square
P.O. Box 551
Wilmington, DE 19899


Gregory M. Gordon, Esquire
Daniel P. Winikka, Esquire
Daniel B. Prieto, Esquire
JONES DAY
2727 North Harwood Street
Dallas, TX 75201


Marla R. Eskin, Esquire
Mark T. Hurford, Esquire
CAMPBELL & LEVINE, LLC
800 King Street, Suite 300
Wilmington, DE 19801

Elihu Inselbuch, Esquire
CAPLIN & DRYSDALE, CHARTERED
399 Park Avenue
New York, NY 10022


James L. Patton, Jr., Esquire
Edwin J. Harron, Esquire
Sharon M. Zieg, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR
The Brandywine Bldg., 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19899

1

Daniel K. Hogan, Esquire
THE HOGAN FIRM
1311 Delaware Avenue
Wilmington, DE 19806

Steven A. Buxbaum, Esquire
HAYNES AND BOONE, LLP
One Houston Center
1221 McKinney, Suite 2100
Houston, TX 77010

Rodney L. Eshelman, Esquire
Alison V. Lippa, Esquire
Raymond J. Tittman, Esquire
CARROLL, BURDICK & McDONOUGH LLP
44 Montgomery Street
San Francisco, CA 94101

Seth W. Wiener, Esquire
LEBOEUF, LAMB, GREENE & MACRAE LLP
One Embarcadero Center, Suite 400
San Francisco, CA 94111

David M Ross, Esquire
LEBOEUF, LAMB, GREENE & MACRAE LLP
1875 Connecticut Avenue, N.W., Suite 1200
Washington, DC 20009

Anthony Callaghan, Esquire
Evans Wohlforth, Esquire
David N. Crapo, Esquire
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE
One River Front Plaza
Newark, NJ 07102

Steven A. Felsenthal, Esquire
Peter C. D'Apice, Esquire
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689

Kevin Gross, Esquire
ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801

Lewis S. Rosenbloom, Esquire
David C. Christian, Esquire
Jason J. DeJonker, Esquire
McDERMOTT, WILL & EMERY
227 West Monroe Street
Chicago, IL 60606

Jared M. Katz, Esquire
LEBOEUF, LAMB, GREENE & MACRAE LLP
725 South Figueroa Street, Suite 3100
Los Angeles, CA 90017

David M. Klander, Esquire
Trial Attorney
OFFICE OF THE UNITED STATES TRUSTEE
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801

Elizabeth J. Futrell, Esquire
Aimee M. Quirk, Esquire
JONES, WALKER, WAECHTER, POTTEVENT CARRERE & DENEGRE, L.L.P.
201 St. Charles Ave.
New Orleans, LA 70170

2

Michael B. Joseph, Esquire
Theodore J. Tacconelli, Esquire
FERRY, JOSEPH & PEARCE, P.A.
824 Market St., Suite 904
Wilmington, DE 19899

Karen C. Bifferato, Esquire
Marc J. Phillips, Esquire
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801

Carl N. Kunz, III, Esquire
MORRIS, JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Harold L. Kaplan, Esquire
Mark F. Hebbeln, Esquire
GARDNER CARTON & DOUGLAS LLP
191 North Wacker Drive - Suite 3700
Chicago, IL 60606-1698

Joanne B. Wills, Esquire
Jennifer L. Scoliard, Esquire
KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

Laurie Schenker Polleck, Esquire
JASPAN SCHLESINGER HOFFMAN LLP
913 Market Street
12th Floor
Wilmington, DE 19801

Jason Michael Madron, Esquire
RICHARDS LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Clark T. Whitmore, Esquire
Alain M. Baudry, Esquire
Christina A. Smith, Esquire
MASLON, EDELMAN, BORMAN & BRAND, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140

George A. Davis, Esquire
Diane Harvey, Esquire
WELL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

Christine P. Hsu, Esquire
WELL, GOTSHAL & MANGES LLP
1501 K Street NW - Suite 100
Washington, DC 20005

Kristin K. Going, Esquire
GARDNER CARTON & DOUGLAS LLP
1301 K Street, N.W.
Suite 900, East Tower
Washington, DC 20005

Duane D. Morse, Esquire
James R Wrathall, Esquire
WILMER CUTLER PICKERING HALE AND DORR LLP
2445 M. Street N.W.
Washington, DC 20037

Michael S. Davis, Esquire
Jantra Van Roy, Esquire
ZEICENER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, NY 10022

Duncan J. McNeil, III
2030 West Spofford
Spokane, WA 99205

3

Paul J. Dougherty, III, Esquire
GEBHARDT & SMITH LLP
901 Market Street, Suite 451
Wilmington, DE 19801

Carmella P. Keener, Esquire
ROSENTHAL MONHAIT & GODDESS P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801

Frederick D. Holden, Esquire
ORRICK, HERRINOTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Harry Lee, Esquire
John F. O'Connor, Esquire
George R. Calhoun, V, Esquire
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Brian A. Kilmer, Esquire
AXIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201

Richard W. Riley, Esquire
DUANE MORRIS LLP
1100 North Market Street
Suite 1200
Wilmington, DE 19801

4

SL1 632663v1/026447.00002