IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| KAISER ALUMINUM CORP., | : | Bankruptcy Case No. 02-10429 |
| | : | (JFK) |
| Debtors. | : | |

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| KAISER ALUMINUM CORP., et al. | : | Misc. Case No. 06-41-JJF |
| | : | |
| Debtors. | : | |

## MEMORANDUM ORDER

Pending before the Court are five (5) motions filed by Appellant, Duncan J. McNeil: (1) an Ex Parte Motion For Relief From/Reconsideration Of Orders Of 3/29/06 and 4/3/06, Motion For Relief From Orders, And IFP Application (D.I. 28), (2) an Ex Parte Motion To Reconsider Appointment Of Counsel On Appeal In The Interests Of Justice Pursuant to 28 U.S.C. § 1915(c)(1) and Johnson v. U.S., 352 U.S. 565 (1957) (D.I. 37), (3) an Ex Parte Motion For An Order Compelling Bankruptcy Court Clerk To Prepare And Furnish To Appellant 2 Indexed And Bates Stamped Copies Of The Excerpts Of The Record (D.I. 38); (4) an Ex Parte Motion For Extension Of Time; For Access To Court; For Forms Rules And Procedures To Be Furnished; 30 Day Extension Of Time To File Briefs (D.I. 39); and (5) a Motion For Extension Of Time And Due Process To Obtain Relief From Orders Of 4/18/06 And 4/24/06; Motions For Relief From Orders And To Modify Or Correct Findings Pursuant To FRCP 52, 59 & 60 (D.I. 40).

By Order dated April 24, 2006, the Court denied Appellant's application to proceed in forma pauperis, because Appellant has on three or more prior occasions while incarcerated brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted. To the extent Appellant seeks reconsideration of the Court's Order by his Motion For Extension Of Time And Due Process To Obtain Relief From Orders Of 4/18/06 And 4/24/06; Motions For Relief From Orders And To Modify Or Correct Findings Pursuant To FRCP 52, 59 & 60 (D.I. 40), the Court concludes that Appellant is not entitled to relief.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.

Appellant has not demonstrated any of the circumstances justifying reconsideration of the Court's Orders. To date, Appellant has also failed to pay the filing fee for this action, and therefore, the Court cannot take any substantive action with

2

respect to his remaining motions, at this time. In addition, Appellant has filed a notice of appeal with respect to the Court's denial of his motion to proceed in forma pauperis, which divests the Court of jurisdiction over this aspect of the case. <u>Venen v. Sweet</u>, 758 F.2d 117, 120-121 (3d Cir. 1985). Accordingly, the Court will administratively close this case pending resolution of Appellant's appeal. Because this case will be administratively closed, further filings by Appellant will be returned to him without consideration by the Court with leave to refile, if the appeal is adjudicated with a favorable result for Appellant.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.  Appellant's Motion For Extension Of Time And Due Process To Obtain Relief From Orders Of 4/18/06 And 4/24/06; Motions For Relief From Orders And To Modify Or Correct Findings Pursuant To FRCP 52, 59 & 60 (D.I. 40) is **DENIED** to the extent reconsideration is sought, and **DENIED** in all other respects with leave to refile new motions, if the appeal is resolved in favor of Appellant.

2.  Appellant's Ex Parte Motion For Relief From/Reconsideration Of Orders Of 3/29/06 and 4/3/06, Motion For Relief From Orders, And IFP Application (D.I. 28); Ex Parte Motion To Reconsider Appointment Of Counsel On Appeal In The Interests Of Justice Pursuant to 28 U.S.C. § 1915(c)(1) and

<u>Johnson v. U.S.</u>, 352 U.S. 565 (1957) (D.I. 37); Ex Parte Motion For An Order Compelling Bankruptcy Court Clerk To Prepare And Furnish To Appellant 2 Indexed And Bates Stamped Copies Of The Excerpts Of The Record (D.I. 38); and Ex Parte Motion For Extension Of Time; For Access To Court; For Forms Rules And Procedures To Be Furnished; 30 Day Extension Of Time To File Briefs (D.I. 39) are **DENIED** with leave to refile new motions, if the appeal is resolved in favor of Appellant.

    3.    The above-captioned action is **ADMINISTRATIVELY CLOSED** as it pertains to Appellant, Duncan J. McNeil, pending resolution of Appellant's appeal.

<u>May 8, 2006</u>  
    Date

*Joseph J. Farnan Jr.*  
UNITED STATES DISTRICT JUDGE