```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

In re:                          :
                                :
KAISER ALUMINUM CORP., et al.,  :   Bankruptcy Case No. 02-10429
                                :                        (JFK)
                                :
             Debtors.           :
                                :
_____:   _____
                                :
In re:                          :
                                :
KAISER ALUMINUM CORP., et al.,  :   Misc. Case No. 06-41-JJF
                                :
             Debtors.           :
                                :
_____
```

Carmela P. Keener, Esquire of ROSENTHAL, MONHAIT & GODDESS, P.A., Wilmington, Delaware.
Of Counsel: Rodney L. Eshelman, Esquire; Alison V. Lippa, Esquire and Raymond J. Tittmann, Esquire of CARROLL, BURDICK & McDONOUGH LLP, San Francisco, California.
Lewis S. Rosenbloom, Esquire; David C. Christian, II and Mohsin N. Khambati, Esquire of McDERMOTT WILL & EMERY LLP, Chicago, Illinois.
Attorneys for Appellants, Columbia Casualty Company, Transcontinental Insurance Company, Harbor Insurance Company and Continental Insurance Company.

Michael G. Gallerizzo, Esquire of GEBHARDT & SMITH LLP, Wilmington, Delaware.
Of Counsel: Harry Lee, Esquire; John O'Connor, Esquire and George R. Calhoun, V, Esquire of STEPTOE & JOHNSON, LLP, Washington, D.C.
Attorneys for Appellants, TIG Insurance Company, as Successor by Mergers to International Surplus Lines Insurance Company.

Thomas G. Whalen, Jr., Esquire of STEVENS & LEE, P.C., Wilmington, Delaware.
Of Counsel: Leonard P. Goldberger, Esquire of STEVENS & LEE, P.C., Philadelphia, Pennsylvania.
Attorneys for Appellants, Century Indemnity Company (Successor to Cigna Specialty Insurance Company, formerly known as California Union Insurance Company, and Successor to CCI Insurance Company, Successor to Insurance Company of North America, and as Administrative Agent of Former Members of AFIA, including St. Paul Mercury Insurance Company); Ace Property & Casualty Company (formerly known as Cigna Property & Casualty Company, formerly known as Aetna Insurance Company); Industrial Indemnity Company;

Industrial Underwriters Insurance Company; Pacific Employers Insurance Company and Central National Insurance Company of Omaha, by and through Cravens, Dargen and Company, Managing General Agent.

Richard W. Riley, Esquire of DUANE MORRIS LLP, Wilmington, Delaware.
Of Counsel:  Russell W. Roten, Esquire; Peter B. Ackerman, Esquire and Jeff D. Kahane, Esquire of DUANE MORRIS LLP, Los Angeles, California.
Mitchell L. Lathrop, Esquire and Bridget K. Moorhead, Esquire of DUANE MORRIS LLP, San Diego, California.
Attorneys for Appellants, Republic Indemnity Company and Transport Insurance Company (formerly known as Transport Indemnity Company).

Joanne B. Wills, Esquire and Jennifer L. Scoliard, Esquire of KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP, Wilmington, Delaware.
Of Counsel:  Duane D. Morse, Esquire and James R. Wrathall, Esquire of WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, D.C.
Attorneys for Appellant, First State Insurance Company; Hartford Accident and Indemnity Company; New England Reinsurance Company and Nutmeg Insurance Company.

Laurie Schenker Polleck, Esquire of JASPAN SCHLESINGER HOFFMAN LLP, Wilmington, Delaware.
Of Counsel:  Michael S. Davis, Esquire and Jantra Van Roy, Esquire of ZEICHNER ELLMAN & KRAUSE LLP, New York, New York.
Attorneys for Appellants AIU Insurance Company; Granite State Insurance Company; Insurance Company of the State of Pennsylvania; Landmark Insurance Company; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa. and New Hampshire Insurance Company.

Daniel K. Hogan, Esquire of THE HOGAN FIRM, Wilmington, Delaware.
Of Counsel:  Sander L. Esserman, Esquire; Steven A. Felsenthal, Esquire and Peter C. D'Apice, Esquire of STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
Attorneys for Future Silica Claimants' Representative.

Daniel DeFranchesci, Esquire and Kimberly Newmarch, Esquire of RICHARDS, LAYTON & FINGER, Wilmington, Delaware.
Of Counsel:  Gregory Gordon, Esquire and Daniel Winikka, Esquire of JONES DAY, Dallas, Texas.
Attorneys for Reorganizing Debtors and Reorganizing Debtors-In-Possession.

