OFFICE OF THE CLERK
## UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

June 14, 2006

Duncan J. McNeill, III
#293752
Spokane County Jail
1100 W. Mallon
Spokane, WA 99260

RE:    In re: Kaiser Aluminum Corporation
Misc. No. 06-41-JJF

Dear Mr. McNeill:

The Court is in receipt of the documents listed below. Pursuant to the Court's Order (D.I. 50) issued on May 8, 2006, no action will be taken on your documents, and the following documents are being returned to you:

1. Letter To The Court Requesting Reasonable Accommodation filed on May 22, 2006;

2. Notice To Clerk Of Violation Of FRCP 5(e) And 1st Amend. Of U.S. Const. By The Unlawful Rejection Of Plaintiff's Pleadings filed on May 22, 2006;

3. Appellant's Ex Parte Motion To Reconsider Appointment Of Counsel On Appeal In The Interest Of Justice, Pursuant to 28 USCS,1915(c)(1) And Johnson v. U.S. , 352 U.D. 565 (1957) (D.I. 37) originally filed on April 28, 2006 and re-filed on May 22, 2006;

4. Appellant's Ex Parte Motion For An Order Compelling The Bankruptcy Court Clerk To Prepare And Furnish To Appellant 2 Indexed And Bates Stamped, Copies Of The Excerpts Of Record (D.I. 38) originally filed on April 28, 2006 and re-filed on May 22, 2006;

5. Appellant's Ex Parte Motion For Extension Of Time; For Access To Court; For Forms And Rules And Procedures To Be Furnished 30 Day Extension Of Time To File Briefs filed on May 22, 2006 (D.I. 39) originally filed on April 28, 2006 and re-filed on May 22, 2006;

6. Motion For Extension Of Time And Due Process To Obtain Relief From Orders Of 04/18/06 and 04/24/06; Motions For Relief From Orders And To Modify Or Correct Findings Pursuant To FRCP 52, 59 And 60 (D.I. 40) originally filed on May 2, 2006 and re- filed on May 22, 2006;

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

7. Petition And (1) Request For Judicial Notice; (2) Motion For Findings Of Fact And Conclusions Of Law Per FRCP 52 And 65; (3) Ex Parte For TRO/OSC And Preliminary Injunction Enjoining "Denial Of Access Orders" ("DOA Orders") And Mandating Access To Court To Directly Or Collaterally Attack DOA Orders Where Petitioner Has "Fundamental Interests At State"; (4) For Finding Of "Fundamental Interest" In Support Of TRO/OSC And Preliminary Injunction; (5) For Electronic Service By USDC Clerk And Reasonable Accommodations For Access To Court (D.I. 31) originally filed on April 27, 2006 and re-filed on May 22, 2006.

Very truly yours,
Peter T. Dalleo, Clerk

Anita Bolton
Courtroom Deputy

enclosure
cc: The Honorable  Joseph J. Farnan, Jr.

REQUEST FOR REASONABLE ACCOMMODATION

Duncan J. McNeil
SPOKANE COUNTY JAIL
#293752
2030 West Spofford
Spokane, WA  99205

FILE IN:
CASE NO. 06-41

------------------------------------------------

TO: CLERK USDC

THE ENCLOSED "PETITION AND (1) REQUEST
FOR JUDICIAL NOTICE...", TEST AND FOR
PRELIMINARY INJUNCTION, RECEIVED
STAMPED 4/27/06, (AND OTHER PLEADINGS ENCLOSED.) IS FOR FILING IN
CASE NO. 06-41.

PURSUANT TO ADA AND SECTION 504
(29 USC § 794) AS A REASONABLE
ACCOMMODATION TO MY ESTABLISHED
DISABILITY I REQUEST FILING &

------------------------------------------------

ACCESS TO THE COURT FOR A
HEARING & DECISION ON THE MERITS,
w/ FINDINGS OF FACT & CONCLUSIONS,
PURSUANT TO FRCP 52 & 65.

THANK YOU FOR YOU REASONABLE
ACCOMMODATION.

DUNCAN J. MCNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
INDIGENT DISABLED UNLAWFULLY
INCARCERATED CIVIL DETAINEE
AND PLAINTIFF

MO —
DATE: ____
TIME: ____
FI —

U.S. DISTRICT COURT

DISTRICT OF DELAWARE

DUNCAN T. MCNEIL, III
APPELLANT
PLAINTIFF AND
JUDGMENT CREDITOR

v.

KAISER ALUMINUM
UNITED STATES, ET. AL.

APPELLEES DEFENDANTS AND
JUDGMENT DEBTORS

CASE NO: 06-41

NOTICE TO CLERK
OF VIOLATION OF
FRCP 5(e) AND 1ST
AMEND. OF U.S. CONST.
BY THE UNLAWFUL
REJECTION OF
PLAINTIFF'S PLEADINGS

PLEASE TAKE NOTICE THAT THE
CLERK OF THIS COURT COURT HAS
VIOLATED THEIR OATH OF OFFICE, FRCP
5(e). AND THE PLAINTIFF'S RIGHTS OF
ACCESS TO THIS COURT BY UNLAWFULLY
REJECTING PLAINTIFF'S PLEADINGS① THE
CLERK IS A MINISTERIAL OFFICER OF
THE COURT,② WHO MUST ACCEPT ALL
OF PLAINTIFF'S PLEADINGS AND LACKS
DISCRETION OR AUTHORITY TO REJECT SAID
PLEADINGS, FRCP 5(e), DIESSE v. FALK,
916 F. SUPP. 985 (C.D. CAL 1996). THE UNLAWFULLY
REJECTED PLEADINGS ARE RETURNED HEREWITH FOR
THE MINISTERIAL ACT OR FILING BY THE CLERK.

DATED: 5/16/06

06/10F1

① MOTION FOR FILINGS
AND RELATED PLEADINGS FOR FILING IN 06-41.

② THE CLERK'S CONTINUED VIOLATION OF FRCP 5(e) AND THE PLAINTIFF'S RIGHTS SHALL BE BASIS FOR THE CLERK'S IMMEDIATE REMOVAL FROM OFFICE PURSUANT TO 28 U.S.C. §§ 751, 951 & 956.

750 CSC 8 PRELIMINARILY WITHHELD

DUNCAN J. M<sup>c</sup>NEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
INDIGENT, DISABLED,
UNLAWFULLY INCARCERATED,
CIVIL DETAINEE, JUDGMENT
CREDITOR AND APPELLANT

MO: _____
DATE: _____
FJ: _____

DISTRICT COURT

U.S. ~~COURT OF APPEALS~~

~~FOR~~

DISTRICT OF ~~DELAWARE~~

IN RE KAISER                    02-10429

DUNCAN J. M<sup>c</sup>NEIL, III
        PLAINTIFF / APPELLANT

v. KAISER
~~UNITED STATES, ET. AL.~~
        DEFENDANTS / APPELLEES

CASE NO:
~~FACPS2,59≠60~~
APPELLANT'S EX PARTE
MOTION ~~FOR~~ TO RECONSIDER
APPOINTMENT OF
COUNSEL ON APPEAL
IN THE INTERESTS
OF JUSTICE, PURSUANT
TO 28 USC § 1915(e)(1)
AND JOHNSON v. US,
352 U.S. 565 (1957).

        THE APPELLANT HEREBY CERTIFIES
THAT THE HEREIN APPEAL REQUIRES AN
ANSWER TO ONE OR MORE PRECEDENT—
SETTING QUESTIONS OF EXCEPTIONAL
IMPORTANCE, ARISING FROM THE DENIAL
OF OR THE VIOLATION OF FUNDAMENTAL
CONSTITUTIONAL RIGHTS. BASED UPON THE FACTS,
STATEMENTS AND AUTHORITY CITED TO IN THE
APPELLANTS NOTICE OF APPEAL (INCORPORATED HEREIN)
THE APPELLANT, INDIGENT & DISABLED, MOVES THE
COURT FOR APPOINTMENT OF COUNSEL PER 28 USC
§ 1915(e)(1) AND/OR JOHNSON v. U.S. 352 U.S. 565 (1957)
DATED: 4/24/06      #4

PG/OF

APPELLANT ASSERTS THAT IN ORDER TO ENSURE DUE PROCESS IN THIS ACTION, THAT APPELLANT SHOULD BE APPOINTED COUNSEL, OR AT LEAST "STAND-BY" COUNSEL, TO ASSIST APPELLANT WITH ACCESS TO THE COURT, RECORD, AND W/ COMPLIANCE WITH THE COURT'S DEADLINES & RULES. THE COURT HAS IMPROPERLY, IN VIOLATION OF DUE PROCESS, FINDING A "HISTORY OF FRIVOLOUS LITIGATION", WHICH THE APPELLANT DISPUTES THESE CONTENTIONS OR FINDINGS AND ASKS TO BE HEARD ON THESE ISSUES. APPELLANT MOVES THE COURT FOR COPIES OF THE ORDERS CITED TO IN IT'S ORDER OF 4/18/06 ① 05-574, ORDER, AT 2 (AUG 22, 2005) AND ② 05-574, MEM. ORDER, AT 6 (FEB. 7, 2006), AND A HEARING TO BE HEARD ON A COLL.ATERAL ATTACK AS TO ANY ORDER RELIED

PG 2 OF 4

OR CITED TO BY THE COURT THAT
INFERS, STATES, OR ALLEGES THAT
APPELLANT ① HAS A "HISTORY" OF
FILING FRIVOLOUS CLAIMS", AND ②
CLAIMING THAT APPELLANT "HAS
BEEN" DEEMED A "VEXATIOUS
LITIGANT" BY THREE OTHER COURTS.

APPELLANT DISPUTES THESE FINDINGS
OF THIS COURT, AND PURSUANT
TO FRCP 52, 59 & 60, SEEKS
RELIEF FROM SAID FINDINGS
(MADE SUA SPONTE & EX PARTE)
MADE W/O NOTICE OR OPPORTUNITY
TO THE HEARD, APPELLANT CERTIFIES
THAT ALL SUCH ORDERS ARE "VOID
AB INITIO", ENTERED IN A CLEAR
ABSENCE OF ALL JURISDICTION,
CONTRARY TO ESTABLISHED
& CONSTITUTIONAL PROVISIONS,
STATUTES, CASE LAW OR OTHER
AUTHORITY. AS SUCH SUCH ORDERS ARE
SUBJECT TO A COLLATERAL ATTACK
IN THIS ACTION AS THEY HAVE
BEEN RELIED UPON BY THIS

PG 3 OF 4

COURT IN DENYING APPELLANT RELIEF, IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS, AND RIGHT TO BE HEARD.

AS SUCH APPELLANT SEEKS RELIEF FROM ALL SUCH ORDERS AND FINDINGS, UNDER FRCP 52, 59 & 60, AND/OR A NOTICED HEARING W/A BRIEFING SCHEDULE ON THAT ISSUE.