William Bowden, Esquire and Gregory Taylor, Esquire of ASHBY & GEDDES, Wilmington, Delaware.
Of Counsel: Lisa Beckerman, Esquire of AKIN GUMP STRAUSS HAUER & FELD, New York, New York.
Brian Kilmer, Esquire of AKIN GUMP STRAUSS HAUER & FELD, Dallas, Texas.
Attorneys for the Official Committee of Unsecured Creditors.

Marla Eskin, Esquire and Mark Hurford, Esquire of CAMPBELL & LEVINE, Wilmington, Delaware.
Of Counsel: Elihu Inselbuch, Esquire of CAPLIN & DRYSDALE, New York, New York.
Peter Van N. Lockwood, Esquire of CAPLIN & DRYSDALE, Washington, D.C.
Attorneys for Official Committee of Asbestos Claimants.

James Patton, Jr., Esquire; Edwin Harron, Esquire and Sharon Zieg, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, Wilmington, Delaware.
Counsel to Martin J. Murphy, the Legal Representative for Future Asbestos Claimants.

Laurie Polleck, Esquire of JASPAN SCHLESINGER HOFFMAN, Wilmington, Delaware.
Of Counsel: Frederick Holden, Esquire of ORRICK, HERRINGTON & SUTCLIFFE, San Francisco, California.
Attorneys for the Official Committee of Retired Salaried Employees.

---

**MEMORANDUM OPINION**

May 11, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is an appeal from and a request for de novo review by Certain Insurers[1] of the Bankruptcy Court's Order Confirming the Second Amended Joint Plan of Reorganization of Kaiser Aluminum Corporation, Kaiser Aluminum & Chemical Corporation and Certain of their Debtor Affiliates, as Modified (the "Confirmation Order") (Bankr. Docket No. 8225) entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on February 6, 2006, and the accompanying Findings of Fact and Conclusions of Law Regarding Confirmation of the Second Amended Joint Plan of Reorganization of Kaiser Aluminum Corporation, Kaiser Aluminum & Chemical Corporation and Certain of Their Debtor Affiliates, as Modified

---

[1] The Certain Insurers include Columbia Casualty Company; Transcontinental Insurance Company; Harbor Insurance Company; Continental Insurance Company and TIG Insurance Company, as successors by mergers with International Surplus Lines Insurance Company; and Republic Indemnity Company and Transport Insurance Company.

Century Indemnity Company, successor to Cigna Specialty Insurance Company, formerly known as California Union Insurance Company and Successor to CCI Insurance Company, Successor to Insurance Company of North America, and as Administrative Agent of former members of AFIA, including St. Paul Mercury Insurance Company; ACE Property & Casualty Company, formerly known as Cigna Property & Casualty Company, formerly known as Aetna Insurance Company; Industrial Indemnity Company; Industrial Underwriters, Insurance Company; Pacific Employers Insurance Company; Central National Insurance Company of Omaha, by and through Cravens, Dargen and Company, Managing General Agent also briefed this appeal, but announced at the start of the hearing, that they had reached a settlement with the Debtors.

1

(Bankr. Docket No. 8226).[2] The Court held a hearing on the issues raised by the parties on May 11, 2006. For the reasons discussed, the Court will affirm the February 6, 2006 Confirmation Order and adopt the accompanying Findings of Fact and Conclusion of Law of the Bankruptcy Court.

I.   **PARTIES' CONTENTIONS**

These consolidated appeals arise in connection with insurance policies issues by the Certain Insurers to the Reorganizing Debtors prior to the commencement of the Reorganizing Debtors' bankruptcy cases. Each of these policies contain a "no assignment" or "anti-assignment" clause which prohibits the Reorganizing Debtors from assigning their rights under the policies without the consent of the Certain Insurers. However, the Reorganizing Debtors' Second Amended Joint Plan of Reorganization (the "Plan") seeks to alter and/or avoid the anti-assignment provisions by (1) allowing the Reorganizing Debtors to assign their rights under the insurance policies to the Funding

---

[2] Several other insurers have a settlement pending with the Debtors that is pending approval by the Bankruptcy Court at a hearing to be held on May 15, 2006. These insurers have not filed substantive memoranda in support of their appeal, and rely on the briefing submitted by the other Appellants, to the extent that their appeal is not mooted by the Bankruptcy Court's approval of their settlements. These insurers include First State Insurance Company; Hartford Accident and Indemnity Company; New England Reinsurance Corporation; Nutmeg Insurance Company; AIU Insurance Company; Granite State Insurance Company; Insurance Company of the State of Pennsylvania; Landmark Insurance Company; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa. and New Hampshire Insurance Company.