APPELLANT FURTHER ASSERTS THAT THE COURT'S PRE-DISPOSITION TO DENY APPELLANT DUE PROCESS, TO DECLARE APPELLANT FRIVOLOUS AND VEXATIOUS, ON A EX PARTE SUA SPONTE BASIS, IS BASIS FOR THE COURT TO DISQUALIFY ITSELF IN THIS MATTER AS THE APPELLANT'S RIGHT TO A FAIR HEARING IS BECAUSE THE IRREPARABLY COMPROMISED FOREGOING TO BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY

4/24/06



CLERK
US District Court
Lock Box 27
Wilmington, DE 19801

Duncan T. McNeil III THC
Spokane Co. Jail
1100 W. Mallon
Spokane, WA 99260

LEGAL MAIL

U.S.M.S
X-RAY

DUNCAN J. McNEIL, III
2030 W. SPOFFORD
SPOKANE WA 99205

MO-
DATE:
FJA=

RECEIVED
APR 2006

DISTRICT COURT
U.S. ~~CLERK OF APPEALS~~
FOR THE
DISTRICT OF DELAWARE

IN RE KAISER    02-10429    MC-06-41
                                   05-CV-579
DUNCAN J. McNEIL, III            CASE NO: 06-CV-178
PLAINTIFF APPELLANT
                                 APPELLANT'S EX PARTE
V.                               MOTION FOR AN ORDER
    KAISER                       COMPELLING THE ~~BANKRUPTCY~~
~~UNITED STATES, ETAL~~          COURT CLERK TO PREPARE
DEFENDANTS/APPELLEES             AND FURNISH TO APPELLANT
                                 2 INDEXED AND BATES
                                 STAMPED, COPIES OF THE
                                 EXCERPTS OF RECORD.

I, DUNCAN J. McNEIL, III, BEING SWORN UPON OATH
HEREBY DECLARE THAT: BY MY NOTICE OF APPEAL
IN THIS ACTION I DESIGNATED THE COMPLETE
RECORD OF THE ~~DISTRICT~~ BANKRUPTCY COURT AS THE RECORD ON
APPEAL, AND REQUESTED THAT THE CLERK OF THE
DISTRICT COURT PROVIDE ME 2 INDEXED AND
BATES STAMPED COPIES, FOR MY USE IN THIS APPEAL,
ONE FOR FILING WITH THE ~~COURT OF APPEAL~~ DISTRICT COURT AND
ONE FOR ME TO RETAIN. THAT PURSUANT TO BOUNDS v.
SMITH, 430 U.S, 817, AT 824-825 (1977), AND CASES
CITED THEREIN, I AM ENTITLED TO A COPY OF THE RECORD
ON APPEAL, WHICH THE CLERK HAS REFUSED TO PROVIDE ME
I REQUEST THAT THE CLERK BE ORDERED TO PROVIDE
2 INDEXED AND BATES STAMPED COPIES AND THAT I BE
GRANTED AN EXTENSION UNTIL RECEIVED I CERTIFY THAT
I MAILED THIS MOTION ON 4/24/06.
DATED: 4/24/06
         PAGE 1 OF 1              APPELLANT



CLERK
US DISTRICT COURT
LOCK BOX 27
WILMINGTON, DE 19801

DUNCANT. MCNEIL THC
SPOKANE CO. JAIL
1100 W. MALLON
SPOKANE, WA 99260

LEGAL MAIL

U.S.M.S.
X-RAY

=0.63=  U.S. POSTAGE
PB METER
7148396

DUNCAN J. McNEIL, III
2030 W. SPOFFORD
SPOKANE, WA 99205
INDIGENT DISABLED UNLAWFULLY
INCARCERATED "CIVIL DETAINEE"
& JUDGMENT CREDITOR AND
APPELLANT

MO: _____
DATE: _____
FJ: _____

DISTRICT COURT
U.S. ~~COURT OF APPEALS~~
FOR
DISTRICT OF ~~DELLEWARE~~

IN RE KAISER    02-10429    MC-06-41
DUNCAN J. McNEIL, III    APPEAL NO: CV-05-574
        PLAINTIFF-APPELLANT,    CV-06-178
v.
KAISER
~~UNITED STATES, ET AL~~
        DEFENDANTS-APPELLEES

① CLERK'S ACTION REQUIRED:
REQUEST FOR COPIES OF FRAP,
CIRCUIT RULES, PRO SE RULES,
FORMS, IFP MOTION APPLICATION,
PRO SE BRIEF & OTHER FORMS

APPELLANT'S EX PARTE
MOTION FOR EXTENSION
OF TIME; FOR ACCESS
TO COURT; FOR FORMS
RULES & PROCEDURES
TO BE FURNISHED ① &
30 DAY EXTENSION OF
TIME TO FILE BRIEFS

THE UNDERSIGNED INDIGENT-DISABLED
UNLAWFULLY INCARCERATED "CIVIL DETAINEE" AND
APPELLANT, HEREBY REQUEST A 30 DAY EXTENSION
OF TIME AS TO ALL DEADLINES IN THIS APPEAL,
DUE TO RESTRAINTS RESULTING FROM MY ONGOING
UNLAWFUL INCARCERATION, SEE ELDRIDGE v. BLOCK,
832 F.2d 1132, AT 1136 (9TH CIR 1987); TARANTINO v. EGGERS,
380 F.2d 465, 468 (9TH CIR 1967). I AM PRESENTLY
SUFFERING AN ON GOING "BOUNDS VIOLATION", W/ ACTUAL
INJURY, OF A TOTAL AND COMPLETE DENIAL OF ACCESS
TO RESOURCES, TO MEET THE COURT'S DEADLINES. I
CERTIFY THAT THE FOREGOING IS TRUE AND CORRECT,
UNDER THE PENALTY OF PERJURY, AND I CERTIFY
THAT THIS MOTION WAS FILED/MAILED BY PLACING IT
INTO THE OUTGOING INDIGENT MAIL, ████ ON 4/24/06
AT SCJ, STE-30.
DATED: 4/24/06

APPELLANT

P/2 OF 6



CLERK
US District Court
Lock Box 27
WILMINGTON, DE 19801

DURANT J. MCNEIL, JR.
SQUARES CO. SUPPORT
T1100 W. MAPLE
SPOKANE, WA 99206

LEGAL MAIL

U.S.M.S
X-RAY

US DISTRICT COURT
DISTRICT OF DELEWARE

IN RE KAISER                    02-104?

DUNCAN J. MCNEIL, III           MC - 06 - 41
                                CV - 05 - 574
    V.                          CV - 06 - 178

KAISER

RECEIV

MAY - 2 ?

| NOTICE OF COLLATERAL<br>&/OR DIRECT ATTACK ON:<br>① 05-574, ORDER AT<br>2 (D. DEL 8/22/05; AND<br>② 05-574, ORDER AT<br>6 (D. DEL 2/7/06) (WHICH<br>APPELLANT WAS NEVER<br>SERVED WITH); AND ③<br>ALL OTHER ORDERS<br>THAT THESE ORDERS<br>ARE BASED UPON | MOTION FOR EXTENSION OF<br>TIME AND DUE PROCESS<br>TO OBTAIN RELIEF FROM<br>ORDERS OF 4/18/06<br>AND 4/24/06; MOTIONS<br>FOR RELIEF FROM ORDERS<br>AND TO MODIFY OR<br>CORRECT FINDINGS<br>PURSUANT TO FRCP<br>52, 59 & 60 |

APPELLANT BEING SWORN UPON OATH HEREBY DECLARES:
THE APPELLAND AND JUDGMENT CREDITOR
HEREBY SEEKS AND EXTENSION OF TIME
AND DUE PROCESS, BRIEFING SCHEDULE,
ACCESS TO COURT RECORDS, NOTICE AND
OPPORTUNITY TO BE HEARD, IN ORDER
TO OBTAIN RELIEF FROM:
    (= 4/18/06 ORDER IN 05-574, DOCKETED
4/19/06 AS D.I. #24 p 6 1 OF 7

2. 4/18/06 ORDER, ~~DEL~~ 06-41, DOCKETED 4/19/06 AS D.I. # 23;

3. 4/24/06 ORDER, 06-41.
THESE ORDERS ARE BASED UPON THE MANIFEST ERROR OF BOTH FACT & LAW THAT:

1. APPELLANT HAS A "HISTORY OF FILING FRIVOLOUS CLAIMS";

2. APPELLANT HAS 3 — COUNTABLE "STRIKES" PURSUANT TO 28 USC § 1915(g);

3. APPELLANT HAS BEEN "DEEMED A "VEXATIOUS LITIGANT" BY THREE OTHER COURTS"; ~~AND~~

4. THAT THE 3 — STRIKES PROVISION OF 28 USC § 1915(g) IS APPLICABLE TO APPELLANT IN THIS ACTION; AND

5. THAT THERE IS AN "EXPEDIATED NATURE OF THE UNDERLYING

PG 2 OF 7

PROCEEDINGS.

APPELLANT BRINGS THE MOTION TO: (1) CORRECT MANIFEST ERRORS OF FACT AND LAW BY THIS COURT; (2) TO ENFORCE THE APPELLANT'S FUNDAMENTAL CONSTITUTIONAL INTERESTS, IN THIS ACTION: AND (3) TO OBTAIN DUE PROCESS OF LAW, BY WAY OF A COLLATERAL AND/OR DIRECT ATTACK ON SUA SPONTE, EX PARTE ORDERS OF THIS COURT, AND THE "VOID AB INITIO", MANIFESTLY ERRONEOUSLY FOREIGN ORDERS THAT THIS COURT RELIES UPON.

IN AN AVLANCHE OF SUA SPONTE EX PARTE ORDERS, WHICH DECIMATE THE APPELLANT'S DUE PROCESS RIGHTS, THIS COURT HAS VACATED IT'S OWN

PG 3 OF 7

PRIOR ORDERS, DECLARING THEM.
ERRONEOUS OR MISTAKEN
(DECLARING " THE COURT WAS ERRONEOUSLY
INFORMED BY THE BANKRUPTCY COURT ... ")
AND HAS NOW SET AN ARBITRARY
AND CAPRICIOUS DEADLINE OF
3 COURT DAYS, FOR THE
INDIGENT DISABLED AND
UNLAWFULLY INCARCERATED TO
COMPLY WITH THIS COURT'S MANIFESTLY
ERRONEOUSLY ORDER OF 4/24/06, IN
MC-06-41.