Vehicle Trust without the consent of the Certain Insurers, while still binding those Certain Insurers to their obligations under the policies, and (2) requiring the Bankruptcy Court and this Court to declare the assignments "valid and enforceable."

Collectively, the Certain Insurers have filed three Opening Briefs in this action raising two issues for the Court's consideration: (1) whether the Bankruptcy Court had jurisdiction to determine whether rights to receive insurance proceeds could be assigned; and (2) whether the Bankruptcy Court erred in concluding that Section 1123(a)(5) of the Bankruptcy Code preempts the contractual rights of the Certain Insurers under California law.

A.  <u>Subject Matter Jurisdiction</u>

With regard to the threshold question of jurisdiction, several of the Certain Insurers maintain that the Bankruptcy Court lacked subject matter jurisdiction to permit the assignment of the Reorganizing Debtors' rights to receive insurance proceeds under the policies. The Certain Insurers contend that the structure of the Plan prevents the Reorganizing Debtors, who are the policyholders, from ever being liable for the personal injury claims, and the Plan assigns all liability for the personal injury claims to the Funding Vehicle Trust. Because the Debtors will never have any liability under the Plan, the Certain Insurers contend that they will never have any rights to the

3

insurance proceeds. Stated another way, the Certain Insurers contend that under California law, the policyholders must be liable for the claims in order for them to have the right to receive insurance proceeds. If the Debtors have no right to receive the insurance proceeds, the Certain Insurers contend that there is no property of the estate flowing from the insurance policies, and therefore, the Bankruptcy Court lacked in rem jurisdiction to consider the assignment question.

In response to the jurisdiction issues raised by the Certain Insurers, the Reorganizing Debtors contend that the Third Circuit has expressly recognized that insurance policies are property of the estate, and the fact that certain predicates, like the adjudication of liability have not yet occurred, does not mean that the right to receive payment, although contingent, is not property of the estate under Section 541.

B.  Preemption Of California Law By The Bankruptcy Code

As for the question of preemption, the Certain Insurers contend that the circumstances under which Section 1123(a) of Bankruptcy Code can preempt state law are narrow and pertain only to laws "relating to the financial condition" of the Reorganizing Debtors. The Certain Insurers contend that Congress has left the determination of property rights to state law, and therefore Section 1123 does not provide a basis for preemption. In support of their argument, the Certain Insurers also rely on the decision

4

of the Court of Appeals for the Ninth Circuit in <u>Pacific Gas & Electric Co. v. California</u>, 350 F.3d 932, 934-935 (9th Cir. 2003).

The Certain Insurers also contend that the Bankruptcy Court erred in relying upon Section 1123(a)(5) of the Bankruptcy Code, because the transfer of estate property is only authorized by Section 363(l). However, Section 363(l) does not contain any provisions that override the contractual rights of the Certain Insurers to withhold their consent to an assignment. According to the Certain Insurers, Section 363 only preempts contracts or legal rights that are "conditioned on the insolvency or financial condition of the debtor." Because the anti-assignment clauses of the insurance policies are not triggered by the Reorganizing Debtors' insolvency or financial condition, the Certain Insurers contend that Section 363 does not provide for their assignment.

In addition, the Certain Insurers contend that modification of the insurance policies is not permitted under Section 365 of the Bankruptcy Code, because Section 365 of the Bankruptcy Code only authorizes the Bankruptcy Court to modify executory contracts. The insurance policies at issue, however, are non-executory contracts, and therefore, the Certain Insurers contend that the Bankruptcy Court is not permitted to modify or assign them.

5

In response to the preemption issue, the Reorganizing Debtors contend that Section 1123(a)(5) of the Bankruptcy Code expressly preempts the anti-assignment clauses in the applicable insurance policies, because those clauses might otherwise interfere with the implementation of the Reorganizing Debtors' Plan. The Reorganizing Debtors contend that Section 1123 is not as limited as the Certain Insurers contend. According to the Reorganizing Debtors, the preemption authorized by Section 1123 extends to private contracts and is not limited to laws "relating to the financial condition of the debtor." In support of their argument, the Reorganizing Debtors rely on the decision of the Court of Appeals for the Third Circuit in In re Combustion Engineering, Inc., 391 F.3d 190 (3d Cir. 2005). The Reorganizing Debtors recognize that Pacific Gas conflicts with Combustion Engineering, but contend that Pacific Gas was wrongly decided, because the Pacific Gas court violated the plain meaning rule of statutory interpretation by importing language from Section 1142 relating to the Reorganizing Debtors' financial condition into Section 1123.