APPELLANT ASSERTS THERE IS
NO BASIS FOR AN "EXPEDUATED
NATURE OF THE UNDERLYING
PROCEEDING" AS TO THE
APPELLANT'S APPEAL. WHILE
THE COURT HAS FOUND THIS AS TO
THE "INSURANCE" APPEALS, WHICH
THE COURT HAS "LUMPED" OR

PG 4 OF 7

OR "FORCED" THE APPELLANT (W/O (W/O DUE PROCESS), THERE IS NO BASIS TO LINK THIS APPELLANT'S APPEAL TO THE "INSURANCE" APPEALS. APPELLANT'S DUE PROCESS RIGHTS) MUST BE PROTECTED BY THIS COURT) BY SEVERING THIS APPEAL FROM THE INSURANCE APPEALS.

APPELLANT DISPUTES THIS COURT'S MANIFESTLY ERRONEOUSLY FINDINGS AND ORDERS, WHICH ARE BASED ENTIRELY UPON "VOID AB INITIO" FOREIGN ORDERS, WHICH APPELLANT HAS A DUE PROCESS RIGHT TO COLLATERALLY ATTACK IN THIS APPEAL.

(PG 5 OF 7)

WHILE APPELLANT UNDER STANDS THIS COURT'S URGENCY WITH THE "INSURANCE" APPEALS, THE OUT COME OF WHICH COULD SIGNIFICANTLY ALTER THE DEBTOR REORGANIZATION, THIS APPEAL, CAN HAVE NO SUCH EFFECT OR IMPACT. APPELLANT CHALLENGES THE "RE-CLASSIFICATION" AND "REDUCTION" OF CLAIM # 736, (A SINGLE INSIGNIFICANT CLAIM), THE OUTCOME OF WHICH COULD HAVE NO SIGNIFICANT EFFECT OR IMPACT ON THE DEBTOR'S REORGANIZATION. THIS COURT CAN -NOT VIOLATE THE APPELLANT'S ~~FUNDAMENTAL~~ MULTIPLE FUNDAMENTAL CONSTITUTIONAL ISSUES NOW AT STAKE IN THIS APPEAL, BY

PG 6 OF 7

THIS COURT'S OWN, SUA SPONTE, EX PARTE, RELIANCE ON "VOID AB INITIO" FOREIGN ORDERS, WHICH THE COURT IS ATTEMPTING TO USE IN A SUMMARY FASHION TO FORECLOSE ON AND FOREVER TERMINATE APPELLANT'S RIGHTS IN THE APPEALS ORIGINALLY DOCKETED AS 05-574 & 06-178.

APPELLANT MOVES THE COURT FOR AN ORDER SEVERING THESE APPEALS FROM THE "INSURANCE" APPEALS, AND FOR THE GRANTING OF APPELLANT'S 4/20/06 MOTION(S) FOR TRO/OSC & PRELIMINARY INJUNCTION AND A 30 DAY EXTENSION OF TIME AS TO ALL DEADLINES. I DECLARE THE FOREGOING D BE TRUE AND CORRECT UNDER THE PENALTY OF PERJURY AND CERTIFY THAT THIS MOTION WAS MAILED/FILED ON 4/25/06 DATED: 4/25/06 PG 7 OF 7

DUNCAN J. MOORE
SPOKANE CO. JAIL
1100 W. MALLON
SPOKANE, WA 99260

LEGAL MAIL

1960113259-39 CO12

CLERK
US DISTRICT COURT
LOCK BOX 27
844 KING STREET
WILMINGTON, DE
19801





MO. PJTA - 077
DATE: 4/20/06
FJ: KA-01

<u>U.S. DISTRICT COURT</u>
<u>DISTRICT OF DELEWARE</u>

RECEIVED
APR 27 2006

NOTICE OF CHANGE OF
ADDRESS TO:
DUNCAN J. McNEIL III
2030 W. SPOFFORD
SPOKANE, WA 99205

| | |
|---|---|
| IN RE: KAISER ALUMINUM DEBTORS | BK NO: 02-10429 (CLAIM NO. 736) |
| IN RE: KAISER APPELLEES | MC NO. 06-41 (CV-06-178) |
| DUNCAN J. McNEIL III APPELLANT | CV-05-574 |
| v. KAISER ALUMINUM APPELLEES | REQUEST FOR ELECTRONIC FILING AND ELECTRONIC SERVICE BY THE CLERK OF THE COURT. |

① REQUEST FOR <u>PETITION AND JUDICIAL NOTICE</u>; ② MOTION
FOR FINDINGS OF FACT & CONCLUSIONS OF
LAW PER FRCP 52 & 65; ③ EX PARTE
FOR TRO/OSC AND PRELIMINARLY INJUNCTION
ENJOINING "DENIAL OF ACCESS ORDERS"
("DOA ORDERS) AND MANDATING ACCESS TO
COURT TO DIRECTLY OR COLLATERALLY
ATTACK DOA ORDERS WHERE PETITIONER
HAS "FUNDAMENTAL INTERESTS AT
STAKE"; ④ FOR FINDING OF "FUNDAMENTAL
INTEREST" IN SUPPORT OF TRO/OSC &
PRELIMINARLY INJUNCTION; ⑤ FOR
ELECTRONIC SERVICE BY USDC CLERK AND
REASONABLE ACCOMMODATIONS FOR ACCESS TO COURT.

PG 1 OF 35

PETITIONER & APPELLANT, BEING
SWORN UPON OATH, HEREBY
DECLARES:

<u>I. REQUEST FOR JUDICIAL NOTICE</u>

1. PETITIONER, PURSUANT TO FRCP
52, 59, 60 & 65 HEREBY SEEKS A
PRELIMINARY INJUNCTION (P.I.) BY
WAY OF A TEMPORARY RESTRAINING ORDER
(T.R.O.) AND AN ORDER TO SHOW
CAUSE (O.S.C.)[1] ENJOINING THE USE
EXECUTION AND ENFORCEMENT OR ALL
DENIAL OR ACCESS ORDERS (DOA ORDERS)
AGAINST APPELLANT, AND[2] THE GRANTING
OF FULL FAITH & CREDIT TO THE <u>21</u>
SEPARATE FINAL JUDGMENTS & CONSENT
DECREES, ADMITTED INTO EVIDENCE IN
THIS ACTION (SEE EX. 2, PGS <u>34</u> OF <u>35</u>
TO <u>35</u> OF <u>35</u>) AND ENTITLED TO FULL
FAITH & CREDIT HEREIN, PURSUANT TO
U.S. CONST. ART <u>IV</u> § <u>1</u> AND 10 DEL. C.
§§ 4781 TO 4787 (THE DELEWARE
UNIFORM ENFORCEMENT OF FOREIGN JUDGMENTS
ACT (UEFJA)); AND [3] THE GRANTING OF
PETITIONER ACCESS TO THIS
COURT, BY MANDATING THE GRANTING
OF REASONABLE ACCOMMODATIONS TO
PETITIONER, AN INDIVIDUAL WITH AN
ESTABLISHED DISABILITY, WHO IS
OTHERWISE QUALIFIED TO RECEIVE THE

BENEFITS, PROGRAMS AND SERVICES OF THIS COURT, INCLUDING BUT NOT LIMITED TO ALL CONSTITUTIONALLY PROTECTED DUE PROCESS AND "VESTED PROPERTY" RIGHTS.

2. PETITIONER REQUESTS THAT THIS COURT TAKE JUDICIAL NOTICE OF, INCORPORATE HEREIN, AND GRANT ADMISSIBILITY HEREIN, PURSUANT TO FRCP 44(a)(1) AND FRE RULE 201(b)(2) THE "OFFICIAL PUBLICATIONS THEREOF" ON THE COURT'S "PACER" SYSTEM, THE FOLLOWING PUBLIC AND COURT RECORDS:

A. D.I. 4, FILED 9/19/05, IN USDC-D-DE CASE NO. 05-CV-574, "EX PARTE MOTION..." FOR TRO/OSC & P.I.;

B. D.I. 6, FILED 10/11/05, CASE 05-CV-574, "NOTICE OF COLLATERAL ATTACK...";

C. D.I. 7, FILED 10/11/05, CASE 05-CV-574, "EX PARTE MOTION...";

D. D.I. 8, FILED 10/11/05, CASE 05-CV-574, "EX PARTE MOTION IN SUPPORT...";

E. D.I. 9, FILED 10/11/05, CASE 05-CV-574, "DECLARATION IN SUPPORT...";

F. D.I. 13, FILED 1/13/06, CASE 05-CV-574, "EX PARTE APPLICATION TO PROCEED...";

G. D.I. 14, FILED 1/13/06, CASE 05-CV-574, "PETITION & REQUEST TO CLERK FOR REGISTRATION

PG 3 OF 35

OF "FOREIGN JUDGMENTS...",
PURSUANT TO UEFJA, 10 DEL. C.
§§ 4781 TO 4787; (EX. 2 THERETO LISTING 21 SEPARATE FOREIGN JUDGMENTS.
H. D.I. 16, FILED 2/21/06, CASE 05-CV-574,
"RETURN OR UNDELIVERABLE MAIL...",
   I. D.I. 18, FILED 4/11/06, CASE 05-CV-574,
"REQUEST FOR REASONABLE ACCOMMODATION...";
   J. D.I. 19, FILED 4/11/06, CASE 05-CV-574,
   K. EX. 2, PGS 34 OF 35 TO 35 OF 35,
HEREIN, ITEMS "9" TO "U", 21 SEPARATE
FINAL JUDGMENTS AND/OR CONSENT DECREES,
AS ~~PUBLISHED~~ ESTABLISHED BY THE "OFFICIAL
PUBLICATIONS THEREOF", PER FRCP 44(9)(1)
AND FRE RULE 201(b)(2), AND ~~RESPECT~~
WHICH ARE ENTITLED TO FULL FAITH & CREDIT
BY THE COURT, PURSUANT TO U.S. CONST.
ART. IV §1 AND 10. DEL. C. §§ 4787 TO
4787.

   3. I HEREBY CERTIFY THAT THE FOREGOING
ARE THE "OFFICIAL PUBLICATIONS THEREOF"
ON THE COURT'S "PACER" SYSTEM, AT
THE INDICATED CASE NO. AND DOCKET #,
AND AS SUCH ARE ADMISSABLE IN THE
CAPTIONED ACTIONS, AND I HEREBY
REQUEST AS A REASONABLE ACCOMMODA-
TION TO MY ESTABLISHED DISABILITY,
(SEE 29 U.S.C. § 794, REHABILIATION ACT OF

1973 AND 42 U.S.C. §§ 12101-12213, ADA) I REQUEST THAT THE CLERK OF THE COURT, OBTAIN, PRINT, COPY & FILE EACH OF THE FOREGOING PUBLIC RECORDS AND THAT THEY BE FILED AND DOCKETED IN THE CAPTIONED ACTIONS, THAT REQUEST FOR JUDICIAL NOTICE THEREOF BE GRANTED, THAT THEY EACH BE ORDERED TO BE ADMISSABLE IN THE CAPTIONED ACTIONS, AND THAT THE FINAL JUDGMENTS, AND FINAL CONSENT DECREES LISTED ON EX. 2 (PGS 34 OF 35 TO 35 OF 35) BE GRANTED FULL FAITH & CREDIT BY THIS USCA AND THAT THE USPC BE COMPELLED TO DO THE SAME.