The Reorganizing Debtors also contend that Section 363(l) and 365 of the Bankruptcy Code are not applicable. The Reorganizing Debtors contend that several courts have recognized that Section 1123(a)(5) authorizes the type of transfers contemplated in this case without resorting to Section 363(l).

6

In addition, the Reorganizing Debtors contend that several provisions of the Bankruptcy Code allow debtors to restructure their obligations under non-executory contracts. Thus, the Reorganizing Debtors maintain that the fact that Section 365 makes certain provisions for executory contracts does not mean that Congress did not intend preemption of an anti-assignment provision in a non-executory contract under Section 1123(a).[3]

## II. STANDARD OF REVIEW

An order confirming a Chapter 11 plan is considered a final, appealable order. Eastern Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 336 (3d Cir. 2000). Thus, the Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a).

The issues presented by the parties to this appeal are only issues of law. Accordingly, the Court applies a plenary review to the Bankruptcy Court's legal conclusions. Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir.

---

[3] The Future Silica and CTPV Claimants' Representatives have also filed a Responsive Memorandum (D.I. 32) echoing the arguments of the Reorganizing Debtors and highlighting certain specific points, including the Third Circuit's decision in Combustion Engineering and the interaction of Sections 541, 363 and 1123 of the Bankruptcy Code.

7

2002).

To the extent that the Bankruptcy Court's rulings constitute recommendations or proposals to this Court, the parties also seek review of the Bankruptcy Court's decision under Bankruptcy Rule 9033. Pursuant to Rule 9033, the Court applies a *de novo* standard of review to the Bankruptcy Court's proposed findings of fact and conclusions of law. The Court may "accept, reject or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instruction." Fed. R. Bankr. P. 9033(d). In conducting a *de novo* review, the Court must consider all of the Bankruptcy Court's findings and conclusions and afford them no presumption of validity.

## III. DISCUSSION

### A. Whether The Bankruptcy Court Lacked Jurisdiction To Determine Whether The Debtors' Rights To Receive Insurance Proceeds Could Be Assigned

Section 541 of the Bankruptcy Code defines the property of the estate broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case," "proceeds . . . from the property of the estate," and "any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(1), (6) and (7). The Third Circuit has expressly concluded that an insurance policy is property of the estate within the meaning of Section

8

541, even though the policy has not matured, has no cash value, or is otherwise contingent. <u>Estate of Lellock v. Prudential Ins. Co. of Am.</u>, 811 F.2d 186, 189 (3d Cir. 1987). The Third Circuit's conclusion is consistent with the conclusions reached by the majority of courts who have considered this issue. See e.g., <u>Homsy v. Floyd (In re Vitek)</u>, 51 F.3d 530, 534 (5th Cir. 1995); <u>Health Ctr. v. Ins. Co. of N. Am. (In re St. Clare's Hosp. & Health Ctr.)</u>, 934 F.2d 15, 18-19 (2d Cir. 1991); <u>Nat'l Union Fire Ins. Co. v. Titan Energy, Inc. (In re Titan Energy, Inc.)</u>, 837 F.2d 325, 329 (8th Cir. 1988), <u>Tringali v. Hathaway Mach. Co.</u>, 796 F.2d 553 (1st Cir. 1986).

Those insurers of the Certain Insurers who press the jurisdiction argument direct the Court to several cases to support their position that the Debtors' right to insurance proceeds are not property of the estate. The Court has reviewed those cases and finds them to be inapplicable to the circumstances here. Several of the cases raised by the insurers pertain to directors' and officers' liability policies. While there is a split among the courts regarding whether these policies are properly considered property of the estate, that division of authority is based on the issue of whether those policies truly benefit the estate, a debate which does not exist in the context of general or product liability insurance policies. The other cases either involve chapter 7 cases, the

9

obligations of the insurer to pay on policies, or lien priority and attachment issues, all of which are irrelevant to the circumstances here. Accordingly, the Court concludes that the insurance policies that are the subject of the instant dispute are properly considered property of the estate pursuant to Section 541 of the Bankruptcy Code, and therefore, the Bankruptcy Court had <u>in rem</u> subject matter jurisdiction to adjudicate the assignment issues related to these policies.