## II MOTIONS FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

4. WHEN GRANTING OR DENYING A PRELIMINARY INJUNCTION THIS COURT HAS A MANDATORY NON-DISCRETIONARY DUTY TO SET FORTH DETAILED FINDINGS OF FACT AND CONCLUSIONS OF LAW, SO THAT THE TRIAL JUDGE IS REQUIRED TO

PG 5 OF 35

ASSERTAIN FACTS WITH DUE CARE
SO AS TO RENDER A DECISION
IN ACCORDANCE WITH THE UNCONTROVERTED
OR CONTROVERTED, BUT FOUND EVIDENCE,
AND THE LAW, SEE <u>INVERNESS CORP</u>
V. <u>WHITEHALL LABS</u>, 819 F.2d 48 (2ND
CIR 1987).

5. IN CASE NO. 05-574, D.I. 4 (9/19/05)
AND D.I. 13 & 14 (1/13/06) THE PETITIONER
SOUGHT A TRO/OSC & P.I. PURSUANT
TO FRCP 52 & 65, REQUIRING THIS
COURT TO ENTER FINDINGS OF FACT
AND CONCLUSIONS OF LAW IN THE
GRANTING OR REFUSING THE TRO/
OSC & P.I.

6. THE COURT'S ORDER OF 9/27/05,
                              (CASE
                               05-574)
D.I. 5, MAKES NO REFERENCE TO
D.I. 4, AND INCLUDES <u>NONE</u> OF
THE REQUIRED FINDINGS OF FACT
OR REQUIRED CONCLUSIONS OF LAW.
THE PETITIONER HAS NEVER BEEN
SERVED WITH THE COURT'S 2/7/06
ORDER IN 05-574, D.I. 15 (SEE
D.I.16) BUT THE DOCKET ENTRY
MAKES NO MENTION OF THE
DENIAL OF THE TRO/OSC & P.I.
SOUGHT IN D.I. 4. [A.0 PP. 35

As ~~SUCH~~ ~~PETITIONER's~~

7. WHILE DoI. 15 ~~DOES~~ DOCKET (INJUNCTIVE)
ENTRY STATES THAT THE RELIEF
REQUESTED IN DoI. 13 & 14 IS
"DENIED," THE DOCKET ENTRY
DOES NOT REFER TO ANY OF
THE MANDATORY FINDINGS OF FACT
OR CONCLUSIONS OF LAW, THAT
FORMED THE BASIS FOR THE
COURT'S DENIAL OF INJUNCTIVE
RELIEF. ~~THERE~~

8. ~~AS SUCH~~ AN ORDER DENYING
INJUNCTIVE RELIEF IS VACATED
AND REMANDED WITH DIRECTIONS
WHEN THE DISTRICT COURT DID NOT
MAKE FINDINGS OF FACT OR STATE
CONCLUSIONS OF LAW, AND/OR THE
PETITIONER WAS NOT AFFORDED
AN ADEQUATE HEARING, SEE
MCWHINNEY V. CAIN, 289 F.2d 315
(CA. PA. 1961).

9. IN GRANTING OR DENYING
REFUSING A PRELIMINARY INJUNCTION
THE DISTRICT COURT IS REQUIRED

PG 7 OF ~~33~~ 35

TO MAKE EXPLICIT FINDINGS OF FACT AND CONCLUSIONS OF LAW, UPON WHICH IT'S CONCLUSION OR ORDER IS BASED, SEE I.C.C. v. CARDINALE TRUCKING CORP, 308 F. 2d 435 (2ND CIR 1962); SEE ALSO DAVIS v. U.S., 422 F.2d 1139 (11TH CIR. 1970).

9. THE TRIAL COURT MUST SUPPLY ADEQUATE FINDINGS TO SUPPORT IT'S ORDER, SEE PARCEL 49C L.P. v. US, 31 F.3d 1147 (FED CIR. 1994).

11. THE RULE REQUIRING THE TRIAL COURT TO STATE ITS FINDINGS AND CONCLUSIONS EXPLICITY WHEN GRANTING OR DENYING AN INJUNCTION IS OF PARAMOUNT IMPORTANCE TO PROPER REVIEW BY APPELLATE COURT, SEE FAIR HOUSING v. TOWN OF HUNTINGTON 316 F.3d 357 (2ND CIR. 2003).

12. IN THIS ACTION THE 21 SEPARATE FINAL JUDGMENTS AND FINAL CONSENT DECREES, ALREADY ESTABLISH AND INCLUDE INJUNCTIONS, UNDER 11 U.S.C. 362 (REIMPOSED AUTOMATIC STAY) AND UNDER 11 U.S.C. §§ 524 AND 1141 (DISCHARGE & DISCHARGE INJUNCTIONS ALONG WITH OTHER LIKE INJUNCTIONS CONTAINED IN WRITS 02-0001 TO 02-

PG 8 OF 35

02-0005 (EX. 2, ITEMS "h" TO "l",
PG 34 OF 35, HEREIN).

13. BY THIS MOTION FOR TRO/OSC
AND P.I., THE PETITIONER, BASED
UPON THE FULLY ADJUDICATED FACTS,
CONCLUSIONS, ORDERS, DECREES, WRITS
AND EXECUTIONS CONTAINED WITHIN
THE 21 SEPARATE FINAL JUDGMENTS
AND FINAL CONSENT DECREES,
SIMPLY SEEKS THE EXTENSION OF
PRE-EXISTING, AND FULLY ADJUDICATED
INJUNCTIONS AND THE "VESTED
RIGHTS" THEREIN, TO BE ENFORCED
BY THIS USCA, IN THIS CIRCUIT, AND
THE USDC, IN IT'S DISTRICT. THE
ISSUANCE, SUA SPONTE, OF THE
REQUESTED TRO/OSC & P.I. IS
MANDATORY, NON-DISCRETIONARY
AND MINISTERIAL ACT UNDER
U.S. CONST. ART IV §1, 28 USC
§1738 AND 10 DEL. C. §§ 4781 TO
4787.

14. ALL OF THE OFFERED FACTS,
EVIDENCE AND RECORDS SUBMITTED
IN SUPPORT OF THE REQUESTED

PG 9 OF 35

TRO/OSC & P.I. IS UNCONTRON-
ERTED BY ANY FACT, STATEMENT
OR EVIDENCE SUBMITTED BY
THE REORGANIZED DEBTOR,
KAISER ALUMINUM. THERE IS
SIMPLY _NO_ EVIDENCE, OF
ANY NATURE THAT WOULD
SUPPORT A FINDING OR
CONCLUSION DENYING THE
REQUESTED TRO/OSC & P.I.

15. IF A FINDING IS DIRECTLY
CONTRARY TO THE _ONLY_ EVIDENCE
PRESENTED THAT FINDING IS
PROPERLY CONSIDERED TO BE
CLEARLY ERRONEOUS. SEE
TRANS-ORIENT v. STAR TRADING,
925 F.2d 566 (2ND CIR 1991).

16. AS SUCH THE PETITIONER
HEREBY SUBMITS ALL PREVIOUSLY
ADJUDICATED FINDINGS & CONCLUSIONS
(SEE EX.2, ITEMS "Q" TO "U") AS WELL
AS THOSE OFFERED IN THE
REQUEST FOR JUDICIAL NOTICE,
HEREIN, (ITEMS 2(A) PG 3, TO 2(J) PG 4
HEREIN, IN SUPPORT OF THE GRANTING

PG 10 OF 35

OF THE TRO/OSC & P.I. SOUGHT HEREIN, AND AS SOUGHT BY D.I. 4, (9/13/05) 13 & 14, (1/3/06) IN CASE NO. 05-574, AS THE INJUNCTIVE RELIEF SOUGHT HEREIN AND BY D.I. 4, 13 & 14, IS INJUNCTIVE RELIEF THAT THE PETITIONER HAS ALREADY, BEEN PREVIOUSLY HELD TO BE ENTITLED TO, BY EXISTING FINAL AND FULLY ADJUDICATED JUDGMENTS AND CONSENT DECREES.

## III. MOTION FOR TRO/OSC AND PRELIMINARY INJUNCTION

17. BY WAY OF THE ADJUDICATED FACTS AND CONCLUSIONS AND THE UNCONTROVERTED OFFERED FACTS AND CONCLUSIONS, AND PURSUANT TO U.S. CONST. ART IV §1; 28 USCS §1738; 10 DEL.C. §§4781 TO 4787, THE PETITIONER SEEKS THE SUA SPONTE ISSUANCE OF A TRO/OSC, FOLLOWED BY A PRELIMINARY INJUNCTION, MANDATING AND PROHIBITING THE FOLLOWING, IN THIS ~~STATE~~ DISTRICT:

PG 11 OF ~~33~~ 35

A. PROHIBITING THE USE, EXECUTION OR ENFORCEMENT, IN THIS DISTRICT, BY THE REORGANIZED DEBTOR, KAISER ALUMINUM CORP ("KAISER"), OR ANY OTHER PERSON, ANY AND ALL "VEXATIOUS LITIGANT", "STRIKE" OR "3-STRIKE" (AS DEFINED BY 28 USC 1915(g)) OR OTHER DENIAL OF ACCESS ORDERS, THAT HAVE NOT BEEN SPECIFICALLY ALLOWED OR PRESERVED BY THE FINAL JUDGMENTS AND FINAL CONSENT DECREES LISTED ON EX. 2, IN THE CAPTIONED MATTERS, OR IN ANY OTHER MATTER OR ACTION IN THIS DISTRICT ;

B. PROHIBITING ANY ACT, ACTION OR CLAIM, MADE, SOUGHT OR ADVANCED IN VIOLATION OF, OR IN CONTRAVENTION OF THE :

i REIMPOSED AUTOMATIC STAY, PER 11 USC. § 362, AS ESTABLISHED BY ITEMS "a" AND "d" OF EX. 2, AND/OR THE REMAINING FINAL JUDGMENTS OR FINAL CONSENT DECREES, LISTED ON EX. 2 ;

ii THE DISCHARGE AND DISCHARGE INJUNCTION, PER 11 U.S.C. § 524 & 1141, AS ESTABLISHED BY ITEMS "a", "b", "c" AND "d" OF EX. 2, AND/OR THE REMAINING FINAL JUDGMENTS OR FINAL CONSENT DECREES, LISTED ON EX. 2 ;

iii WRITS OF OBEDIANCE, WRITS 02-0001 TO 02-0005, ITEMS "h", "i", "j", "k" & "l" ON EX. 2.