> B.  <u>Whether The Bankruptcy Court Erred In Applying Section 1123(a)(5) Of The Bankruptcy Code To Preempt The Anti-Assignment Clauses In The Insurance Policies And Approving The Plan Which Provides For The Assignment Of Those Policies Without The Consent Of The Certain Insurers</u>

Having concluded that the Bankruptcy Court had jurisdiction to adjudicate the assignment issues related to the insurance policies as property of the estate under Section 541 of the Bankruptcy Code, the Court must next determine whether the Bankruptcy Court erred in applying Section 1123(a)(5) to preempt the anti-assignment clauses in those contracts and allow the proceeds of those policies to be assigned to the Funding Vehicle Trust without the consent of the Certain Insurers. In pertinent part, Section 1123(a)(5)(B) of the Bankruptcy Code provides:

> <u>Notwithstanding any otherwise applicable nonbankruptcy law</u>, a plan shall . . . provide adequate means for the plan's implementation, such as . . . transfer of all or any part of the property of the estate to one or more entities, whether organized before or after the confirmation of such plan . . .

10

11 U.S.C. § 1123(a)(5)(B) (emphasis added).

In <u>Combustion Engineering</u>, the Third Circuit discussed the same issue raised here, i.e. whether a plan of reorganization can provide for the assignment of insurance proceeds to a Section 524(g) trust, and concluded that Section 541(c)(1) and Section 1123(a)(5)(B) of the Bankruptcy Code expressly permits the assignment of a debtor's interest in insurance policies to a trust or other entity, even if the subject insurance policies contain a prohibition on assignment. In reaching this conclusion, the Third Circuit explained:

> With respect to the anti-assignment provisions, we agree with the District Court that even if the subject insurance policies purported to prohibit assignment of Combustion Engineering's insurance proceeds, these provisions would not prevent the assignment of proceeds to the bankruptcy estate.
>
> . . . Put simply, § 541 prohibits restrictions on the interests of the debtor, which includes the insurance policies held by Combustion Engineering.

<u>Id.</u> at 218-219. The Third Circuit went on to explain that Section 541(c)(1) preempts contractual provisions that purport to limit or restrict the rights of a debtor to transfer or assign its interests in bankruptcy, and pursuant to Section 1123(a)(5), the property of the estate can then be transferred to one or more entities organized before or after the confirmation of the plan.[4]

---

[4] The Certain Insurers point out that the <u>Combustion Engineering</u> court discussed this issue in the larger context of determining whether the objecting insurers in that case had

Id. at n.27.

The Certain Insurers direct the Court to the Ninth Circuit's decision in Pacific Gas & Electric Co. v. California, 350 F.3d 932 (9th Cir. 2003). However, the Pacific Gas decision was issued a year before the Third Circuit's decision in Combustion Engineering, and in any event, is not binding on this Court.

In addition, the Certain Insurers rely on the Third Circuit's decision in Integrated Solutions, Inc. v. Service Support Specialties, Inc., 124 F.3d 487 (3d Cir. 1997), for the proposition that once property is included in the bankruptcy estate it is subject to the same limitations imposed on the debtor by applicable nonbankruptcy laws. While the Third Circuit's decision in Integrated Solutions also predates its decision in Combustion Engineering, the Court concludes that Integrated Solutions is consistent with Combustion Engineering.

In Integrated Solutions, the Third Circuit concluded that neither Section 363(b)(1) nor Section 704(1) of the Bankruptcy Code preempt state law restrictions on the transfer of property of the estate. In reaching this conclusion; however, the Third Circuit distinguished Sections 363 and 704 from Section 1123(a) of the Bankruptcy Code, which expressly provides for the

---

standing. However, the Court is not persuaded that the general context of the Third Circuit's discussion alters the force of its conclusions on the more narrow issue of preemption of the anti-assignment clauses by the Bankruptcy Code.

12

preemption of nonbankruptcy law. Accordingly, the Court concludes that the Bankruptcy Court did not err in concluding that the anti-assignment clauses in the Reorganizing Debtors' insurance policies are preempted by the Bankruptcy Code.

## IV. CONCLUSION

For the reasons discussed, the Court will affirm the Bankruptcy Court's February 6, 2006 Order Confirming the Reorganizing Debtors' Plan and adopt the Bankruptcy Court's accompanying Findings of Fact and Conclusions of Law.

An appropriate Order will be entered.