C. MANDATING ANY AND ALL ACTS OR ACTIONS, SPECIFIED, DETAILED, DIRECTED OR DECLARED BY ITEMS "b", "c" OR "d", AND/OR WRITS 02-0001 TO 02-0005, ITEMS h TO l, EX. 2 ;

D. MANDATING THE CLERK OF THIS COURT, TO SUA SPONTE, ON THE EX PARTE APPLICATION OF THE PETITIONER, TO ISSUE SUCH MESENE PROCESS, WRITS OR EXECUTIONS, WITHOUT FURTHER ORDER OF THIS COURT, AS NECESSARY OR REQUIRED, OR REQUESTED BY THE PETITIONER TO FULLY EXECUTE ON AND/OR ENFORCE UPON THE TERMS, PROVISIONS, OR RELIEF AND "VESTED RIGHTS" ESTABLISHED BY OR SET FORTH IN THE FINAL JUDGMENT OR CONSENT DECREES, LISTED ON EX. 2;

E. PROHIBITING ACTS BY ALL PERSONS, IN THE INTERFERENCE OF THE PETITIONER's ACCESS TO THIS COURT, AS NECESSARY AND OR REQUIRED OR REQUESTED FOR THE PETITIONER TO FULLY AND TIMELY EXECUTE AND ENFORCE UPON THE FINAL JUDGMENTS OR FINAL CONSENT DECREES, LISTED ON EX. 2.

C. FOR AN ORDER OF THIS COURT, FINDING AND INCORPORATING THEREIN, ALL FINDINGS OF FACT, STIPULATED TO FACTS, CONCLUSIONS OF LAW AND OTHER FINDINGS CONCLUSIONS, ORDERS OR DECREES MADE OR STATED IN THE FINAL JUDGMENTS AND FINAL CONSENT DECREES, LISTED ON EX. 2, AS THE FINDINGS AND CONCLUSIONS OF THIS COURT, IN SUPPORT

PG 13 OF 35

OF THE GRANTING OF THE REQUESTED INJUNCTIVE RELIEF.

A. STATEMENT OF THE CASE & FACTS    UNCONTROVERTED

18. THIS ACTION IS AN APPEAL FROM THE BANKRUPTCY COURT'S ~~ORDER~~ ORDER CONFIRMING KAISER'S PLAN OF REORGANIZATION. THE PETITIONER IS A CREDITOR HOLDING AN ALLOWED CLAIM, UNDER KAISER'S CONFIRMED PLAN.

19. THE PETITIONER ASSERTS, IN THIS APPEAL, THAT HIS CLAIM WAS IMPROPERLY AND ERRONEOUSLY BE-CLASSIFIED ~~IS~~ AND REDUCED BY BANKRUPTCY COURT ORDER OF 6/27/05, D.I. 6975, AND BY KAISER'S SUBSEQUENT CONFIRMED PLAN OF REORGANIZATION.

20. PETITIONER FURTHER ASSERTS THAT HE WAS DENIED ACCESS TO THE BANKRUPTCY COURT, IN VIOLATION OF HIS 1ST AMEND. RIGHTS, AND WAS DENIED DUE PROCESS, NOTICE AND OPPORTUNITY TO BE HEARD BY THE PROCEEDINGS THAT RESULTED IN THE CONFIRMATION OF KAISER'S PLAN OF REORGANIZATION AND THE RE-CLASSIFICATION AND REDUCTION OF THE PETITIONER'S ALLOWED CLAIM.

21. THE REORGANIZED DEBTOR HAS NOT DISPUTED OR CONTROVERTED ANY OF THE PETITIONER'S ASSERTIONS.

PG. 14 OF ~~38~~ 35

22. PETITIONER'S CLAIM AND ISSUES ON APPEAL HAVE NO CONNECTION OR RELATION TO THE CLAIMS OR ISSUES ON APPEAL AS TO THE OTHER APPELLANT'S WHO'S APPEALS ARE CONSOLIDATED INTO 06-MC-41.

23. KAISER, BY WAY OF THE SUA SPONTE ORDERS OF THE USDC. IN CASE NO. 05-CV-574, D.I. 5 (9/27/05), D.I. 15 (2/7/06) AND D.I. 20 (4/13/06) SEEKS TO BAR THE PETITIONERS ACCESS TO THIS COURT, AND PETITIONERS STATUATORY RIGHT TO APPEAL, BY SUA SPONTE, W/O NOTICE, HEARING, OPPORTUNITY TO BE HEARD, ORDERS FINDING AND DECLARING PETITIONER INELLIGIBLE FOR IFP STATUS, UPON THE UNSUPPORTED CLAIM THAT PETITIONER IS BARRED BY "3-STRIKES" AND THE PROVISIONS OF 28 U.S.C. § 1915(g)(2000).

24. KAISER (AND/OR THE COURT) HAVE OFFERED NO ADMISSABLE EVIDENCE TO SUPPORT THE CLAIM OF "3-STRIKES", AND RELIES SOLELY UPON THE COURT'S SUA SPONTE FINDING OF "3-STRIKES", W/O

HEARING OR OPPORTUNITY TO BE
HEARD, BY THE PETITIONER.

25. THE PETITIONER DISPUTES
THE COURT'S ~~UNDISPUTED~~ UNSUPPORTED
FINDING OF ~~FALSE~~ "3-STRIKES"
AND HAS SUBMITTED SUBSTANTIAL
UNCONTROVERTED ADMISSABLE
EVIDENCE, ESTABLISHING THAT
THE PETITIONER HAS NO
COUNTABLE "STRIKES", AND THAT
§ 1915(g) IS INAPPLICABLE TO THE
INSTANT ACTION.

26. IN SUA SPONTE DECLARIN
"3-STRIKES" ~~THE UNITED STATE~~
KAISER, THROUGH IT'S ADVOCATE
THE U.S. DISTRICT COURT,
RELIES UPON ALLEGED "FOREIGN
JUDGMENTS" (RENDERED OUTSIDE
THIS DISTRICT) FOR WHICH NO
ATTEMPT HAS BEEN MADE TO
AUTHENTICATE, ADMIT INTO
EVIDENCE, REGISTER OR
OTHERWISE VALIDIFY THE
CLAIMED "STRIKE" FOREIGN ORDERS.

27. PETITIONER, BY WAY
OF ADMISSABLE AND UNCONTROV-
ERTED EVIDENCE, ASSERTS THAT
THE CLAIMED "STRIKE" ORDERS

PG 16 OF ~~35~~ 35

ARE "VOID AB INITIO" ORDERS
OF NO FORCE AND EFFECT,
ARE NOT ENFORCEABLE IN THIS
COURT OR IN THIS DISTRICT
AGAINST THE PETITIONER, AND
ARE SUBJECT TO THE PETITIONER'S
COLLATERAL ATTACK IN THE
CAPTIONED ACTIONS.

28. BY UNCONTROVERTED
AND ADMISSABLE EVIDENCE
THE PETITIONER HAS FULLY
ESTABLISHED THAT THE
CLAIMED "STRIKE" AND/OR
"3-STRIKE" ORDERS, AND/OR
OTHER "DOA ORDERS" ARE
"VOID AB INITIO", AS A MATTER
OF FEDERAL STATUTE AND LAW,
DUE TO PRE-EXISTING FINAL
JUDGMENTS AND/OR FINAL
CONSENT DECREES AS LISTED
HEREIN ON EX. 2, (PG 34 OF 35 TO
35 OF 35) AND AS PROPERLY
ADMITTED INTO EVIDENCE IN
THE CAPTIONED ACTIONS, AND AS
PROPERLY REGISTERED IN THIS
COURT AND IN THIS DISTRICT
PURSUANT TO 10 DEL. C. §§ 4781 TO 4781.

PG 17 OF 35

29. KAISER, THROUGH IT'S ADVOCATE, THE USDC, HAS OFFERED NOTHING TO CONTRAVENE, DISPUTE OR CHALLENGE PETITIONER'S "FOREIGN JUDGMENTS" (SEE EX. 2), AND HAS THEREFORE CONCEDED THE VALIDITY, ENFORCEABILITY AND SUPERIOR NATURE OF PETITIONER'S "FOREIGN JUDGMENTS".

30. KAISER, THROUGH IT'S ADVOCATE THE USDC, HAS OFFERED LITERALLY NOTHING TO CREATE AN ACTUAL "CONTROVERSY" AS REQUIRED BY U.S. CONST. ART III, AS TO THE VALIDITY, ADMISSABILITY AND ENFORCEABILITY OF THE PETITIONER'S "FOREIGN JUDGMENTS" WHICH ON THEIR FACE, REQUIRE THIS COURT TO VACATE AND DECLARE "VOID AB INITIO" ALL "DOA ORDERS", "STRIKE" OR "3 — STRIKE" ORDERS CLAIMED OR ASSERTED AGAINST PETITIONER, IN THE ATTEMPT TO BLOCK PETITIONER'S STATUTORY RIGHT

TO APPEAL AND REVIEW
OF THE RE-CLASSIFICATION AND
REDUCTION OF PETITIONER'S
ALLOWED CLAIM, AS VESTED
BY KAISER'S CONFIRMED
PLAN.

B. PETITIONER IS ENTITLED TO
A TEMPORARY RESTRAINING ORDER
AND A PRELIMINARY INJUNCTION.

31. IN DETERMINING WHETHER
PETITIONER IS ENTITLED TO A
TRO OR PI, THE COURT GENERALLY
CONSIDERS SEVERAL FACTORS:
① WHETHER THE PARTY WILL SUFFER
"IRREPARABLE INJURY; ② THE
BALANCE OF HARDSHIPS" BETWEEN
THE PARTIES; ③ THE LIKELYHOOD
OF SUCCESS ON THE MERITS; ④
AND THE PUBLIC INTEREST. EACH
OF THESE FACTORS WEIGHS HEAVILY
IN FAVOR OF GRANTING THE
PETITIONER INJUNCTIVE RELIEF.

C. PETITIONER IS SUFFERING A
CONTINUING VIOLATION OF THE CONSTITUTION-
AL RIGHTS, CONSTITUTING IRREPARABLE
HARM

PG 19 OR 35

32. THE USE OF THE "DOA ORDERS" IN THE CAPTIONED ACTIONS, TO DENY THE PETITIONER HIS STATUATORY RIGHT TO APPEAL AND REVIEW, BY THE SUA SPONTE DENIAL OF IFP STATUS, GIVES RISE TO THE PETITIONER'S RIGHT TO DECLARE A COLLATERAL ATTACK ON THE "DOA ORDERS", SEE D.I. 6 (10/11/05) AND D.I. 13 (1/13/06) IN CASE NO. 05-CV-574, WHICH ARE INCORPORATED HEREIN AS THOUGH FULLY SET FORTH HEREIN.

33. WHILE THE "DOA ORDERS" WERE INITIALLY PLACED AT ISSUE BY KAISER'S ADVOCATE, THE USDC, KAISER ON 3/17/06, IN CASE NO. 06-CV-178, D.I. 6, "JOINT MOTION OF DEBTORS...", AT PG. 2, FOOTNOTE 4, HAS ADOPTED THE USDC'S POSITION, BY CITING TO AND RELYING UPON THE "DOA ORDERS" BY REFERENCE TO CASE NO. 05-CV-574, D.I. 3,15 (SEE 06-CV-178, D.I. 6, BOTTOM OF PG. 3).

34. WHILE KAISER HAS ADOPTED THE USDC'S POSITION, THE ISSUE OF THE PETITIONER'S IFP BAR, BY A CLAIMED "3-STRIKES," IS NOT PROPERLY BEFORE THE COURT BY WAY OF A KAISER NOTICED MOTION, SUPPORTED BY SUFFICIENT ADMISSABLE

PG 20 OF 35

EVIDENCE, TO CAUSE THE BURDEN TO SHIFT TO THE PETITIONER, OR TO CREATE AN ACTUAL ARTICLE III CONTROVERSY, SEE DELEON v. DOE, 361 F.3d 93, AT 95 (2ND CIR 2004) (HOLDING THAT THE USDC ACTS IN A CLEAR ABSENCE OF ALL JURISDICTION, WHEN THE COURT DECLARES A "3-STRIKE" DISMISSAL, ON A SUA SPONTE, BASIS, WITHOUT A NOTICED MOTION, FROM THE OPPOSING LITIGANT, SUPPORTED BY ADMISSABLE EVIDENCE). LIKE IN DELEON, THIS USDC HAS INVOLVED ITSELF IN A DISPUTE THAT MIGHT NEVER HAVE ANY PRACTICAL CONSEQUENCES, AS A "3-STRIKE" IFP DEFENSE CAN BE WAIVED.

35. IN THE CAPTIONED CASES, THE USDC HAS WRONGFULLY INVOLVED ITSELF, AS KAISER'S ADVOCATE (NOW ENDORSED BY KAISER) IN A POTENTIAL DISPUTE THAT HAD NO ACTUAL ARTICLE III CONTROVERSY, WHICH NOW SUBJECTS THE CLAIMED "DOA ORDERS" TO THE PETITIONER'S COLLATERAL ATTACK, INVOLVING MULTIPLE "FUNDAMENTAL INTERESTS" OF THE PETITIONER, INTO THE LITIGATION WITH KAISER.

36. THE USE OF THE "DOA ORDERS" AGAINST THE PETITIONER, HAS INVOKED MULTIPLE "FUNDAMENTAL INTERESTS" OF THE PETITIONER, IN THESE

ACTIONS, INCLUDING PETITIONER'S FUNDAMENTAL RIGHT TO A WAIVER OF COSTS & FEES AND MANDATORY ACCESS TO THE COURT TO CHALLANGE:
① A "VOID AB INITIO" 12/8/03 DIVORCE DECREE, ENTERED EX PARTE W/O NOTICE OR OPPORTUNITY TO BE HEARD, WHICH GRANTED RELIEF IN EXCESS OF THAT ALLOWED BY A PRE-EXISTING "SEPERATION CONTRACT" (SEE EX. 2, ITEM "U", "SEPARATION CONTRACT", ENFORCEABLE IN THIS ACTION AGAINST THE "DOA ORDERS" BY RCW 26.09.070(6) AND U.S. CONST. ART IV § 1) ② A "VOID AB INITIO" PERMANATE RESTRAINING (SEE BODDIE V. CONNECTICUT, 401 U.S. 371 (1971); ② A "VOID AB INITIO" PERMANATE RESTRAINING ORDER, TERMINATING PETITIONER'S PARENTAL RIGHTS (SEE M.L.B. v. S.L.J., 519 U.S. 102 (1996)); AND ③ A "VOID AB INITIO" ORDER, ISSUED W/O BASIS IN FACT OR LAW, AND IN A CLEAR ABSENCE OF ALL JURISDICTION, TAKING PETITIONER'S LIBERTY( SEE MAYER v. CHICAGO, 404 U.S. 189 (1971)).

37. THE GRANTING OF FULL FAITH & CREDIT TO THE "DOA ORDERS" VIOLATES THE PETITIONER'S CONSTITUTIONALLY PROTECTED "VESTED RIGHTS" ESTABLISHED BY THE "FOREIGN JUDGMENTS" (EX. 2), WHICH CREATE A DUE PROCESS-PROTECTED PROPERTY INTEREST, UNDER THE 5TH & 14TH AMEND., (SEE ANDRE v. CO. OF NASSAU, 311 F.SUPP. 2d 325, AT 335, HEAD NOTE [5] (E.D. NY 2004) CITING TO BENJAMIN v. JACOBSON, 124 F.3d 162, AT 176 (2ND CIR. 1997)); HODGES v. SNYDER, 261 U.S. 600, AT 603 (1923)).

PG 22 OF 35

38. THE USE OF 28 U.S.C. § 1915(g) (2000) (LEGISLATION ADOPTED IN 2000) AND THE "DOA ORDERS" AGAINST THE PETITIONER VIOLATES THE JUDGMENT CREDITORS RIGHTS UNDER THE UNITED STATES CONSTITUTION'S CONTRACT CLAUSE, SEE U.S. CONST, ART I § 10. SEE EX. 2, ITEMS b, c, d, e, f, m & 0 WHICH ARE FINAL JUDGMENTS WHICH WERE ENTERED, PRIOR TO THE ADOPTION OF § 1915(g) IN 2000. McCULLOUGH v. VIRGINIA, 172 U.S, 102, AT 123·24 (1898) (IT IS NOT WITHIN THE POWER OF CONGRESS TO TAKE AWAY RIGHTS THAT HAVE BEEN VESTED BY FINAL JUDGMENT, ONCE AN ACTION PASSES TO FINAL JUDGMENT THE POWER OF THE CONGRESS TO DISTURB THE VESTED RIGHTS THEREBY CREATED CEASES). AS SUCH THE JUDGMENT CREDITOR's "VESTED RIGHTS" CREATED BY THE FINAL JUDGMENTS LISTED ON EX. 2, CAN NOT BE RESTRICTED, BY DENYING THE JUDGMENT CREDITOR ACCESS TO THIS COURT, TO ENFORCE HIS "VESTED RIGHTS" PROTECTED BY U.S. CONST. ART 4 § 2 (FULL FAITH & CREDIT CLAUSE) AND U.S. CONST. ART. I § 10 (CONTRACT CLAUSE),

PG 23 OF 35

SEE <u>HODGES v. SNYDER</u>, 261 U.S, 600,
AT 603-04 (1923) (THE PRIVATE RIGHTS
OF PARTIES TO LITIGATION WHICH HAVE BEEN
ESTABLISHED AND "VESTED" BY THE
JUDGMENT OF A COURT, <u>CANNOT</u> BE
TAKEN AWAY BY SUBSEQUENT
LEGISLATION, BUT MUST BE THEREAFTER
ENFORCED BY THE COURT REGARDLESS
OF SUCH LEGISLATION) . AS SUCH THIS
COURT <u>MUST ENFORCE</u> THE 7 SEPARATE
FINAL JUDGMENTS ( EX. 2, ITEMS B, c, d,
e, f, m & 0) WHICH PRE-DATE THE 2000
ENACTMENT OF § 1915(g), NOT
WITHSTANDING THE "DOA ORDER"
WHICH PURPORT TO BAR ENFORCEMENT,
AND MUST ALSO ENFORCE THE REMAINING
14 SEPARATE FINAL JUDGMENTS AND
FINAL CONSENT DECREES, AS THEY
SIMPLY ENFORCE, EXTEND AND FURTHER
"VEST" THE RIGHTS VESTED BY THE
ORIGINAL 7 FINAL JUDGMENTS. AS
SUCH THIS COURT HAS A MANDATORY
TO EXERCISE IT'S AUTHORITY TO
GRANT THE JUDGMENT CREDITOR'S
COLLATERAL ATTACK ON THE
"DOA ORDERS", TO VACATE AND
DECLARE THE "DOA ORDERS" TO
BE UNCONSTITUTIONALLY "VOID AB
INITIO" AND TO FORTH WITH
GRANT FULL FAITH & CREDIT

PG 24 OF 35

TO THE 21 SEPARATE "FOREIGN
JUDGMENTS", THEREBY ENFORCING
THE JUDGMENT CREDITOR'S
"VESTED RIGHTS" AND HIS
"FUNDAMENTAL INTERESTS" THAT
HAVE PLACE "AT STAKE" OR AT
RISK IN THESE ACTIONS, BY
KAISER'S USE ( THROUGH THE
ADVOCACY OF THE USDC) IN THESE
ACTIONS OF THE "DOA ORDERS",
TO DENY THE APPELLANT AND
JUDGMENT CREDITOR HIS
STATUATORY RIGHT TO REVIEW
AND APPEAL, OF THE BANKRUPTCY
COURT'S "RE-CLASSIFICATION" AND
"REDUCTION" OF THE PETITIONER'S
ALLOWED
~~ALLOCATED~~ CLAIM ( CLAIM # 736)
        39. THE USE OF THE DOA ORDERS
TO DENY THE PETITIONER ACCESS
TO THIS COURT, FURTHER VIOLATES
THE PETITIONER'S RIGHT TO WORK
IN HIS COURT - APPOINTED OCCUPATION
AS THE GENERAL MANAGER OF THE
REORGANIZED DEBTOR, UNDER THE
FOREIGN JUDGMENTS, ~~THE PETITTI~~
WHICH IS PROTECTED BY THE
            PG 25 OF 35

DUE PROCESS OF LAW PROVISIONS OF THE U.S. CONST 5TH & 14 AMEND, THE "FOREIGN JUDGMENTS" (EX.2, ITEMS, d, 9, r, & 9) ESTABLISH A DIFFINITIVE PROPERTY INTEREST IN PETITIONER'S CONTINUED EMPLOYMENT, AS AN ARM-OF-THE-COURT, CHARGED WITH THE EXECUTION & ENFORCEMENT OF THE "FOREIGN JUDGMENTS", AND THESE FINAL JUDGMENTS AND FINAL CONSENT DECREES ~~EXPRESS~~ ESTABLISH AN EXPRESSED CONTINUING FORMAL CONTRACT OF EMPLOYMENT, RECOGNIZED BY FEDERAL AND STATE LAW, STATUTE, REGULATION AND RULE (SEE EX.2, ITEM "9", ~~RES~~ LAST 2 PGS) (SEE BISHOP v. WOOD, 426 U.S. 341 (1976)). THE PETITIONER'S "RIGHT TO WORK" IN HIS COURT ORDERED EMPLOYMENT OF THE EXECUTION AND ENFORCEMENT OF THE "FOREIGN JUDGMENTS", IS THE VERY ESSENCE OF THE PERSONAL FREEDOM AND OPPORTUNITY THAT IT WAS THE PURPOSE OF THE 5TH & 14TH AMENDMENTS, TO SECURE, (SEE TRUAX v. RAICH, 239 U.S. 33, AT 41 (1915)). THE RESULT OF THIS COURT'S ENFORCEMENT OF THE "DOA ORDERS" IS AN ACTION BY THE GOVERNMENT (THROUGH THE USDC) TO DISCHARGE THE

PG 26 OF ~~38~~ 35

PETITIONER, FOR SIMPLY HAVING
SOUGHT TO DO HIS COURT ORDERED
JOB OF ENFORCING AND EXECUTING
ON THE 21 SEPARATE "FOREIGN
JUDGMENTS". Ex. 2, ITEM "9"
AWARDS THE PETITIONER, AS A FINAL
JUDGMENT CONTINUED EMPLOYMENT,
UNTIL THE "FOREIGN JUDGMENTS" ARE
SUCCESSFULLY AND FULLY EXECUTED
ON AND ENFORCED, THE SUA SPONTE
"DOA ORDERS", AND THE APPLICATION
OF $1915(9) CAN NOT BE USED
TO INTERFERE WITH THIS "VESTED
RIGHT" OF CONTINUED EMPLOYMENT,
AWARDED TO PETITIONER BY FINAL
JUDGMENT.
     40. D. PETITIONER IS SUFFERING
IRREPARABLE HARM WARRANTING
IMMEDIATE INJUNCTIVE RELIEF

     40. AS A MATTER OF LAW THE
CONTINUING DEPRIVATION OF A
SINGLE CONSTITUTIONAL RIGHT
CONSTITUTES IRREPARABLE HARM.
ELROD v. BURNS, 427 U.S. 347, AT 373
(1976). IN THIS CASE, IT IS CLEAR THAT
THE PETITIONER HAS SUFFERED PAST
MULTIPLE PAST AND ON GOING VIOLATIONS
OF CONSTITUTIONAL HIS CONSTITUTIONAL
          PG 27 OF 35

AS A RESULT OF THE SUA SPONTE ISSUANCE AND ENFORCEMENT OF THE "DOA ORDERS," AS SUCH PETITIONER HAS ESTABLISHED A "PRESUMPTION OF IRREPARABLE" THAT IS FLOWING FROM THE MULTIPLE VIOLATIONS OF THE PETITIONER'S FUNDAMENTAL CONSTITUTIONAL RIGHTS BY THE SUA SPONTE ISSUANCE AND ENFORCEMENT OF THE "DOA ORDERS", SEE JOLLY V. COUGHLIN, 76 F. 3d 468, AT 482 (2ND CIR 1996). EVEN A TEMPORARY DEPRIVATION OF A CONSTITUTIONAL RIGHT IS GENERALLY SUFFICIENT TO PROVE IRREPARABLE HARM; SEE NAT'L PEOPLES ACTION V. WILMETTE 914, F.2d 1008, AT 1013 (7TH CIR. 1990); ROSS V. MEESE, 818 F.2d 1132, 1135 (4TH CIR 1987) (NOTING THAT DEPRIVATION OF ANY CONSTITUTIONAL RIGHT AMOUNTS TO IRREPARABLE HARM); MITCHELL V. CUOMO, 748 F.2d 804, AT 806 (2ND CIR 1984) (HOLDING THAT EVEN AN ALLEGED VIOLATION OF A CONSTITUTIONAL RIGHT IS A SHOWING OF IRREPARABLE HARM).

E. THE BALANCE OF HARDSHIPS FAVORS THE PETITIONER

41. IN DECIDING WHETHER TO GRANT THE REQUESTED TRO/OSE & P.I.

PG 28 OF 35

THE USDC COURT MUST ASK WHETHER THE SUFFERING OF THE MOVING PARTY, IF THE MOTION IS DENIED, WILL OUTWEIGH THE SUFFERING OF THE NON-MOVING PARTY (KAISER) IF THE MOTION IS GRANTED. KAISER IS NOT A DIRECT PARTY IN INTEREST AS TO THE "FOREIGN JUDGMENTS", AND WOULD NOT SUFFER ANY HARDSHIP BY THE ISSUANCE OF THE REQUESTED TRO/OSC & P.I., OTHER THAN HAVING TO LITIGATE THE ISSUES OF THE BANKRUPTCY COURT'S "RECLASSIFICATION" AND "REDUCTION" ON THE MERITS, IN THIS APPEAL. THE PETITIONER WILL GREAT AND IRREPARABLE HARDSHIP BY THE COURT REFUSING TO ISSUE THE REQUESTED INJUNCTION, AS THIS COURT'S TEN-FORCEMENT OF THE SUA SPONTE & EX PARTIE "DOA ORDERS" WILL INVALIDATE THE JUDGMENT CREDITOR'S "VESTED RIGHTS" IN THE "FOREIGN JUDGMENTS", IN THIS DISTRICT, AND WILL CAUSE THE PETITIONER FURTHER IRREPARABLE HARM AND HARDSHIP TO THE RESTORATION OF HIS LOST LIBERTY AND COMMUNITY PROPERTY, AND MORE IMPORTANTLY HIS LOST PARENTAL RIGHTS, AND TIME WITH HIS MINOR CHILDREN, WHICH WILL BE PLACED HOPELESSLY AT RISK OF BEING FOREVER LOST, WHICH IS A HARDSHIP AND LOSS WHICH CAN NOT BE REMEDIED BY A SUBSEQUENT MONEY JUDGMENT. THE PETITIONER'S

PG 29 OR 35

LOST TIME WITH HIS MINOR CHILDREN, CAN NEVER BE RESTORED, PARTICULARLY AS THE CHILDREN APPROACH THE AGE OF MAJORITY. PETITIONER'S MOST SACRED RIGHT, A RIGHT GREATER THAN LIFE ITSELF ~~OR THE RIGHT~~ HAS NOW BEEN PLACED AT RISK IN THIS ACTION BY THE COURT'S MISPLACED ATTEMPTS TO ENFORCE THE "DOA ORDERS" WHICH MAY ACT TO FULLY TERMINATE THE PETITIONER'S PARENTAL RIGHTS, A HARM AND LOSS GREATER THAN ANY OTHER CONCIEVABLE.

F. THE PETITIONER IS LIKELY TO SUCCEED ON THE MERITS

42. THE PETITIONER HAS A GREAT LIKELYHOOD OF SUCCESS ON THE MERITS IN THIS APPEAL. THE RECORD WILL SHOW AND ESTABLISH THAT THE BANKRUPTCY COURT'S "RE-CLASSIFICATION" AND "REDUCTION" OF THE PETITIONER'S ALLOWED CLAIM, WAS NOT MADE UPON ANY IDENTIFIABLE FACTS, EVIDENCE OR CRITERIA. THE DEBTOR KAISER SIMPLY DECLARED THAT THE PETITIONER'S ALLOWED CLAIM SHOULD BE RE-CLASSIFIED AND REDUCED, STATING SIMPLY THAT KAISER HAS "DETERMINED"

PG. 30 OF ~~33~~ 35

THAT THE ALLOWED CLAIM SHOULD
BE RECLASIFIED AND REDUCED, WITHOUT
CITING TO A SINGLE FACT OR LEGAL
AUTHORITY. THE PETITIONER'S CLAIM
WAS ARBITRALLY RECLASSIFIED AND
REDUCED, IT WILL BE SHOWN, IN
"MASS", W/ 32 OTHER CLAIMS, W/O ANY
ANALYSIS, BASIS, SUPPORTING FACTS
BEING CITED TO BY KAISER, OR THE
COURT. THE RECORD WILL FURTHER
ESTABLISH THAT THE PETITIONER'S
DUE PROCESS RIGHTS WERE
VIOLATED, AND THAT THE
APPLICABLE STANDARDS, PURSUANT
TO FRBP 3007, LOCAL RULE 3007-1,
11 U.S.C. § 507 AND OTHER PROVISIONS
OF THE BANKRUPTCY CODE AND LAW.
OTHER THAN KAISER'S UNSUPPORTED,
UNQUANTIFIED, "DETERMINATION" THAT
THE PETITIONER'S ALLOWED CLAIM
SHOULD BE RE-CLASSIFIED AND
REDUCED, (WHICH IS AN INSUFFICIENT
ASSERTION, OR "BLANKET" CLAIM) THERE
WAS _NO_ BASIS FOR THE BANKRUPTCY
COURT'S ORDER. SEE LONGSTRETH v.
_MAYNARD_, 961 F.2d 885, AT 903 (10TH
CIR 1992); _ENG v. SMITH_, 849 F.2d 80,
AT 81 (2ND CIR 1988).

PG 31 OF 35

G. THE RELIEF SOUGHT WILL
SERVE THE PUBLIC INTERESTS

43. THE PUBLIC INTEREST IS
SIGNIFICANTLY SERVED BY THE
ENFORCEMENT OF PREVIOUSLY "VESTED"
AND FULLY ADJUDICATED RIGHTS, AS
THE PETITIONER AND JUDGMENT
CREDITOR HAS AT STAKE IN THIS
ACTION, NOW THAT MULTIPLE
FUNDAMENTAL CONSTITUTIONAL
INTERESTS OF THE PETITIONER
HAVE BEEN PLACED "AT STAKE" AND
AT RISK BY THE COURT ENFORCEMENT
OF THE "VOID AB INITIO", SUA SPONTE
AND EX PARTE "DOA ORDERS", ENTERED
IN A CLEAR ABSENCE OF ALL
JURISDICTION AND CONTRARY TO
ESTABLISHED CONSTITUTIONAL PROVISIONS,
STATUTES AND AUTHORITY. SEE
LLEWELYN v. OAKLAND CO. PROSECUTOR
402 F. SUPP 1379, AT 1393 (E.D. MICH 1975)
("THE CONSTITUTION IS THE ULTIMATE
EXPRESSION OF THE PUBLIC INTEREST").
ILQ INVESTMENTS, INC. v. CITY OF ROCHESTER
816 F. SUPP. 516, AT 527 (D. MINN. 1993)
("UPHOLDING CONSTITUTIONALLY GUARANTEED
RIGHTS IS IN THE PUBLIC INTEREST")
HERE, THE PUBLIC INTEREST WOULD BE ILL
SERVED AND VIOLATED BY NOT ISSUING THE

PG 32 OF 35

REQUESTED TRO/OSC & P.I.

H. PETITIONER SHOULD NOT BE REQUIRED TO POST SECURITY SINCE KAISER WILL NOT SUFFER MONETARY LOSS BY INJUNCTION

44. THE COURT SHOULD WAIVE ANY REQUIREMENT FOR SECURITY TO BE POSTED BY THE PETITIONER/JUDGMENT CREDITOR, FIRST BECAUSE THE PETITIONER IS INDIGENT AND UNABLE TO POST SECURITY, AND THE COURT HAS DISCRETION TO EXCUSE AN IMPOVERISHED LITIGANT FROM POSTING SECURITY, SEE ORANTES-HERNANDEZ v. SMITH, 541 F. SUPP. 351, AT 385 N. 30 (C.D. CAL. 1982); J.L. v. PARHAM, 412 F. SUPP. 112, AT 140 (N.D. GA 1976), SECONDLY, AND MOST IMPORTANTLY, KAISER WILL NOT SUFFER ANY MONETARY LOSS, BY THE ISSUANCE OF THE TRO/OSC & P.I., OTHER THAN THE COST TO LITIGATE THE APPEAL ISSUES ON THEIR MERITS, SEE COHEN v. COAHOMA CO. 805 F. SUPP. 398, AT 408 (N.D. MISS. 1992); U.S. v. STATE OF OREGON, 675 F. SUPP. 1249, AT 1253 (D. OR. 1987).

CONCLUSION

FOR ALL OF THE FOREGOING REASONS THE COURT SHOULD GRANT THE REQUESTED TRO/OSC & P.I. IN THE INTERESTS OF JUSTICE TO PREVENT A MISCARRIAGE OF JUSTICE.
DATED: 4/20/06   PG 33 OF 35
FILED/MAILED ON

I DUNCAN I DECLARE THAT ALL STATEMENTS MADE HEREIN ARE TRUE AND CORRECT, AND THE INJURY OR PERILS HEREIN ARE TRUE AND CORRECT UNDER THE PENALTY PURSUANT TO THE LAWS OF THE U.S.
DATED: 4/20/06

## FOREIGN JUDGMENTS

## EXHIBIT "2"

AUTHENTICATION & REGISTRATION THEREOF:

1

    a.   NOTICE of Filing of "Assignment of Interests in Bankruptcy Court Judgments

2         Rendered in Another District, for the Benefit of Creditors, in aid of the Judgment, and in the aid of the Enforcement and Execution Thereof", filed 3-22-02 in Misc Case

3         No 02-02, filed as Docket #535, on March 22, 2002, in Case No. 01-06073-W11, USBC-ED-WA;

4    b.   "Order Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, Combined With Notice Thereof", (hereinafter "Broadway

5         Disclosure Statement"), entered December 21, 1998, as Docket #112 in Case No. LA 98-18082-SB, USBC-CD-CA-LA;

6    c.   "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan", (hereinafter "Broadway's First Plan w/Discharge"), entered March 19, 1999, in Case

7         No. LA 98-18082-SB, , USBC-CD-CA-LA, as Docket #129, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service on Counsel;

8    d.   "Order Approving 'Judgment Creditors' Second Amended Chapter 11 Plan (As Modified)", (hereinafter "Broadway's Second Plan"), entered June 16, 1999, in Case

9         No. LA 98-18082-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

10    e.   "Findings of Fact and Conclusions of Law in Support of Order Disallowing Claims of John H. Smith and Robert Hayes", (hereinafter "Fraudulent Deed Findings"), entered

11         December 29, 1998, in Adversary Case No. AD-98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of

12         Mailing and Proof of Service;

13    f.   "Judgment and Order Pursuant to Summary Judgment Motions", (hereinafter "Fraudulent Deed Judgment"), entered December 29, 1998, in Adversary Case No

14         AD 98-01685-SB, USBC-CD-CA-LA, along with the Clerk's Notice of Entry of Judgment or Order and Certificate of Mailing and Proof of Service;

15    g.   "Stipulated Order Re: Liability and Damages", entered October 30, 2000 in Case No. CS-97-435-RHW, USDC-ED-WA;

16    h.   Writ of Obedience #02-0001, issued May 31, 2002, in Spokane County Superior Court Case No. 02-2-02825-4; DOC# 14, FILED 10/21/04 ④

17    i.   Writ of Obedience #02-0002, issued June 6, 2002, in Case No. 02-2-02825-4; DOC #15 ④

        j.   Writ of Obedience #02-0003, issued June 7, 2002, in Case No. 02-2-02825-4; DOC#16 ④

18    k.   Writ of Obedience #02-0004, issued June 12, 2002, in Case No. 02-2-02825-4; DOC #17 ④

        l.   Writ of Obedience #02-0005, issued July 18, 2002, in Case No. 02-2-02825-4, DOC #18 ④

19    m   ORDER denying relief from stay Re: Item # 41. with Notice of Entry, filed 1/11/2000 as Docket #137, incorporating therein "Opposition Re: Item # 41. to motions to lift

20         stay: opposition to motion to annul stay, filed 12/9/1999, as Docket #94", and incorporating "Opposition Re: Item # 57, to motion to lift stay and to motion to annul, filed 12/10/1999, as Docket #95"; all filed in Case No. LA 99-39555-SB,

21         USBC-CD-CA-LA;

        n.   BAP/USDC appeal judgment - the Bankruptcy Court judgment is AFFIRMED. BAP

22         #CC-00-1049 RE: Item #154, filed 1/16/2001, as Docket #359, Case No. LA 99-39555-SB, USBC-CD-CA-LA;

23    o.   ORDER Granting Debtors Motion to Strike Liens, filed 9/15/1998, as Docket #199, in Case No. 96-02980-K11, USBC-ED-WA;

24    p.   NOTICE of Filing of "Request to Clerk for Registration of Judgment Rendered in Another Court, filed 3-27-02 as Misc Case No. 02-01 (02-01731 DJM $), filed 3/27/2002, as Docket #536, Case No. 01-06073-W11, USBC-ED-WA;

25    q.   EXHIBIT I Admitted at hearing on 12-5-01; re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract Effective 5-24-01

26         between Duncan J McNeil and Broadway Buildings II LP. Re: Oust Motin to Convert Case to Cb 7, Docket #44 & Joinder therein Docket #212, as Docket #459,

27         Case No. 01-06073-W11, USBC-ED-WA;

④ DOC #'s REFER TO "PACER" DOCKET NUMBERS FOR CASE NO:

28    2:04-CY-00427-AAM; USDC

        EASTERN DISTRICT

        OF WASHINGTON

PG 16

34 OF 35

2

*FOREIGN JUDGMENTS  EX. 2*
*(PG 2 OF 2)*

r.   EXHIBIT J Admitted at hearing on 12-5-01; Re: Amendment to Settlement Agreement and Mutual Release and Personal Services Contract, effective 8-17-01 between Duncan J McNeil, GMFT Reorganization Corporation, and Broadway Buildings II LP RE: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder therein Docket #212, filed 1/4/2002, as Docket #460, Case No. 01-06073-W11, USBC-ED-WA;

s.   PROPOSED Exhibit "D-D" to Supplement Exhibits offered at hearing on 12-5-01; RE: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil 11-23-99 with the Oust-Ed-WA, in the Sum of $5211.926, ... ..., filed 2/6/2002, as Docket #'s 506, 506A, Case No. 01-06073-W11, USBC-ED-WA;

t.   PROPOSED Exhibit "I-I" to Supplement Exhibits offered at hearing on 12-5-01; re: 1) Standard Form 95 Claim for Damages filed by Duncan J McNeil on 3-6-98 with the Oust-Ed-WA, in the sum of $4,651,000. Re: Oust Motion to Convert Case to Ch 7, Docket #44 and Joinder therein Docket #212, filed 2/11/2002, as Docket #512, Case No. 01-06073-W11, USBC-ED-WA;

u.   (1) NOTICE of Separation Contract & Dissolution of Marriage Contract Pursuant to RCW 26.0-9.070 filed 7-26-01 as Document #4613783 with the County Recorder for Spokane County, Washington, (pages 1 of 29 to 29 of 29); (2) JOINT Petition for Dissolution of Marriage, filed 7-26-01 in Case No. 01-301586-7 (pages 2 of 29 to 5 of 29; 3) SEPARATION Contract and Dissolution of Marriage Contract Pursuant to RCW 26.09.070, filed 7-26-01 in Case No. 01-301586-7, (pages 6 of 29 to 29 of 29), filed 2/6/2002, as Docket #505, Case No. 01-06073-W11, USBC-ED-WA;

v.   ~~DECREE OF DISSOLUTION, entered 4-16-02 in Spokane County Superior Court Case #01-301586, except those portions of the decree that were entered in violation of law, and in violation of the Complainant's civil and constitutional rights, as a parent.~~

AUTHENTICATION & REGISTRATION OF JUDGMENTS

I, DUNCAN J. McNEIL III, AM THE LAWFUL OWNER OF THE FOREGOING LISTED "FOREIGN JUDGMENTS" AND I HEREBY CERTIFY THAT TRUE AND CORRECT COPIES OF THESE "FOREIGN JUDGMENTS" ARE ON FILE IN THE IDENTIFIED ACTIONS AND DOCKET #'S AND THAT THESE "FOREIGN JUDGMENTS" ARE OFFICIALLY PUBLISHED ON THE COURT'S "PACER" SYSTEM, PURSUANT TO FRCP 44(a)(1) AND FRE RULE 201(b)(2) AND ARE THE "OFFICIAL PUBLICATIONS THEREOF". BY THIS MOTION/PETITION/APPLICATION I REQUEST THAT THE CLERK OF THIS COURT PRINT, FILE AND REGISTER THESE "FOREIGN JUDGMENTS" FROM THE COURT'S "PACER" SYSTEM AND THAT THESE "FOREIGN JUDGMENTS" BE GRANTED FULL FAITH & CREDIT IN THIS COURT PURSUANT TO 28 USC §1963, 28 USC §1738 AND U.S. CONST. ART. IV §1 (AND THE APPLICABLE STATE UEFJA①). I DECLARE THE FOREGOING TO BE TRUE AND CORRECT, UNDER THE PENALTY OF PERJURY.

DATED: 4/20/06

DOCUMENT CREATOR

13.

PG ~~34~~ 35 OF 35

TO: CLERK D-
USDC-D-DE
REQUEST FOR REASON ABLE ACCOMMODATION

RE:

AS A REASONABLE
ACCOMMODATION TO MY
ESTABLISHED DISABILITY
PER ADA & SECTION 508

MC-06-41
CV-05-574
(CV-06-178)

REC/06
APR 27 2006

I AM REQUESTING THAT THE CLERK
PROVIDE ME A CON FORMED COPY
OF THIS URGENT MOTION, (BY
MAIL) AND THAT THE CLERK
ELECTRONICALLY FILE THIS
MOTION, AND ELECTRONICALLY
SERVE COPIES OF SAID
MOTION ON ALL PARTIES
TO THE REFERENCED ACTIONS.
THANK YOU FOR ACCOMMODATING
MY ESTABLISHED DISABILITY

DUNCAN J. MCMIEN
SPOKANE CO. JAIL
1100 W. MALLON
SPOKANE, WA 99260

MAR 24'06

$1.83
U.S. POSTAGE
PB METER
7148396

CLERK
US DISTRICT COURT
Lock Box 27
844 KING ST.
WILMINGTON, DE 19801

LEGAL MAIL